Exhibit A

JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       12 CIV 6758
------------------------------------------------------------X
ANU ALLEN,

          Plaintiff,                        COMPLAINT

-Against-



CHANEL, INC.,                             JURY TRIAL DEMANDED

          Defendant.
------------------------------------------------------------X

        Plaintiff, ANU ALLEN, on behalf of herself and all others similarly situated, by and through her attorneys THE LAW OFFICE OF CHRISTOPHER THOMPSON brings this action for damages and other legal and equitable relief against Defendant, CHANEL INC., ("CHANEL"), for unlawful discrimination and termination, unlawful employment practices and unlawful retaliation in violation of: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; (2) the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*; (3) the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*; and (3) the New York State Human Rights Law ("NYSHRL") N.Y. Exec. L. § 290, *et seq.*; and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

      1.    This action is brought by Plaintiff challenging acts committed by Defendant against Plaintiff amounting to violations of applicable law concerning employment discrimination, harassment and wrongful termination.

2.  Defendant committed violations of these laws by engaging in continuous and systemic actions of harassment and discrimination directed at the Plaintiff resulting in the unlawful retaliation of terminating her employment.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 *et seq*.

4.  The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that, and upon information and belief, Defendants maintain offices, conduct business and reside in this district.

6. Additionally, on or about May 10, 2012, Plaintiff filed a timely charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"). On or about June 6, 2012, the EEOC issued a Dismissal and Notice of Rights to Sue Plaintiff. As a result, Plaintiff has satisfied the statutory requirements for the filing of this action.

## PARTIES

7. Plaintiff resides in Bronxville, New York. Plaintiff is a forty-three (43) year old female of Asian/Indian descent. At all times hereinafter, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. 2000e, *et seq.*, 42 U.S.C. § 1981, *et seq.*, 29 U.S.C. § 621, *et seq.*, and N.Y. Exec. L. § 290, *et seq.*

8. Upon information and belief, Defendant, CHANEL is a corporation organized under the laws of the State of New York and has a principal place of business within New York County, New York. Upon information and belief, this Defendant employs over 200 individuals. Additionally, Defendant, CHANEL was and is an "employer" within the meaning of 42 U.S.C. 2000e, *et seq.*, 42 U.S.C. § 1981, *et seq.*, 29 U.S.C. § 621, *et seq.*, and N.Y. Exec. L. § 290, *et seq.*

## BACKGROUND

9. On or about May 10, 1993, plaintiff was hired by defendant as a full-time employee to work as the main executive receptionist at the corporate headquarters of defendant located on the 44th floor at Nine West 57th Street, New York, New York.

10. Upon information and belief, the main executive reception area was created to produce a perception of opulence, wealth, style and fashion with a young, beautiful and exotic appearing female receptionist as its centerpiece.

11. After working in this position as the main executive receptionist for a period of over seven (7) years plaintiff was transferred out of public view into the mailroom area with the title of Office Services Coordinator. After protesting about the location of her new office plaintiff was moved into the sales area on the 44th floor but still outside of public view.

12. After working in this position for approximately six (6) years plaintiff was once again transferred into a different building on the 7th floor at 15 East 57th Street, New York, New York with the title of Samples Coordinator for the Fashion Division of defendant. This position was held until February 29, 2012 when plaintiff was terminated by defendant.

13. Upon information and belief, defendant terminated plaintiff on the grounds that her position of Samples Coordinator for the Fashion Division had been eliminated and demanded that Plaintiff execute a general release agreement which Plaintiff refused to sign without making

4

chances which changes were made specifically retaining to Plaintiff the right to seek redress in this Court for the outrageous actions exercised against Plaintiff by Defendant.

14. Upon information and belief the Samples Coordinator for the Fashion Division is a position that still exists and the reason for the termination of plaintiff's termination was motivated by discriminatory practices routinely conducted within defendant's corporate governance.

15. Upon information and belief, defendant has routinely practiced age, race and sex discrimination against its employees including the plaintiff as well as former employees; Aimee Trralba, Timothy Doran, Richard Bleaman and Dominic McNally.

16. In addition to the wrongful termination of the plaintiff based upon her age, race and sex defendant intentionally terminated plaintiff in retaliation for her complaint in December 2011 to supervisor Stephanie Zernik about repeated discriminatory comments made to plaintiff by her boss, Suzanne Klein.

17. Specifically, and among other statements, on or about September 8, 2011, Suzanne Klein told plaintiff that it was clear; since she was not white, not married and getting old that she would be just another single-mother like all of the other minorities.

18. This comment followed another incident days earlier when in the presence of plaintiff Stephanie Zernik commented to Suzanne Klein that the company had too many Asian and minority workers and not enough Jewish Girls like them. The implication "like them"

5

meaning white with husbands and personal wealth and not dependent upon the income derived from their employment.

19. At all relevant times Plaintiff was qualified for her position with Defendant and performed her job duties in a most satisfactory manner.

20. During Plaintiff's employment with Defendant, Stephanie Zurnik, Suzanne Klien and other employees, agents and/or representatives of Defendant discriminated against Plaintiff regarding the terms, conditions and privileges of employment, and employment opportunities because of her race, age and sex. Moreover, Defendant harassed Plaintiff regarding her age, race and sexual orientation.

21. During Plaintiff's employment with Defendant, Plaintiff opposed objected to and/or complained of unlawful employment discrimination and harassment based on race, sex, age and unlawful employment practices.

