UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANU ALLEN,                                                              ECF CASE

                            Plaintiff,                                   12-CV-6758

    -Against-

CHANEL, INC.,

                            Defendant.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT**

THE LAW OFFICES OF CHRISTOPHER THOMPSON
Christopher Thompson, ESQ. (CT-9436)
Attorney for Plaintiff – Anu Allen
33 Davison Lane East
West Islip, New York 11795
Tel: (631) 983-8830
Fax: (631) 983-8831

Dated: West Islip, New York
        December 4, 2012

# TABLE OF CONTENTS

PRELIMINARY STATEMENT …………………………………………………… 1

FACTUAL BACKGROUND ………………………………………………… 2

ARGUMENT …………………………………………………………………….. 3

    I.  LEGAL STANDARDS ………………………………………………….. 3
    II.  RELEASE IS ONLY A PARTIAL RELEASE …………………………….. 6
    III. DEFENDANT ACCEPTED TERMS OF THE PARTIAL RELEASE ……. 8
    IV. ATTORNEY FEES NOT WARRANTED …………………………….... 8

CONCLUSION ………………………………………………………………….. 9

# TABLE OF AUTHORITIES

**CASES** Page(s)

*2 Broadway LLC,*
   2001 U.S. Dist. LEXIS 4875, 2001 WL 410074, at *6 ……………… 6

*Allen v. WestPoint-Pepperell, Inc.,*
   945 F.2d 40, 44 (2d Cir. 1991) ……………………………………… 7

*Barkley v. Penn Yan Central School Dist.,*
   442 Fed. Appx. 581, 581 (2d Cir. 2011) ……………………………. 5

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) …….. 4

*Booth v. 3669 Delaware, Inc.,*
   92 N.Y.2d 934, 703 N.E.2d 757, 680 N.Y.S.2d 899 (1998) ………... 6

*Cal. Motor Transp. Co. v. Trucking Unlimited,*
   404 U.S. 508, 515, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972) ………… 3

*Chambers v. Time Warner, Inc.,*
   282 F.3d 147, 153 (2d Cir. 2002) …………………………………… 4

*Clark v. Buffalo Wire Works Co.,*
   3 F. Supp. 2d 366,371 (W.D.N.Y. 1998) …………………………... 8

*Consorcio Prodipe, S.A. de C.V. v. Vinci, S.A.,*
   544 F. Supp. 2d 178, 190 (S.D.N.Y. 2008) ………………………… 7

*Davis v. New York*,
   316 F.3d 93, 100 (2d Cir. 2002) …………………………………… 5

*Gallo v. Prudential Residential Services, Limited Partnership,*
   22 F.3d 1219; 1994 U.S. App. LEXIS 9137 (2d Cir. 1994 ……….. 6

*Groden v. Random House, Inc.,*
   61 F.3d 1045, 1052 (2d Cir. 1995) ………………………………….. 5

*Frasier v. Gen. Elec. Co.,*
   *930 F.2d 1004, 1007 (2d Cir. 1991)* ……………………………. 3

*In re G. & A. Books, Inc.,*
   770 F.2d 288, 294-95 (2d Cir. 1985), *cert. denied,* 475 U.S.
   1015 (1986) ……………………………………………………. 5

*Kay-R Elec. Corp. v. Stone & Webster Const. Co.*,
  23 F.3d at 58 (2d Cir. 1994) ………………………………… 7

*L & K Holding Corp. v. Tropical Aquarium at Hicksville, Inc.*,
  192 A.D.2d 643, 596 N.Y.S.2d 468, 469 (2d Dep't 1993) …….. 8

*Mangini v. McClurg*,
  24 N.Y.2d 556, 563, 249 N.E.2d 386, 301 N.Y.S. 2d
  508 (1969) …………………………………………………. 7

*Pallonetti v. Liberty Mut.*,
  No. 10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529, 2011 WL
  519407, at *2 (S.D.N.Y. Feb. 11, 2011) …………………….. 4

*Samuels v. Air Transp. Local 504*,
  992 F.2d 12, 15 (2d Cir. 1993) …………………………………. 4

*Sheppard v. Beerman*,
  18 F.3d 147, 150 (2d Cir. 1994) ……………………………….. 3

*Thailer v. LaRocca*,
  174 A.D.2d 731, 571 N.Y.S.2d 569, 571 (2d Dep't 1991) ….. 7

