UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                          :

ANU ALLEN,                                    :
                                          : **ECF CASE**
                        Plaintiff,    :
                                          : 12-CV-6758
         - against -            :

CHANEL, INC.,                   :

                       Defendant.  :
-----------------------------------------------------------x


# CHANEL, INC.'S REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT


Dated: New York, New York
       December 10, 2012




Lorie E. Almon (LA-4937)
Mary E. Ahrens (MA-2378)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Chanel, Inc.*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................3

I.      Plaintiff Released Her Claims Against Chanel ..................................................................3

II.     Plaintiff's Arguments Fail..................................................................................................5

        A.      Plaintiff's Argument That the Altered Release Agreement Contains a Partial Release Is Misleading and False ..................................................................5

        B.      Plaintiff's Argument That the Release Agreement Anticipated Modification Is Misleading and Inconsistent With its Terms................................7

        C.      Plaintiff's Argument That Chanel Was not Diligent Is Unavailing........................8

III.    In The Alternative, The Court Should ORder Limited Discovery As To Whether Plaintiff Released Her Claims............................................................................9

IV.    Chanel Is Entitled To Its Reasonable Attorneys' Fees ....................................................10

CONCLUSION ............................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Banko Co. v. Starrett Housing Corp.*,
   1991 U.S. Dist. LEXIS 14659 (S.D.N.Y. Oct. 10, 1991) .......................................................... 8

*Buchwald Capital Advisors LLC v. JPMorgan Chase Bank*,
   2012 U.S. Dist. LEXIS 142309 (S.D.N.Y. Sept. 30, 2012) ...................................................... 9

*Cefali v. Buffalo Brass Co.*,
   748 F. Supp. 1011 (W.D.N.Y. 1990) ..................................................................................... 10

*Clifford v. HBO, Inc.*,
   2009 U.S. Dist. LEXIS 43352 (E.D.N.Y. May 18, 2009) ......................................................... 3

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991) ....................................................................................................... 3

*McChesney v. Hogan*,
   2010 U.S. Dist. LEXIS 91681 (N.D.N.Y Aug. 11, 2010) ......................................................... 4

*New Image Roller Dome, Inc. v. Travelers Indem. Co.*,
   310 F. App'x 431 (2d Cir. 2009) .............................................................................................. 3

*Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*,
   869 N.Y.S.2d 511 (1st Dep't 2008) .......................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 3

Fed. R. Civ. P. 12(c) ....................................................................................................................... 1

Defendant Chanel, Inc. ("Chanel" or "Company") respectfully submits this Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff Anu Allen's ("Plaintiff") Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(c) or, in the alternative, to order limited discovery on the issue as to whether Plaintiff released the claims asserted in her Complaint by executing a separation and release agreement with Chanel and to otherwise stay the litigation pending resolution of that issue.

## **PRELIMINARY STATEMENT**

Even assuming that the factual allegations in the Complaint are true, Plaintiff fails to state a claim upon which relief may be granted because she relinquished her right to prosecute claims against Chanel by signing the Altered Release Agreement. For purposes of this Motion, the issue is whether Plaintiff's unilateral modification of one page of the Release Agreement eliminates her release of claims against Chanel. It does not. Plaintiff's modification to the Release Agreement has no material effect on Plaintiff's release of claims because the release clauses in Paragraph 3 of the Agreement trump the inconsistent (and fraudulently modified) language in Paragraph 4, rendering "the only plausible reading of the contract as a whole." Moreover, the Agreement expressly states that it can be "modified only by a writing signed by both parties," and Plaintiff does not contend (nor could she) that Chanel signed the Altered Release Agreement. Therefore, Plaintiff's Complaint should be dismissed.

In her Memorandum of Law in Opposition to Defendants' [sic] Motion to Dismiss Plaintiffs' Complaint ("Opposition" or "Pl. Opp."), Plaintiff ignores these dispositive arguments as to the inconsistency between the general release language and her alteration of Paragraph 4. Instead, she conclusorily states that "this is not a case where inconsistent clauses in a contract exist such that they cannot stand together." Pl. Opp. at 8. In fact, this is precisely such a case, as

explained in detail in Chanel's Motion. *See* Def. Mem. 11-13. Further, Plaintiff's factual allegations, taken as true, do nothing to rebut this argument. Plaintiff does not deny that Chanel signed the Release Agreement prior to giving it to her in hard copy. She admits that she "caused the language of the [Release] Agreement to be modified," Pl. Opp. at 1, and does not assert that she discussed the revisions with Chanel or that Chanel signed the Altered Release Agreement.

