LAW OFFICES OF
# CHRISTOPHER THOMPSON, ESQ.
33 DAVISON LANE EAST
WEST ISLIP, NEW YORK 11795

PH 1(631) ███-████                                               FAX 1(631) 983-8831

**MEMO ENDORSED**

BY FAX AND ECF FILING MAY 22, 2013

Hon. Robert P. Patterson, Jr.
United States District Judge
United States District Court – Southern District
500 Pearl Street
New York, New York 10007-1312

RECEIVED MAY 22 2013
CHAMBERS OF JUDGE ROBERT P. PATTERSON

**RE: Allen v. Chanel, Inc.**
    **Civil Docket No. 1:12-CV-06758-RP**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/13

Dear Judge Patterson:

This office represents plaintiff in the above.

By Order dated May 22, 2013, Your Honor directed that: "the parties shall notify the Court in writing by May 22, 2013 whether or not there are additional facts outside the pleadings beyond those that have already been discussed in the briefings and oral argument that the parties wish the Court to consider in the context of a motion for summary judgment. If there are such additional facts, the parties are Ordered to submit supporting affidavits and/or other exhibits by the same date." On behalf of plaintiff, I believe such additional facts exist.

Your Honor will recall, much of the discussion was had regarding the sworn statement of my client that: "Upon executing the Separation and Release Agreement on March 19, 2012 once [she, plaintiff] caused these changes to be made [reserving to herself the right to commence an action for employment discrimination, harassment and retaliation], [she, plaintiff] initialed each page, signed the last page and placed a shall 1 inch yellow sticky note on page 3 line 13 where changes to the Agreement were made." Furthermore, defendant objected to the manner in which the affidavit was submitted to the Court – a copy of which is attached.

Unfortunately, yesterday, upon my return from Supreme Court, Suffolk County, I received a call from my sister advising me of my father's pending admission for the third time in the past forty (40) days to the Emergency Room of St. Charles Hospital in Port Jefferson, New York. My father, who is 88 years of age, has been fighting for his life since essentially April 5, 2013. When I left him last night he was being admitted to the Intensive Care Unit with a very serious and life threatening condition. As a result, and if the Court is unable to accept the affidavit of my client in its current form – which in my opinion will lead to the denial of defendant's motion and cause this case to be sent to mandatory mediation/arbitration – I respectfully request an additional two (2) weeks to prepare a more formal submission for the Court's consideration.

Thank you for your attention and consideration of the above. My cell phone number is 1-631-747-1187 if the Court has the need to communicate with me directly. I remain,

Very truly yours,

Christopher Thompson, ESQ.

CT: ct
enc.
cc: Lorie E. Almon (Seyfarth & Shaw, LLP)(via e-mail)

*[Handwritten endorsement:] Plaintiff's application for a more formal submission to the Court will be granted. The plaintiff shall serve & file her affidavit by 5/22/2013*

*See attached typewritten Memo Endorsement*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ANU ALLEN,                                    ECF CASE

                 Plaintiff,                      12-CV-6758

-Against-

CHANEL, INC.,

                 Defendant.
-----------------------------------------------------------X
STATE OF NEW YORK )
                       ) .: ss
COUNTY OF SUFFOLK )

ANU ALLEN, being duly sworn deposes and says:

1. That I am the plaintiff in the within action and as such am fully familiar with the facts of this case.

2. I make this sworn affidavit in opposition to the motion of defendant which seeks an order of this Court dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c) and alternatively to stay the action pending resolution of the issue as to whether I released the claims asserted in the Complaint.

3. I did not release my claims for employment discrimination, harassment and retaliation against my former employer.

4. When given the opportunity to review the "Separation and Release Agreement" provided to me on or about February 28, 2012 I made changes to the agreement reserving to myself the right to commence an action for employment discrimination, harassment and retaliation.

5. Upon executing the Separation and Release Agreement on March 19, 2012 once I caused these changes to be made, I initialed each page, signed the last page a placed a small 1 inch yellow sticky note on page 3 line 13 where changes to the Agreement were made.

6. I returned the Agreement to my former employer.

7. No objection was made by my former employer to the Agreement as modified and on or about April 16, 2012 I received and deposited a check received from Chanel which included the monies promised part of which were monies owed regardless of whether or not I had signed the Agreement.

8. Chanel had at least twenty-three (23) days to review the modified Agreement before deciding to make the payment or not. It chose to make the payment.

Sworn to before me this
4th day of December 2012

_____
ANU ALLEN

_____
NOTARY PUBLIC

CHRISTOPHER THOMPSON
NOTARY PUBLIC STATE OF NEW YORK
NO. 4978251
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES 02/26/2015

Case:      Allen v. Chanel, Inc.
Index No.: 12 Civ. 6758 (RPP)


**MEMO ENDORSEMENT READS AS FOLLOWS:**

Plaintiff's application for a more formal submission is denied as the Court will accept the Plaintiff's affidavit.

So Ordered.

*Robert P. Patterson, Jr., U.S.D.J., 5/23/13*