UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANU ALLEN,                                      :
                                                :
                Plaintiff,         :       **ECF CASE**
                                                :
   - against -                               :       12-CV-6758-RPP
                                                :
CHANEL, INC.,                                   :
                                                :
                Defendant.         :
------------------------------------------------------------x

# CHANEL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
# ITS MOTION TO AMEND ITS COUNTERCLAIMS AND FOR SANCTIONS

Dated: New York, New York
       September 26, 2014

Lorie E. Almon
Caitlin S. Ladd
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Chanel, Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL AND FACTUAL BACKGROUND .............................................................. 2

ARGUMENT .............................................................................................................................. 7

I. LEAVE TO AMEND CHANEL'S COUNTERCLAIMS SHOULD BE GRANTED .................................................................................................................... 7

    A. Legal Standards for Amending Pleadings ................................................... 7

    B. Any Delay Was Reasonable Under the Circumstances ............................. 8

    C. Plaintiff Will Not Be Unduly Prejudiced by the Amendments ................. 9

    D. Chanel's Amended Counterclaims Are Not Futile .................................. 10

        i. Breach of Contract ............................................................................ 10

        ii. Conversion ........................................................................................ 11

II. SANCTIONS ARE WARRANTED UNDER THE CIRCUMSTANCES ...................... 11

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
    87 F. Supp. 2d 281 (S.D.N.Y. 2000) ................................................................................9

*Alexander Interactive, Inc. v. Adorama, Inc.*,
    12 Civ. 6608, 2014 WL 113728 (S.D.N.Y. Jan. 13, 2014) ..................................................9

*Bennett v. Sterling Planet, Inc.*,
    546 F. App'x 30 (2d Cir. 2013) ........................................................................................8

*Block v. First Blood Associates*,
    988 F.2d 344 (2d Cir. 1993) .............................................................................................7

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) .........................................................................................................11

*Cinelli v. Oppenheim-Ephratah Central School District*,
    07-cv-235, 2008 WL 111174 (N.D.N.Y. Jan. 7, 2008) ......................................................9

*Commander Oil Corp. v. Barlo Equipment Corp.*,
    215 F.3d 321 (2d Cir. 2000) .............................................................................................8

*Gilliam v. Addicts Rehabilitation Center Fund*,
    05 Civ. 3452, 2006 WL 1049352 (S.D.N.Y. April 29, 2006) ............................................7

*Glynn v. Edo Corp.*,
    07-01660, 2010 WL 3294347 (D. Md. Aug. 20, 2010) ..................................................12

*Harding v. Naseman*,
    07-cv-8767, 2009 WL 1953041 (S.D.N.Y. July 8, 2009) ...............................................10

*In re Wisehart*,
    281 A.D.2d 23, 721 N.Y.S.2d 356 (1st Dep't 2001) .......................................................12

*JPMorgan Chase Bank, N.A. v. IDW Group, LLC*,
    08 Civ. 9116, 2009 WL 1357946 (S.D.N.Y. May 12, 2009) .............................................9

*Lipin v. Bender*,
    84 N.Y.2d 562, 620 N.Y.S.2d 744 (1994) .....................................................................12

*Lucente v. IBM*,
    310 F.3d 243 (2d Cir. 2002) .............................................................................................9

*New York State National Organization for Women v. Cuomo*,
    182 F.R.D. 30 (S.D.N.Y. 1998) .......................................................................................7

*Nycomed U.S. Inc., v. Glenmark Generics, LTD.*,
   08-cv-5023, 2010 U.S. Dist. LEXIS 29267 (E.D.N.Y. Mar. 26, 2010) ................................... 8

*Oneida Indian Nation of New York State v. Cnty. of Oneida*,
   199 F.R.D. 61 (N.D.N.Y. 2000) ................................................................................................ 9

*Ricciuti v. New York City Transit Auth.*,
   941 F.2d 119 (2d Cir. 1991) ..................................................................................................... 7

*Rotter v. Leahy*,
   93 F. Supp. 2d 487 (S.D.N.Y. 2000) ........................................................................................ 8

*Russo v. Estee Lauder Corp.*,
   856 F. Supp. 2d 437 (E.D.N.Y. 2012) .................................................................................... 10