22. Upon information and belief, Defendant did not investigate, nor did they take any remedial action in response to Plaintiff's opposition to, objection to and/or complaints about Defendant's unlawful discrimination and harassment.

23. Defendant ignored Plaintiff's opposition to, objections to and/or complaints about Defendants' unlawful discrimination and harassment, and continued to discriminate and harass Plaintiff.

24. Defendant unlawfully retaliated against Plaintiff opposing, objecting and/or complaining of unlawful discrimination and harassment, regarding terms, conditions and privileges of employment and employment opportunities. Ultimately, Defendant discharged Plaintiff because she engaged in such protected conduct.

25. Plaintiff advised Defendant of the discriminatory and harassing conduct on numerous occasions, the last being on or about December 2011. Upon information and belief, due to reporting the unlawful discrimination and harassment, Plaintiff was terminated from her employment.

26. Defendant knew or should have known of the unlawful discrimination and unlawful retaliation by Defendant and/or Defendants' employees against Plaintiff, yet Defendant took no action to stop or remedy such unlawful misconduct.

27. Upon information and belief, Defendant authorized their employees, either explicitly or impliedly, to engage in unlawful discrimination, workplace harassment and unlawful retaliation against Plaintiff.

28. Upon information and belief, Defendant's reason for terminating Plaintiff was a pretext to the unlawful discrimination and workplace harassment and constitutes unlawful retaliation for the within stated actions of Plaintiff.

29. Upon information and belief, Defendant intentionally discriminated against Plaintiff because of her race, sex and age with respect to compensation, terms, conditions and privileges of employment, and employment opportunities.

30. Upon information and belief, Defendant unlawfully retaliated against Plaintiff regarding compensation, terms, conditions and privileges of employment, resulting in her unlawful termination, due to Plaintiff engaging in protected activity.

31. Upon information and belief, Defendant failed to exercise reasonable care to prevent and/or correct Defendants' and/or Defendants' employees or agents unlawful discrimination and unlawful retaliation against Plaintiff.

32. Upon information and belief, Defendant have engaged in a pattern and practice of unlawful discrimination based on race, sex, age, unlawful employment practices and unlawful harassment and retaliation.

33. Upon information and belief, Defendants' unlawful discrimination, harassment and retaliation was carried out with malice or reckless indifference to Plaintiff and her protected rights to be free from discrimination, harassment and retaliation in the workplace.

## AS AND FOR A FIRST CAUSE OF ACTION
### For Violation of 42 U.S.C. § 2000e, *et seq.*

34. Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding paragraphs with the same force and effect as though fully set forth herein.

35. Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination and harassment in violation of 42 U.S.C. § 2000e, *et seq*.

36. In direct retaliation for Plaintiffs complaints of the aforementioned conduct, Defendants terminated Plaintiff's employment in violation of 42 U.S.C. § 2000e, *et seq.*

37. Defendants' conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff protected rights to be free from discrimination and retaliation.

38. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and personal reputation, impairment and damage to his good name and professional reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
### For Violation of 42 U.S.C. § 1981, *et seq.*

39. Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding paragraphs with the same force and effect as though fully set forth herein.

40. Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination and harassment in violation of 42 U.S.C. § 1981, *et seq.*

41. In direct retaliation for Plaintiffs complaints of the aforementioned conduct, Defendants terminated Plaintiff's employment in violation of 42 U.S.C. § 1981, *et seq.*

42. Defendants' conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff protected rights to be free from discrimination and retaliation.

43. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and personal reputation, impairment and damage to his good name and professional reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### For Violation of 29 U.S.C. § 621, *et seq.*

44.     Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding paragraphs with the same force and effect as though fully set forth herein.

45.     Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination, harassment and retaliation in violation of 29 U.S.C. § 621, *et seq.*

46.     In direct retaliation for Plaintiffs complaints of the aforementioned conduct, Defendants terminated Plaintiff's employment in violation of 29 U.S.C. § 621, *et seq.*

47.     Defendants' conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff protected rights to be free from discrimination and retaliation.

48.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and personal reputation, impairment and damage to his good name and professional reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### For Violation of N.Y. Exec. L. § 290, *et seq.*

49. Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding paragraphs with the same force and effect as though fully set forth herein.

50. Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination, harassment and retaliation in violation of N.Y. Exec. L. § 290, *et seq.*

51. In direct retaliation for Plaintiffs complaints of the aforementioned conduct, Defendants terminated Plaintiff's employment in violation of N.Y. Exec. L. § 290, *et seq.*

52. Defendants' conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff protected rights to be free from discrimination and retaliation.

53. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and personal reputation, impairment and damage to his good name and professional reputation, emotional distress, mental

anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. Demand a jury trial on these issues to determine liability and damages;

2. A judgment declaring that the practices complained herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*; and the New York State Human Rights Law ("NYSHRL") N.Y. Exec. L. § 290, *et seq.*

3. All damages Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

4. An award to the Plaintiff of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

5. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless and/or intentional where permissible under law;

6. Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

7. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: West Islip, New York
September 6, 2012

                                      Respectfully submitted,

                                      CHRISTOPHER THOMPSON, ESQ.
                                      *Attorney for Plaintiff*
                                      33 Davison Lane East
                                      West Islip, New York 11795
                                      (631) 983-8830

                                      By: _____
                                          Christopher Thompson (CT-9436)