*Vigilant Insurance Co. v. ADT Security Services, Inc.*,
  2011 U.S. Dist. LEXIS 25355 ……………………………….. 4

*Worth Constr. v. ITRI Masonry Corp.*,
  No. 98 Civ. 2536, 2001 U.S. Dist. LEXIS 2144, 2001 WL
  209924, at *5 (S.D.N.Y. Feb. 21, 2001) …………………….. 6

**STATUTES**

  N.Y. Gen. Oblig. Law § 15-303 (McKinney's 1989) ………….. 8

**OTHER AUTHORITIES**

  Fed. R. Civ. P. 12(b)(6) ……………………………………. 1,3,4

  Fed. R. Civ. P. 12(c) ……………………………………… 1,3,4

  Fed. R. Civ. P. 12(d) ……………………………………….. 4

  Fed. R. Civ. P. 15 …………………………………………… 4

  Fed. R. Civ. P. 56 …………………………………………… 5

Plaintiff Anu Allen ("Ms. Allen") respectfully submits this Memorandum of Law in opposition to Defendant, Chanel, Inc.'s ("Chanel's"), motion to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(c) and Chanel's request for a stay of this proceeding pending resolution of the issue as to whether Ms. Allen released the claims asserted in her Complaint when she executed a separation and release agreement with Chanel. Defendant's motion must be **denied.**

## PRELIMINARY STATEMENT

Ms. Allen was employed by Chanel for a period in excess of nineteen (19) years. Her employment was terminated in late February 2012. Ms. Allen does not deny having executed a Separation and Release Agreement ("Agreement"). However, Ms. Allen denies having released Chanel of her claims for employment discrimination, harassment and retaliation. Specifically, Ms. Allen caused the language of the Agreement to be modified to preserve these rights as a condition of the release. Ms. Allen was instructed in the Agreement at paragraph "10" to consult with an attorney before signing the Agreement – which she did – and executed the Agreement with modifications to the language of the Agreement. Ms. Allen returned the Agreement within twenty-one (21) days as directed in the Agreement. It is important to note Ms. Allen initialed each of pages 1-6 and signed page 7 of the Agreement. In addition, Ms. Allen placed a yellow stick-um on page 3 of the Agreement at paragraph "4" to alert Chanel of her changes. Chanel never objected to the change and forward payment within fifteen (15) days after the "Effective Date". Until the filing of this motion Chanel has never indicated their disagreement with the modified Agreement –and only Agreement – executed by Ms. Allen.

Although Chanel – through their counsel now claims the modification of the Agreement preserving Ms. Allen's right to pursue her claims for employment discrimination, harassment and retaliation was a "unilateral, deceptive alteration" and "fraudulent conduct" such bald and conclusory statements bely the facts. The Court need not look beyond the four-corners of the Agreement to discern that this Agreement is a partial release only and plaintiff's claims for employment discrimination, harassment and retaliation was intended and must remain fully intact.

## FACTUAL BACKGROUND

There is no dispute Ms. Allen was employed by Chanel from on or about May 10, 1993 to on or about February 29, 2012.

For purposes of this motion to dismiss, Ms. Allen agrees that on February 28, 2012 she was presented with a written document entitled "Separation and Release Agreement". The Agreement does not state it cannot be modified and Ms. Allen was never told the Agreement was non-modifiable. Even if we were to agree with defendant that "The Release Agreement repeatedly and explicitly states, *inter alia*, that Chanel would provide certain consideration, including nineteen weeks of severance pay, to Plaintiff in exchange for Plaintiff's release of claims against Chanel", it does not claim to be in exchange for Plaintiff's release of ALL claims against Chanel.