In her Opposition, Plaintiff asserts a new factual allegation not included in the Complaint: she allegedly placed a one-inch "sticky note" on the Agreement identifying her change (although this seems highly inconsistent with her re-typing the entire third page of the Agreement in the same font and substituting it for the original page; if she wanted the change to be noticed, she simply could have written her proposed change on the original Release Agreement and initialed it). Plaintiff does not allege that anything was written on the sticky note. Even assuming that there was a sticky note on the Agreement when Chanel received it (and there was not), it is irrelevant. Legally, the sticky note has no effect on the fact that the release clauses in Paragraph 3 trump the inconsistent language in Paragraph 4. And, as a practical matter, even if true, placing a blank, one-inch sticky note on the Altered Release Agreement was not adequate notice to Chanel that Plaintiff had made changes to the Agreement, especially where Plaintiff's nearly undetectable key modification (changing the word "excluding" to "including"), if given effect, eviscerates the <u>entire</u> general release and deprives Chanel of all consideration. Finally, Plaintiff does not deny that she accepted and retained consideration provided to her by Chanel, including nineteen weeks of pay and additional health benefits, thereby ratifying the Agreement and precluding her from arguing that it is voidable.

It is beyond the pale for Plaintiff to fraudulently and surreptitiously modify the Agreement, accept the significant consideration proffered to her by Chanel in return for her full

release of claims, and then force Chanel to defend released claims in this action. Chanel respectfully requests that the Court grant its Motion, dismiss Plaintiff's Complaint in its entirety with prejudice and award to Chanel its attorneys' fees and costs in defending this action or, in the alternative, order limited discovery on the issue as to whether Plaintiff released the claims asserted in the Complaint by executing the Release Agreement (despite her efforts to deprive Chanel of the benefit of its bargain thorough deceptive means) and otherwise stay the litigation.

**ARGUMENT**[1]

**I. PLAINTIFF RELEASED HER CLAIMS AGAINST CHANEL**

Plaintiff fails to state a claim upon which relief may be granted because she released her claims against Chanel by executing the Altered Release Agreement.[2] Resolution of this Motion is grounded on a purely legal issue; *i.e.* whether Plaintiff's modification to Paragraph 4 had a material effect on her release of claims. As set forth in the Motion, Def. Mem. 9-13, the release clauses in Paragraph 3 trump the inconsistent (and fraudulently modified) language in Paragraph 4. In her Opposition, Plaintiff does not even attempt to rebut this argument. Instead, she merely asserts that "this is not a case where inconsistent clauses in a contract exist such that they cannot stand together," yet fails to provide any facts, law or argument, let alone any credible argument, to support her conclusory statement. Pl. Opp. at 8. In contrast, Chanel set forth factual and legal

---

[1] In her Opposition, Plaintiff discusses whether the Court will convert the instant Motion to a motion for summary judgment. Pl. Opp. 5-6. For the reasons stated herein, Chanel maintains that this Motion is properly brought and should be resolved under Fed. R. Civ. P. 12(b)(6) and/or 12(c). *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

[2] Plaintiff also argues that the Court should not consider the Release Agreement or the Altered Release Agreement because she purportedly did not reference them in her Complaint. Pl. Opp. at 4. As set forth in the Motion, Def. Mem. 8-9, the Court properly may consider these documents, which were in fact referenced in the Complaint. *See* Compl. at ¶ 13; *see also, New Image Roller Dome, Inc. v. Travelers Indem. Co.*, 310 F. App'x 431, 432 (2d Cir. 2009) (properly considered the release agreement referred to in the complaint on a motion to dismiss); *Clifford v. HBO, Inc.*, 2009 U.S. Dist. LEXIS 43352, at *7 (E.D.N.Y. May 18, 2009) (same).

support showing that the clauses are inconsistent and why the release clauses in Paragraph 3 control. Def. Mem. at 9-13.

Rather than rebutting Chanel's argument, the factual allegations set forth by Plaintiff in her Complaint and Opposition support it: (1) Plaintiff does not deny that Chanel gave her a signed, hard copy of the Release Agreement, Pl. Opp. at 2; (2) she admits that she "caused the language of the [Release] Agreement to be modified", Pl. Opp. at 1; (3) she admits that she executed the Altered Release Agreement, Comp. at ¶ 13, Pl. Opp. at 1; (4) she does not assert that she discussed the revisions with Chanel or that Chanel was otherwise aware of the revisions; and (5) she does not assert that Chanel signed the Altered Release Agreement.