*Slay v. Target Corp.*,
   11 Civ. 2704, 2011 WL 3278918 (S.D.N.Y. July 20, 2011) ..................................................... 9

*State Teachers Retirement Board v. Fluor Corp.*,
   654 F.2d 843 (2d Cir. 1981) ..................................................................................................... 8

*Wisetex Trading Ltd. v. Gindi*,
   No. 00 Civ. 2671, 2001 U.S. Dist. LEXIS 13 (S.D.N.Y. Jan. 2, 2001),
   *aff'd,* 24 F. App'x 101 (2d Cir. 2002) ................................................................................... 10

**STATUTES**

29 U.S.C. 621, *et seq.* ..................................................................................................................... 4

42 U.S.C. 1981, *et seq.* ................................................................................................................... 4

42 U.S.C. § 2000e, *et seq.* .............................................................................................................. 4

N.Y. Exec. L. 290, *et seq* ................................................................................................................ 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 9

Fed. R. Civ. P. 15(a) ....................................................................................................................... 7

Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 1484 (1990 & 2000 Supp.) .................................. 7

Defendant Chanel, Inc. ("Chanel") respectfully submits this Memorandum of Law in Support of its Motion to Amend its Counterclaims and for Sanctions.

## PRELIMINARY STATEMENT

During the course of discovery, Chanel came to learn that Plaintiff and her counsel are in possession of a privileged and confidential legal file maintained by the Vice President - Counsel for Chanel, Daniel Rosenberg ("Mr. Rosenberg"). Initially, through her counsel, Plaintiff informed Chanel that she came to obtain these documents through the normal course of her employment at Chanel, claiming that she was "provided" them. At her subsequent deposition, however, Plaintiff admitted that she was not given the file in the normal course of business, but rather took the legal file from a copy machine because she viewed it as a "gift from God."

Plaintiff's possession, production, apparent intent to use this privileged and confidential file during the course of this litigation, and refusal to acknowledge either the applicable privilege or any impropriety on her behalf, in addition to raising a number of ethical concerns, gives rise to additional legal claims which Chanel properly seeks to pursue. Specifically, Chanel seeks to amend its counterclaims to assert additional claims for breach of contract and conversion, in that Plaintiff's possession of these documents runs afoul of the policies and procedures of Chanel, both the agreement provided to her at the time of her termination and the altered agreement returned to Chanel by Plaintiff, and the law. These amendments will not cause undue prejudice to Plaintiff, but rather, assert viable claims for which Chanel is entitled to relief.

In addition, given the circumstances surrounding Plaintiff's possession of Chanel's legal file, Chanel respectfully requests that this Court, using its inherent powers, order sanctions upon Plaintiff. In particular, Chanel requests that Plaintiff's action be dismissed, or, in the alternative, that she be precluded from using and return all copies of the privileged and confidential file, and

that she be ordered to pay the attorneys' fees and costs associated with making this motion and additional penalties as this Court deems appropriate.

As set forth below, given the circumstances surrounding Plaintiff's knowing possession of a privileged and confidential legal file maintained by Chanel, allowing Chanel to amend its counterclaims and the issuance of sanctions would both be appropriate.

## PROCEDURAL AND FACTUAL BACKGROUND[1]

Plaintiff was employed by Chanel from on or about May 10, 1993 to on or about February 28, 2012. *See* Complaint ("Compl.") at ¶ 9, 12. On May 11, 1993, Plaintiff acknowledged Chanel's Policy on Employee Use of Confidential Information. *See* Acknowledgement Form (Almon Decl., Ex. B). Chanel's policy ensured that employees would not use or reveal confidential information without authorization and likewise, that employees would return all confidential information to Chanel upon termination. *Id*.