At issue are changes to the Agreement made by plaintiff which defendant now for the first time raises as a basis for the dismissal of this action. The only Agreement signed by Ms. Allen specifically releases Chanel from all claims: "**excluding,** but not limited to, claims of discrimination and harassment on the basis of race, color, national origin, religion, sex, sexual orientation, age, disability and any other legally protected characteristic, claims under the New York State and City Human Rights Laws, New York Labor Law, and Age Discrimination in Employment Act ("ADEA"(, the Older Workers Benefit Protection Act ("OWBPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Act of 1991, the Civil Rights Act of 1866, the Americans with Disabilities Act, ("ADA"), the Employees Retirement Income Security Act of 1974 ("ERISA") (including claims for accrued, vested benefits under any employee benefit plan of the Company in accordance with the terms of such plan and applicable law), the Workers Adjustment and Retraining Notification Act (WARN"), the National Labor Relations Act ("NLRA"), the Family & Medical Leave Act ("FLA") (all as amended) and all other federal, state and local discrimination, labor and wage laws, claims for discrimination, harassment and/or retaliation in employment, as well as claims for breach of contract, wrongful discharge, constructive discharge, retaliation, whistleblower

retaliation, defamation, negligence or intentional torts, wages or benefits, including but not limited to bonuses and other compensation, emotional distress, bodily injury, punitive damages, attorneys' fees and costs, and any and all claims under any contract, statute, regulation, agreement duty or otherwise."

It is respectfully submitted the terms of the Agreement anticipate the possibility of modification by their invitation at paragraph "10" to Ms. Allen to "consult with an attorney of [her] choice" and the delay in payment of the consideration recited in the Agreement for a period of fifteen (15) days after the "Effective Date" (defined as the eighth (8th) day after Ms. Allen signs it). Thus, defendant was given ample time to review the Agreement prior to its decision to forward the payment set forth therein.

In a nutshell, plaintiff – after consulting an attorney – modified the Agreement to preserve her right to commence an action for employment discrimination, harassment and retaliation. Defendant did not object to this modification although it retained to itself ample time to review the document once executed and before its obligation to make payment. Its apparent failure to read the Agreement – as modified – before making the payment is nothing more than a lack of due diligence on their part and in any event since New York law applies is nonetheless binding as no consideration is required for a release, or in this case a partial release to be given full force and effect.

## ARGUMENT

I.  **LEGAL STANDARDS**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See* <u>Sheppard v. Beerman</u>, 18 F.3d 147, 150 (2d Cir. 1994). Accordingly, when issuing a judgment on the pleadings, "the court is required to accept the material facts alleged in the complaint as true." <u>Frasier v. Gen. Elec. Co.,</u> *930 F.2d 1004, 1007 (2d Cir. 1991).* A court is also required to read a complaint generously, drawing all reasonable inferences from its allegations in favor of the plaintiff. *See* <u>Cal. Motor Transp. Co. v. Trucking Unlimited,</u> 404 U.S. 508, 515, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972).

In *Vigilant Insurance Co. v. ADT Security Services, Inc.,* 2011 U.S. Dist. LEXIS 25355, the Court held: "The purpose of Rule 12(c) motions is to test the legal sufficiency of a plaintiff's complaint, and the court's inquiry is limited to whether plaintiff pleads sufficient facts to state claim for relief that is plausible on its face." (citing, *Pallonetti v. Liberty Mut.,* No. 10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529, 2011 WL 519407, at *2 (S.D.N.Y. Feb. 11, 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Thus, the plaintiff is obliged to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Here, defendant argues that although plaintiff did not execute their release but rather executed a release specifically reserving to herself the right to commence an action for employment discrimination, harassment and retaliation that she should nonetheless be barred from pursuing this action and be bound to a version of the Agreement defendant concedes plaintiff did not sign. Moreover, defendant makes no claim with respect to the sufficiency of the allegations of the complaint but rather focuses its attack on the validity of a release not signed by Plaintiff. If defendant were to have attacked the sufficiency of the Complaint, Plaintiff would have moved the Court to Replead under Fed. R. Civ. P. 15.

It is respectfully suggested that the Court must first determine whether, in deciding the motion, it will rely upon the two versions of the Agreements proffered by defendant as exhibits not attached to the Complaint. Generally, on a Rule 12(b)(6) motion, the Court may only consider the factual matter set forth in the body of the complaint or attached thereto. Rule 12(d), Fed. R. Civ. P. However, a court may also consider documents incorporated by reference into the complaint, and matters of which judicial notice may be taken. *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). Additionally, a court may consider a document "where the complaint relies heavily upon its terms and effect, [thus] render[ing] the document integral to the complaint." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002). It is curious how defendant expects the Court to buy into their argument that the Court should consider these external documents not referenced in the Complaint.