In the declaration submitted in support of her Opposition, Plaintiff asserts a new factual allegation that she did not include in the Complaint: she placed an apparently unsigned "sticky note" on the Agreement. Pl. Opp., Ex. A at ¶ 5. As an initial matter, Plaintiff did not sign her purported declaration and therefore failed to submit any admissible evidence. Pl. Opp., Ex. A at p. 2; S.D.N.Y.'s Elec. Case Filing Rules and Regulations R. 13.16 (non-attorney signatures must be scanned ink signatures); *McChesney v. Hogan*, 2010 U.S. Dist. LEXIS 91681, at *6 n.6. (N.D.N.Y Aug. 11, 2010) (unsigned declaration not admissible). While Chanel disputes this claim, it is irrelevant. Even if true, placing a blank, one-inch piece of paper on the Agreement, which provides for thousands of dollars in consideration for the release of all of Plaintiff's claims, would not have been adequate notice to Chanel that Plaintiff had made changes to the agreement, let alone a change that purportedly deprives Chanel of the entire benefit of its bargain. Even if the declaration could be considered as evidence (which it is not, *see* R. 13.16), it does not assert that Plaintiff placed a sticky note wherever changes were made. She claims that she placed a sticky note "on page 3 line 13 where changes to the Agreement were made,"

which leaves an incorrect implication that she placed a sticker in the *only* place where changes were made. *Id.* In fact, as shown by the comparison attached to the Almon Declaration, other changes were made to that same page when Plaintiff retyped the whole paragraph that likewise make little sense. *See,* Almon Dec., Ex. D attached to Motion.

Finally, as set forth in the Motion, Plaintiff is precluded from arguing that the Altered Release Agreement is voidable because she ratified it by accepting and retaining the consideration provided to her by Chanel. *See* Def. Mem. at 13-14. Again, in her Opposition, Plaintiff fails to even address, let alone adequately rebut, this argument.

## II.  PLAINTIFF'S ARGUMENTS FAIL

In response, Plaintiff raises several points that are not relevant and/or misstate the law.

### A.  Plaintiff's Argument That the Altered Release Agreement Contains a Partial Release Is Misleading and False

To refute Chanel's logical position that it would never have knowingly issued payment to Plaintiff in exchange for no consideration, Plaintiff argues that the Altered Release Agreement contains a partial release, if not a complete one. *See, e.g.*, Pl. Opp. at 1 ("The Court need not look beyond the four-corners of the Agreement to discern that this Agreement is a partial release . . ."); 2 ("The Release Agreement . . . does not claim to be in exchange for Plaintiff's release of ALL claims against Chanel") (emphasis in original). This argument belies common sense.[3]

Paragraph 4 of the Altered Release Agreement, as modified by Plaintiff, does not in fact discharge any type of claim. It states, in relevant part:

> General Release of Claims. For and in consideration of the payments and benefits to be provided to you under Paragraph 3 above, you . . . hereby forever release and discharge the Company . . . from any and all claims, demands, causes of

---

[3]  To the extent Plaintiff alleges that the release clauses in the Release Agreement constituted a partial release, such a claim is inaccurate. The release clauses therein can be considered complete releases because they exclude only those claims that <u>must</u> be excluded as a matter of law. Release Agreement at ¶¶ 3-4.

> action and liabilities of any kind whatsoever, . . . **excluding, but not limited to,** [identified claims] . . . **and any and all claims under any contract, statute, regulation, agreement, duty or otherwise.** Excluded from the foregoing release of claims above are [additional identified claims].

Altered Release Agreement at p. 3, ¶ 4 (emphasis added). The paragraph, as modified, states that "any and all claims under any contract, statute, regulation, agreement, duty or otherwise" are excluded from the general release and, moreover, that the claims that are excluded from the release are not even limited to the listed claims. In the Altered Release Agreement, Plaintiff did not -- and cannot -- identify a single claim that is *not* excluded from the general release provision. Therefore, Plaintiff's modification of paragraph 4 eviscerates the entire general release provision, does not reserve a single cause of action, and thus, if given effect, would provide nothing to Chanel in exchange for its bargain. *Id.*