On or about February 28, 2012, Chanel terminated Plaintiff's employment. Compl. at ¶ 12. At the time that Plaintiff was informed that her employment had been terminated, Chanel presented Plaintiff a letter agreement entitled "Separation and Release Agreement," setting forth the terms regarding Plaintiff's separation from Chanel. *Id.* at ¶ 13; *see also* Release Agreement (Almon Decl., Ex. C). On or about March 29, 2012, Plaintiff returned an executed release agreement. *See* Altered Release Agreement (Almon Decl., Ex. D). She had, however, covertly altered the third page of the Release Agreement. Substantively, the substituted page includes the same text as the Release Agreement, except that the term "including" in Paragraph 4, entitled "General Release of Claims," was changed to "excluding." Except for this one covert modification, the Altered Release Agreement is substantively identical to the Release Agreement

---

[1] Specific facts giving rise to Chanel's amended counterclaims are set forth in the Defendant's Proposed Answer to Complaint, Affirmative and Other Defenses, and Amended Counterclaims ("Proposed Amended Counterclaims"). *See* Declaration of Lorie E. Almon ("Almon Decl."), Ex. A, ¶¶ 4-8; 37-42; 64-72.

2

originally provided to Plaintiff. Of relevance to the instant motion, the Release Agreement and Altered Release Agreement provide as follows:

> 5. <u>Confidential Information; Return of Property; Confidentiality; Non-Disparagement</u>.
>
> (a) Whether or not you sign this Agreement, you will be required to maintain the confidentiality of business and personal information and trade secrets of the Company and the other Releasees. You further acknowledge that as a result of your employment with the Company you had access to and became acquainted with the Company's confidential information, records, trade secrets and other information concerning the Company's business and operations and that of the other Releasees, as well as and including personal information concerning the Company and the other Releasees ("Confidential Information"). You acknowledge and agree that all such Confidential Information is the sole and exclusive property of the Company (and/or the other Releasees), regardless of whether you developed such Confidential Information during the course of your employment with the Company, and that you have not and shall not, except as may be required by law, utilize or disclose any such Confidential Information, records or files of the Company (or of any of the Releasees), or any copies thereof, for your own benefit or the benefit of any person, corporation or other entity.
>
> (b) You also acknowledge that no later than the Termination Date you shall return to the Company all records, files and documents in your custody, possession and control that you have had access to, became acquainted with and/or created during the course and in the scope of your employment with the Company, as well as and including all Confidential Information, and any copies thereof, in whatever form they may be in, as well as any and all other property or equipment of the Company or of any of the other Releasees in your custody, possession, or control, including but not limited to, Company vehicles, computers, laptops, PDAs, cellular phones, employee IDs, pass cards, keys, and Company products, samples and testers.
>
> Release Agreement (Almon Decl., Ex. B) at p. 3-4, ¶ 5; Altered Release Agreement (Almon Decl., Ex. C) at p. 3-4, ¶ 5.

To ensure that Chanel had a remedy in the instance Plaintiff were to violate the above-referenced provision, along with others, the agreements included an enforcement provision:

> 8. <u>Enforcement</u>. It is agreed that should you commit a breach of Paragraphs 5, 6, or 7 such breach shall be considered a material breach of the Agreement. In the event of a breach or threatened breach, the Company shall have the right and remedy, in addition to any other remedy available in law or equity, to have the provisions of Paragraphs 5, 6 and 7 of this Agreement specifically enforced by

3

> any court having equity jurisdiction, it being acknowledged and agreed that any such breach or threatened breach will cause irreparable injury to the Company and that money damages may not provide an adequate remedy to the Company. In addition, in the event of a breach, the Company's obligation to make any payments to you under Paragraph 3 shall immediately cease, and you agree, to the fullest extent permitted by law, to forfeit any payments made to you under Paragraph 3 of this Agreement upon demand by the Company, it being recognized that actual damages for such a breach would be impractical and extremely difficult to remedy. In any action brought by the Company under this provision the Company shall, to the fullest extent permitted by law, be entitled to its reasonable attorneys' fees and costs and be entitled to seek any other damages and relief provided under law or in equity.
>
> Release Agreement (Almon Decl., Ex. B) at p. 5-6, ¶ 8; Altered Release Agreement (Almon Decl., Ex. C) at p. 5-6, ¶ 8.

Plaintiff received all of the benefits promised under the Release Agreement. Specifically, Chanel provided Plaintiff with nineteen weeks of severance pay; Chanel paid for the continuation of Plaintiff's health insurance coverage; and Chanel provided Plaintiff with the opportunity to use outplacement services. *See* Proof of Consideration (Almon Decl., Ex. E).