There can be no dispute in the instant case, defendant makes no attack of the pleadings but rather seeks the dismissal of this case on the question of whether plaintiff executed a release which specifically, when executed, retained to plaintiff the right to commence an action for employment discrimination, harassment and retaliation. As such, it appears the proper standard is not whether plaintiff has stated a cause of action upon which relief can be granted but whether Summary Judgment is appropriate in light of the execution of a partial release in which case a similar yet different standard is required.

A court may convert a motion to dismiss into a motion for summary judgment under Rule 56, Fed. R. Civ. P., when "matters outside the pleading are presented to and not excluded by the court." Rule 12(b), Fed. R. Civ. P. A district court may not so convert a motion under Rule 12(b), however, "without sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052 (2d Cir. 1995) (citing *In re G. & A. Books, Inc.,* 770 F.2d 288, 294-95 (2d Cir. 1985), *cert. denied,* 475 U.S. 1015 (1986)).

Summary judgment is proper only "if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that judgment [is] warranted as a matter of law." *Barkley v. Penn Yan Central School Dist.,* 442 Fed. Appx. 581, 581 (2d Cir. 2011). "Although the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists, the non-moving party nonetheless must come forward with specific facts showing that there is a genuine issue of material fact for trial." *Id*. Reliance on conclusory statements or mere allegations is not sufficient to defeat a motion for summary judgment. *Id.* (citing *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002)). "In addressing a motion for summary judgment as to employment discrimination claims, "[a] trial court must be cautious about granting summary judgment to an employer when . . . its intent is in issue," and "affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Barkley v. Penn Yan Central School District,* 442 Fed. Appx. 581; 2011 U.S. App. LEXIS 18535(2d Cir. 2011) (citing, *Gallo*, 22 F.3d at 1224). "…the trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any

genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Services, Limited Partnership,* 22 F.3d 1219; 1994 U.S. App. LEXIS 9137(2d Cir. 1994).

Regardless of the standard applied this Court can only reach the conclusion that plaintiff has not executed a release barring her claims against defendant for employment discrimination, harassment and retaliation and as such the within motion must be denied.

## II. RELEASE IS ONLY A PARTIAL RELEASE

It is undisputed that employees may be bound to waivers of claims that they might have otherwise asserted against their former employers, and that public policy in fact favors informal settlement of employment claims. However, in each and every case cited by defendant wherein an employer sought to uphold the terms of a release against their former employee that employee in each instance had executed a release which **included** the release of their claims for discrimination, harassment and retaliation. Here, the opposite is true. Here, plaintiff before executing a release specifically retained to herself the right to commence an action for discrimination, harassment and retaliation rendering the Agreement a partial release only.

The parties cannot dispute that the Agreement is to be construed under New York law, to the extent New York law does not conflict with federal law. Paragraph "9" of the Agreement states: "This Agreement shall be construed and enforced in accordance with federal law to the extent applicable or, to the extent federal law is not applicable, the laws of the State of New York, without giving effect to principals of conflict of laws."

In New York, where "the language of a release is clear and unambiguous . . . [it] should be enforced according to its terms." *Booth v. 3669 Delaware, Inc.,* 92 N.Y.2d 934, 703 N.E.2d 757, 680 N.Y.S.2d 899 (1998). A release is therefore binding on the parties absent a showing of fraud, duress, undue influence, or another valid legal defense. *See 2 Broadway LLC,* 2001 U.S. Dist. LEXIS 4875, 2001 WL 410074, at *6 (*citing Worth Constr. v. ITRI Masonry Corp.,* No. 98 Civ. 2536, 2001 U.S. Dist. LEXIS 2144, 2001

WL 209924, at *5 (S.D.N.Y. Feb. 21, 2001) ("Since a release is a 'jural act of high significance without which the settlement of disputes would be rendered all but impossible . . . the traditional bases for setting aside written agreements, namely duress, illegality, fraud or mutual mistake, must be established or else [it] stands'") (alterations in original) (quoting *Mangini v. McClurg*, 24 N.Y.2d 556, 563, 249 N.E.2d 386, 301 N.Y.S. 2d 508 (1969)).