In addition, even if Plaintiff's modifications to the Release Agreement left any potential claims, Plaintiff's assertions that the parties' intention to create a "partial release only" is evident from the "four-corners of the Agreement" and that Plaintiff's retention of "claims for employment discrimination, harassment and retaliation was intended" are absurd. Pl. Opp. at 1. Both the Release Agreement that Chanel gave to Plaintiff and the Altered Release Agreement signed by Plaintiff state that Chanel's consideration to Plaintiff was necessarily in exchange for a general release of claims. *See, e.g.,* Release Agreement at p. 1 (entitled "Separation and Release Agreement") and Altered Release Agreement at p. 1 (same); Release Agreement at p. 1-2, ¶ 3 ("In return for your signing (and not revoking) this Agreement, which contains a general release of claims ("Release") . . . You agree that the payments and benefits provided to you in this Paragraph 3: . . . are in full discharge of any and all of the Company's liabilities and obligations to you, whether written or oral . . . You further acknowledge and agree that the consideration set forth in this Paragraph 3 is adequate and complete consideration for your promises and

undertakings under this Agreement, including, but not limited to, your release of claims as set forth in Paragraph 4.") and Altered Release Agreement at p. 1-2, ¶ 3 (same).[4]

### B. Plaintiff's Argument That the Release Agreement Anticipated Modification Is Misleading and Inconsistent With its Terms

Plaintiff argues that the Release Agreement fails to state that it cannot be modified and that Plaintiff was not told that the Agreement was non-modifiable. Pl. Opp. at 2. Plaintiff also theorizes that the Agreement anticipates modification through the provision advising Plaintiff to consult with an attorney and its 15-day payment period provision. Pl. Opp. at 3. Given that the Release Agreement in fact includes an express modification clause, the plain language of the Agreement trumps any speculation by Plaintiff. *See Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*, 869 N.Y.S.2d 511, 516 (1st Dep't 2008).

Here, the Release Agreement explicitly provides that "This Agreement . . . may be modified only by a writing signed by both parties." Release Agreement at p. 6, ¶ 9. Further, the final paragraph states: "If you agree with the terms and conditions of this Agreement, please sign and date it." Therefore the plain language of the Agreement anticipates that either: (1) Plaintiff would sign and date the Agreement as is, if she agreed with the terms and conditions; or (2) the parties would modify the Agreement only through a subsequent writing that would be signed by both parties. The alternative that Plaintiff used -- surreptitiously modifying the Agreement on her own in such a way that utterly fails to notify Chanel that any changes were made to the document -- certainly cannot be found anywhere in the plain language of the Release Agreement. Further, Chanel did not sign the Altered Release Agreement after the modification, and thus the

---

[4] Plaintiff notes that Chanel's final payment to her included vacation time, Pl. Opp. 8-9. This is irrelevant to the instant Motion. The Agreement explicitly states that Chanel would: (1) pay Plaintiff for accrued wages and accrued, unused vacation time regardless of whether Plaintiff signed the Agreement, Altered Release Agreement at ¶ 2; and (2) provide Plaintiff with additional consideration, if Plaintiff released her claims against Chanel, *id.* at ¶ 3.

7

modification is not valid or binding. *Banko Co. v. Starrett Housing Corp.*, 1991 U.S. Dist. LEXIS 14659, at *12 (S.D.N.Y. Oct. 10, 1991) (plaintiff's unilateral change cannot modify the agreement, which states that it cannot be modified except in a writing signed by both parties). Rather, the execution of the Agreement by Plaintiff means she accepted the terms proposed.

### C. Plaintiff's Argument That Chanel Was not Diligent Is Unavailing

Plaintiff claims that Chanel should be punished for its alleged "lack of due diligence" by not reviewing the Altered Release Agreement word for word after Plaintiff submitted it. Pl. Opp. at 3. Under the circumstances, however, Chanel had no reason to believe that the hard copy agreement that Plaintiff submitted was not the same hard copy agreement that had been given to her.[5] Plaintiff does not dispute that Chanel gave Plaintiff the Release Agreement in hard copy, or that Chanel had already signed the document when it was given to her. The Agreement noted that any modifications had to be in writing and signed by both parties. Release Agreement at p. 6, ¶ 9. It also stated that Plaintiff should sign and date the Agreement if she agreed with its terms and conditions. *Id.* at p. 7. When Plaintiff gave Chanel the executed Altered Release Agreement, it appeared that Plaintiff had signed and dated the Release Agreement, as per its terms. Plaintiff does not allege, nor could she, that she asked Chanel to execute her proposed version nor is it plausible that Chanel would have done so. Plaintiff does not assert that the parties had any discussions regarding any modifications to the Agreement or that they prepared the Altered Release Agreement together. Therefore, there was no reason for Chanel to believe that the Altered Release Agreement was anything other than the same hard copy Release Agreement that it had proffered to Plaintiff. Chanel should not be punished for Plaintiff's