Plaintiff then filed the instant Complaint, alleging discrimination, harassment and retaliation relating to her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. 1981, *et seq.*, the Age Discrimination in Employment Act, as amended, 29 U.S.C. 621, *et seq.*, and the New York State Human Rights Law, N.Y. Exec. L. 290, *et seq.* On or about November 12, 2012, Chanel filed a Motion to Dismiss Plaintiff's Complaint because Plaintiff released her claims in exchange for good and adequate consideration in light of her having executed a separation agreement releasing her claims against Chanel. *See* Chanel, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint (ECF Nos. 9-11). After converting Chanel's motion into a motion for summary judgment, this Court found that Plaintiff had not knowingly, willfully and voluntarily released the claims underlying this lawsuit against Chanel. *See* Opinion and Order (ECF No. 22). In doing so, however, this Court did not opine as

4

to whether an agreement - whether in the form presented to Plaintiff (Release Agreement) or in the form returned to Chanel (Altered Release Agreement) - exists between Plaintiff and Chanel. *Id*.

On or about June 18, 2013, Chanel filed its Answer and asserted a variety of affirmative defenses and counterclaims. *See* Defendant's Answer to Complaint, Affirmative and Other Defenses, and Counterclaims ("Counterclaims") (ECF No. 23). Specifically, Chanel set forth factual allegations regarding Plaintiff having intentionally, unilaterally and without informing Chanel, modified the Separation and Release Agreement presented to her at the time of her termination from Chanel. *See* Counterclaims, ¶¶ 1-14. In light of Plaintiff's conduct, and based on facts known to Chanel at that time, Chanel asserted counterclaims for (1) fraud; (2) reformation of contract; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) unjust enrichment; (6) conversion; and (7) trespass to chattels. *See* Counterclaims, ¶¶ 15-56.

During the course of discovery, Plaintiff, through her counsel, produced a copy of documents from an internal privileged and confidential file maintained by Mr. Rosenberg, an attorney for Chanel. Specifically, the documents produced contained documents maintained by Mr. Rosenberg in a legal file regarding an internal sexual harassment complaint made by Plaintiff in or around December of 1998. *See* Rosenberg Decl. (Almon Decl., Ex. F). The file has been maintained by Mr. Rosenberg and contains documents detailing attorney-client privileged communications, as well as attorney work product. *See id*. Shocked at the disclosure of such documents, counsel for Chanel immediately wrote to counsel for Plaintiff, on or about March 17, 2014, and expressed its great concern over Plaintiff's possession, production and apparent intent to use the privileged and confidential documents. *See* March 17 Letter (Almon

5

Decl., Ex. G). Chanel also sought an explanation regarding Plaintiff's possession of the file, which it sought to have returned, so it could understand and better assess the circumstances.

On May 6, 2014, in response to Chanel's inquiry regarding Plaintiff's possession of a privileged and confidential legal file, counsel for Plaintiff informed counsel for Chanel that "none of the[] documents were obtained by any improper means but rather provide[d] to her in the normal course of business." *See* May 6 Letter (Almon Decl., Ex. H). Counsel for Plaintiff went on to object to any claim of privilege as it relates to the documents in question. Chanel was not able to inquire directly with Plaintiff regarding her possession of the file until her deposition, on August 27, 2014.

At Plaintiff's deposition, Plaintiff indicated that she obtained a copy of a legal file maintained by Mr. Rosenberg, an attorney for Chanel, by picking them up at a copy machine where the file had apparently been temporarily placed for purposes of making a copy. *See* Allen Dep. at 83:8-14; 88:10-20; 98:24-99:8; 99:15-25 (Almon Decl., Ex. I). Plaintiff understood that Mr. Rosenberg's job was to provide legal advice to Chanel and understood that the documents in question related to a claim of sexual harassment she made at least fifteen years ago and the "behind the scenes behind…and who believed me and who didn't…" *See* Allen Dep. at 83:22-84:11 (Almon Decl., Ex. I). Plaintiff acknowledged that there was no reason for the file to be given to her during the normal course of her job with Chanel. *See* Allen Dep. at 96:8-11 (Almon Decl., Ex. I) She testified that she believed her finding the file was simply a "gift from God." *See* Allen Dep. at 86:24-87:4 (Almon Decl., Ex. I). Plaintiff never informed anyone in Chanel's Legal Department, or otherwise, that she had taken a copy of the privileged file, and left the original file where she had found it. *See* Allen Dep. at 96:12-17 (Almon Decl., Ex. I). Nor did Plaintiff return the copy of the legal file in her possession at the time of her termination. *See*