It is noteworthy that defendant has not demonstrated no less asserted that the Agreement signed by plaintiff should be set aside or rescinded due to duress, illegality, fraud or mutual mistake. It is as noteworthy that regardless of whether Ms. Allen were to sign the Agreement − in either version − she was entitled to compensation under the terms of paragraph "2" of the Agreement which states: "You will be paid your regular wages up to and including the Termination Date. You will also be paid for any vacation time that you have accrued but not used as of the Termination Date in accordance with Company policy. These payments, which will be subject to applicable taxes and withholdings, shall be provided regardless of whether you sign this Agreement."

A court may rescind the release "where it finds either mutual mistake or one party's unilateral mistake coupled with some fraud." *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991). To rescind a liability release based upon mutual mistake, the party urging rescission must show: (1) that both parties to the release shared the same erroneous belief as to a material fact; and (2) that their acts did not in fact accomplish their mutual intent. However, under New York law, "all the facts and circumstances of the claims being released need not be disclosed in order for a release to be valid and enforceable*." Consorcio Prodipe, S.A. de C.V. v. Vinci, S.A.,* 544 F. Supp. 2d 178, 190 (S.D.N.Y. 2008). A release will not be rescinded for mutual mistake based upon "mere ignorance of a possible action for breach." *Allen,* 945 F.2d at 46. Clearly, defendant has not sought rescission because it is not entitled to such relief.

"'Where . . . the language with respect to the parties' intent is clear and unambiguous, it will be given effect, regardless of one party's claim that he intended something else.'" *Kay-R Elec. Corp. v. Stone & Webster Const. Co.,* 23 F.3d at 58 (2d Cir. 1994), *quoting Thailer v. LaRocca,* 174 A.D.2d 731, 571 N.Y.S.2d 569, 571 (2d

Dep't 1991). Further, "a release will not be treated lightly and will be set aside by a court only for duress, illegality, fraud, or mutual mistake." *L & K Holding Corp. v. Tropical Aquarium at Hicksville, Inc.,* 192 A.D.2d 643, 596 N.Y.S.2d 468, 469 (2d Dep't 1993). Finally, consideration is not a prerequisite to the enforcement of a written release. *Kay-R Electric,* 23 F.3d at 59, *citing* N.Y. Gen. Oblig. Law § 15-303 (McKinney's 1989).

**III.     DEFENDANT ACCEPTED THE TERMS OF THE PARTIAL RELEASE**

Contrary to the assertion of defendant, this is not a case where inconsistent clauses in a contract exist such that they cannot stand together. The fact remains that Plaintiff did not sign the Agreement presented by defendant but rather a modified version of said agreement after consulting with counsel of her choice. The same case cited by defendant in support of ratification applies best for Plaintiff's position citing *Clark v. Buffalo Wire Works Co.,* 3 F. Supp. 2d 366,371 (W.D.N.Y. 1998) ("Ratification is an act by which an otherwise voidable and, as a result, invalid contract is confirmed, and thereby made valid").

Here, defendant after having presumably failed to read the modified Agreement tendered payment to Plaintiff – a payment which included monies due her in the first instance – regardless of her signature on the Agreement. The decision and consequences of defendants decision to not exercise due diligence should not be imputed to the Plaintiff but rather the Defendant.

**IV.     ATTORNEY FEES NOT WARRANTED**

Defendant relies upon two (2) cases in support of their request for payment of attorney fees. In the unlikely event this Court grants Defendant's motion to dismiss it is respectfully submitted that the facts of this case are clearly distinguishable from the cases cited by defendant. Here, Plaintiff has detailed her belief that she has not executed a release of all claims against her former employer. Defendant had ample time to review the executed document before tendering payment – a portion of which Plaintiff was

entitled regardless of her signature – and chose to make such payment regardless of the modification of the Agreement.

## CONCLUSION

For the foregoing reasons, Chanel's motion must be denied and plaintiff should have such other and further relief as is just and proper.

Dated: West Islip, New York
December 4, 2012

                                  Respectfully Submitted,

                              By: ___*Christopher Thompson, Esq.*___
                                  Christopher Thompson, ESQ. (CT2709)
                                  ctalawman@aol.com
                                  33 Davison Lane East
                                  West Islip, New York 11795
                                  1 (631) 983-8830
                                  *Attorney for Plaintiff*