---

[5] In her Opposition, Plaintiff notes that she initialed each page of the Altered Agreement. Pl. Opp. at 1, Pl. Opp., Ex. A at ¶ 5. This is irrelevant. Had she initialed each of her changes in the margins, such efforts may have alerted Chanel to those changes. However, Plaintiff's initials in the lower right-hand corners of the pages do nothing to signal that changes were made to the document.

fraudulent and deceitful actions, and Plaintiff should not be rewarded for them.

Finally, Plaintiff's theory that Chanel knowingly accepted Plaintiff's modifications, and then provided substantial consideration to her in exchange for nothing of value, is completely far-fetched and implausible. *Buchwald Capital Advisors LLC v. JPMorgan Chase Bank*, 2012 U.S. Dist. LEXIS 142309, at *19, 23 (S.D.N.Y. Sept. 30, 2012) (upholding a partial dismissal where the "Appellant's contention . . . requires an inference that is highly implausible, bordering on the absurd"). Plaintiff in fact asserts that "[u]ntil the filing this motion Chanel has never indicated their [sic] disagreement with the modified Agreement" and that "[a]t issue are changes to the Agreement . . . which defendant now for the first time raises as a basis for the dismissal of this action." Pl. Opp. at 1-2. Taken as true, the fact that Chanel raised this issue <u>after</u> the filing of the Complaint further supports its argument that it was unaware of Plaintiff's modifications until that time.

### III. IN THE ALTERNATIVE, THE COURT SHOULD ORDER LIMITED DISCOVERY AS TO WHETHER PLAINTIFF RELEASED HER CLAIMS

There is no validity to the claim that the parties must engage in discovery to resolve this issue. To the extent Plaintiff argues that there is an issue of fact as to whether Chanel was aware of Plaintiff's modifications to the Agreement when it provided the consideration to her, such a theory is so fantastical that it is not worthy of discovery and the Court's and the parties' time and resources. *See Buchwald Capital Advisors LLC*, 2012 U.S. Dist. LEXIS 142309, at *19, 23. As discussed above, it is inconceivable that Chanel would knowingly sign a release and settlement agreement, entitled "Separation and Release Agreement," that envisaged a substantial payment by Chanel to Plaintiff with, arguably, no corresponding release of claims or other consideration. Should the Court determine that it must deny Chanel's Motion, Chanel respectfully requests that the Court order limited discovery as to whether Plaintiff gave proper notice to Chanel of her

modification of the Release Agreement or whether she engaged in fraudulent conduct. Chanel provided substantial consideration to Plaintiff in exchange for a general release, expressly because it wished to avoid the possibility of costly and distracting litigation. This case should not be permitted to proceed at all, and at least not until this issue is resolved.

## IV. CHANEL IS ENTITLED TO ITS REASONABLE ATTORNEYS' FEES

Based on the foregoing, Chanel should be awarded its reasonable attorneys' fees and costs in defending this action. *Cefali v. Buffalo Brass Co.,* 748 F. Supp. 1011, 1027-1028 (W.D.N.Y. 1990) (attorneys' fees to defendant where plaintiff breached agreement). Plaintiff fraudulently modified the Agreement, accepted the consideration from Chanel (knowing it was in exchange for a full release of her claims) and brought this lawsuit forcing Chanel to pay again to defend itself. Such improper and unethical behavior should not be countenanced by the Court.

## **CONCLUSION**

Chanel respectfully requests that the Court grant its motion to dismiss the Complaint in its entirety, dismiss Plaintiff's Complaint with prejudice and award to Chanel reasonable attorneys' fees and costs incurred in defending this action or, in the alternative, order limited discovery and otherwise stay the litigation pending resolution of this issue.

Dated: New York, New York
December 10, 2012

          SEYFARTH SHAW LLP
          By: /s/ Lorie E. Almon
          Lorie E. Almon (LA-4937)
          lalmon@seyfarth.com
          Mary E. Ahrens (MA-2378)
          mahrens@seyfarth.com
          620 Eighth Avenue, Suite 3200
          New York, New York 10018
          (212) 218-5500

          *Attorneys for Defendant Chanel, Inc.*

15075351v.5