Allen Dep. at 242:23-245:5 (Almon Decl., Ex. I). Plaintiff did, however, inform her current attorney, Christopher Thompson, Esq. about her possession of the legal file at the time and ultimately provided him with copies which were produced in this lawsuit. *See* Allen Dep. at 90:20-91:14; 100:2-101:7 (Almon Decl., Ex. I). It is unclear, what if any, intentions Plaintiff has to rely on those documents in connection with her current claims.

**ARGUMENT**

**I.     LEAVE TO AMEND CHANEL'S COUNTERCLAIMS SHOULD BE GRANTED**

    **A.     Legal Standards for Amending Pleadings**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of course and that such leave shall be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a). Since Rule 15(a) is interpreted liberally, "an amendment is normally permitted, and the refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Gilliam v. Addicts Rehabilitation Center Fund*, 05 Civ. 3452, 2006 WL 1049352, at *1 (S.D.N.Y. April 29, 2006), *citing Rachman Bag Co. v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995), *aff'd*, 101 F.3d 1393 (1996) and *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962). "Thus, absent undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, futility of the amendment or undue prejudice to the opposing party in allowing the amendment, leave to amend should be granted." *New York State National Organization for Women v. Cuomo*, 182 F.R.D. 30, 35 (S.D.N.Y. 1998), *citing Foman*, 371 U.S. at 182; *see also, Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) ("the rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by a nonmovant of prejudice or bad faith.") Accordingly, "[i]f no prejudice is found, then leave normally will be granted." Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 1484 (1990 & 2000

Supp.); *see also, Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (counseling that it is "rare" that leave to amend should be denied).

Here, Chanel seeks to amend its counterclaims to assert additional and viable claims of breach of contract and conversion based on Plaintiff's improper possession of a copy of a privileged and confidential legal file belonging to Chanel's in-house attorney. *See* Proposed Amended Counterclaims, ¶¶ 4-8; 37-42; 64-72. As set forth below, Plaintiff will be unable to demonstrate that the amended counterclaims were unduly delayed, would cause undue prejudice or are futile.

### B. Any Delay Was Reasonable Under the Circumstances

The Second Circuit has repeatedly recognized that "[m]ere delay,…absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Rotter v. Leahy*, 93 F. Supp. 2d 487, 497 (S.D.N.Y. 2000) ("Typically, the moving party's delay, standing alone, is not sufficient reason to foreclose amendment."). In this instance, despite efforts to unveil the potential need to amend its counterclaims, Chanel did not learn of the true circumstances surrounding Plaintiff's possession of the privileged and confidential legal file until her August 27, 2014 deposition. In fact, Plaintiff's counsel had conveyed an inaccurate version of facts, saying that Plaintiff was "provided" the file, as opposed to taking a secret copy of documents to which she knew she was not entitled. Thereafter, during a September 11, 2014 conference with this Court, Chanel sought leave to make the instant motion. Thus, while Chanel filed its Counterclaims on June 18, 2013, there is a good explanation for the timing of the motion - namely, that it only recently became aware of the facts underlying the amended claims. In any event, courts have routinely granted leave to amend where the delay was much longer. *See, e.g.*, *Bennett v. Sterling Planet, Inc.*, 546 F. App'x 30, 34 (2d Cir. 2013) ("'[t]he court should freely

8

permit an amendment [during trial] when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits'" and finding no error in allowing amendment of answer on eve of trial); *Commander Oil Corp. v. Barlo Equipment Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (no abuse of discretion in grant of leave to amend after seven year delay); *Nycomed U.S. Inc., v. Glenmark Generics, LTD.,* 08-cv-5023, 2010 U.S. Dist. LEXIS 29267, at *30 (E.D.N.Y. Mar. 26, 2010) (granting motion to amend answer to add a new counterclaim, three months after close of discovery).

        C.        **Plaintiff Will Not Be Unduly Prejudiced by the Amendments**

It is *undue* prejudice, not prejudice itself, that justifies denial of leave to amend. *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000). Moreover, the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted" falls on Plaintiff. *See Oneida Indian Nation of New York State v. Cnty. of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000). No additional discovery would be necessary to defend against Chanel's proposed amended claims for breach of contract and conversion. Nor are there any dispositive motions pending or a trial date set. *See JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, 08 Civ. 9116, 2009 WL 1357946, at *5 (S.D.N.Y. May 12, 2009) (granting motion to amend where no pending dispositive motions or trial date, and "the legal issues raised by the proposed amendment…overlap considerably with…the original claims."). Likewise, that this "motion comes at the end of discovery…is not enough to deny the motion," (*Alexander Interactive, Inc. v. Adorama, Inc.*, 12 Civ. 6608, 2014 WL 113728, at *3 (S.D.N.Y. Jan. 13, 2014) (granting defendant's motion to amend its counterclaims)), especially when no additional discovery on the claims are needed.

### D. Chanel's Amended Counterclaims Are Not Futile

The amendment should be permitted because it is a viable amendment. An amendment is futile if the proposed amended claim would not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002); *Slay v. Target Corp.*, 11 Civ. 2704, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011) ("Futility generally turns on whether the proposed amended pleading states a viable claim"). If the amendments are colorable, "especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment." *Cinelli v. Oppenheim-Ephratah Central School District*, 07-cv-235, 2008 WL 111174, at *1 (N.D.N.Y. Jan. 7, 2008). As set forth in the Proposed Amended Counterclaims and described below, the proposed claims set forth facts and circumstances which undoubtedly may entitle Chanel to relief:

#### i. *Breach of Contract*

Under New York law, the elements of a breach of contract claim are: "the existence of a contract, [one parties] performance thereunder, [the other parties] breach thereof, and resulting damages." *Russo v. Estee Lauder Corp.*, 856 F. Supp. 2d 437, 460 (E.D.N.Y. 2012). If either the originally presented Release Agreement or the Altered Release Agreement are held to be valid, binding, or otherwise enforceable, Chanel has fully performed its obligations under the contract. Plaintiff breached the confidentiality and return of documents provisions found in both forms of the agreement by failing to return and being in possession of a copy of Chanel's privileged and confidential legal file. As a result, Chanel is entitled to the damages as set forth in the enforcement provision agreed to by Plaintiff. These facts, as alleged, state a plausible claim for breach of contract. Indeed, courts have entertained similar claims involving confidentiality provisions contained in agreements. *See, e.g.*, *Russo v. Estee Lauder Corp.* (reviewing claim for

10

breach of confidentiality and non-disclosure provisions in release agreement on summary judgment); *Harding v. Naseman*, 07-cv-8767, 2009 WL 1953041 (S.D.N.Y. July 8, 2009) (opining on defendant's counterclaims for attorneys' fees and for breach of the confidentiality provisions of the settlement agreement following trial).

        *ii.*    *Conversion*

"Under New York law, the elements of conversion are: (1) the plaintiff has an immediate right to possession of the property converted; (2) the defendant's possession of the property was unauthorized; (3) the defendant acted to exclude the rights of the lawful owner of the property; (4) the property is specifically identifiable; and (5) the defendant is obligated to return the property." *Wisetex Trading Ltd. v. Gindi*, No. 00 Civ. 2671, 2001 U.S. Dist. LEXIS 13, at *3 (S.D.N.Y. Jan. 2, 2001), *aff'd,* 24 F. App'x 101 (2d Cir. 2002). Here, Plaintiff is in possession of a copy of specifically identifiable privileged and confidential legal file belonging to Chanel. Her possession and use of this file is unauthorized and she is obligated to return the property given her unauthorized possession and in accordance with the terms of Chanel's policies and practices and either the originally provided Agreement or Altered Agreement. *See* Acknowledgement Form (Almon Decl., Ex. B.); Release Agreement (Almon Decl., Ex. C), Altered Release Agreement (Almon Decl., Ex. D). Despite Chanel's efforts to have the file returned and/or destroyed, Plaintiff has been unwilling to do so.

## II.    <u>SANCTIONS ARE WARRANTED UNDER THE CIRCUMSTANCES</u>

Sanctions should be levied against Plaintiff for her conduct here. "Courts of justice are universally acknowledged to be vested, by their very creation," with certain inherent powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In exercising this discretion a court is free to impose the "particularly severe sanction" of dismissal of a suit for improper litigation conduct, but may also levy the "less severe sanction" of an assessment of attorney's fees' as an exercise of

the court's inherent power. *Id*. at 45. Plaintiff has knowingly taken and possessed a copy of documents maintained in a privileged and confidential legal file belonging to Chanel. She provided her attorney with copies of these privileged and confidential documents, who did not return them immediately to Chanel as he should have (*See, e.g.* N.Y. R. Prof'l Conduct 4.4(b) ("A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender")), but who instead produced them during the course of discovery in this litigation. When asked, counsel for Plaintiff inaccurately informed counsel for Chanel that the documents were "provided to her in the normal course of business." At her deposition, however, it was learned that Plaintiff intentionally took a copy of privileged documents when she saw them on a copy machine, despite recognizing them to be a file maintained by the Legal Department and knowing that she had no entitlement to them. Plaintiff, through her counsel, has objected to the application of the privilege and has been unwilling to return and/or destroy the privileged and confidential documents in her possession.

In light of all of this, we respectfully request that this Court award sanctions in one or all of the various forms:

- *Dismissal* - Plaintiff and her counsel's behavior demonstrate bad faith and warrant the dismissal of the action accordingly. *See, e.g.*, *Lipin v. Bender*, 84 N.Y.2d 562, 620, 620 N.Y.S.2d 744 (1994) (affirming the dismissal of a complaint where plaintiff had stolen privileged and confidential documents from defendant's attorney); *see also*, *In re Wisehart*, 281 A.D.2d 23, 30, 721 N.Y.S.2d 356 (1st Dep't 2001) (suspending attorney from practice for two years where he condoned the use of privileged documents by his client, failed to advise the court and his adversary of his clients theft of said documents, and attempted to use the documents to achieve settlement in violation of DR 1-102(A)(4) [now N.Y. R. Prof'l Conduct 8.4(c) which prohibits an attorney from engaging in "dishonesty, fraud, deceit or misrepresentation"]).

- *Precluding Use of Documents & Confirming Return and Destruction of Same* - Given that Plaintiff remains in possession of documents covered by the attorney-client privilege and attorney work-product doctrine, sanctions ordering Plaintiff to return all such documents in her possession to Chanel are warranted.

- *Precluding Testimony* - Plaintiff's account of the facts and circumstances surrounding her prior claim of sexual harassment have undoubtedly been tainted given her review of Chanel's privileged and confidential file concerning same. As such, sanctions precluding testimony on Plaintiff's 1998 sexual harassment complaint are warranted.[2]

- *Attorneys' Fees or Other Penalty* - Plaintiff's bad faith conduct has caused Chanel to incur additional costs and fees associated with making the instant motion. For this reason, sanctions in the form of attorneys' fees associated with this motion and other penalties are warranted. *See, e.g.*, *Glynn v. Edo Corp.*, 07-01660, 2010 WL 3294347 (D. Md. Aug. 20, 2010) (issuing $20,000 sanction where Plaintiff obtained documents from former employer and gave them to his attorney).

## CONCLUSION

For the foregoing reasons, Chanel respectfully requests that the Court grant its motion to amend its counterclaims and for sanctions against Plaintiff.

Dated: New York, New York
September 26, 2014

SEYFARTH SHAW LLP

By: /s/ Lorie E. Almon
Lorie E. Almon
lalmon@seyfarth.com
Caitlin S. Ladd
cladd@seyfarth.com
620 Eighth Avenue, Suite 3200
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Chanel, Inc.*

---

[2] Chanel reserves the right to file a motion *in limine* concerning such testimony.