UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANU ALLEN,                                          ECF CASE

                Plaintiff,               12-CV-6758(RPP)

    -Against-

CHANEL, INC.,

                Defendant.
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND ITS COUNTERCLAIMS AND FOR SANCTIONS

THE LAW OFFICES OF CHRISTOPHER THOMPSON
Christopher Thompson, ESQ. (CT-9436)
Attorney for Plaintiff – Anu Allen
33 Davison Lane East
West Islip, New York 11795
Tel: (631) 983-8830
Fax: (631) 983-8831

Dated: West Islip, New York
October 10, 2014

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ………………………………………….. 1

FACTUAL BACKGROUND …………………………………………….. 2

ARGUMENT ……………………………………………………………….. 3

   I. LEGAL STANDARDS ……………………………………………….. 3
   II. THE AMENDMENT IS UNNECESSARY AND FUTILE …………….. 10
   III. SANCTIONS AND/OR ATTORNEY FEES NOT WARRANTED ……... 11

CONCLUSION …………………………………………………………….. 11

# TABLE OF AUTHORITIES

**CASES**                                                                                                                   **Page(s)**

*AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) .................. 4

*Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 U.S. Dist. LEXIS 4931, 2014 WL 113728, at *3 (S.D.N.Y. Jan. 13, 2014) ....................................................... 3

*Berman v. Parco*, 986 F. Supp. 195, 1997 WL 726414 at *22 (S.D.N.Y. 1997) ................................................ 4

*Bymoen v. Herzog, Heine, Geduld, Inc.*, 1991 U.S. Dist. LEXIS 7169, 88 Civ. 1796, 1991 WL 95387 at *1-2 (S.D.N.Y. May 28, 1991) ....................................... 4

*Deere v. Goodyear Tire and Rubber Co.*, 175 F.R.D. 157, 166 (N.D.N.Y. 1997) ................................................ 3

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ........................................................ 3

*John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) .............. 3

*Johnson v. Gumer*, 94 A.D.2d 955, 464 N.Y.S.2d 318, 319 (4th Dep't 1983) ................................................ 10

*Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ................................................ 3

*Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 U.S. Dist. LEXIS 10622, 2010 WL 445192, at *12 (Feb. 8, 2010) ...... 3

*Monahan v. New York City Department of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) ................................... 3

*Priestley v. American Airlines, Inc.*, 1991 U.S. Dist. LEXIS 4804, *4, 89 Civ. 8265, 1991 WL 64459 at *2 (S.D.N.Y. April 12, 1991) ....................................................... 4

*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647,
653 n.6 (2d Cir. 1987) ................................................................. 4

*Sabilia v. Richmond*, 11 Civ. 739 (JPO) (MHD), 2011 U.S. Dist.
LEXIS 152228, at *58-59 (S.D.N.Y. Oct. 26, 2011)................ 10

*Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 53
(2d Cir. 1993) .............................................................................. 10

*Slay v. Target Corp.*, No. 11 Civ. 2704, 2011 U.S. Dist. LEXIS
82515, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011) ......... 4

*State Teachers Retirement Bd. v. Fluor Corp.*, 654
F.2d 843, 856 (2d Cir. 1981) ........................................................ 4

## STATUTES

Fed. R. Civ. P. 12(b)(6) ..................................................................... 4

Fed. R. Civ. P. 15 (a) ......................................................................... 3

Fed. R. Civ. P. 15 (a)(2) .................................................................... 3

## OTHER AUTHORITIES

1 M. Silverberg, *Civil Practice in the Southern District of
New York* § 6.26 ............................................................................ 4

23 N.Y. Jur. *Conversion, and Action for Recovery of Chattel*
§ 47 (2011).................................................................................... 10

# PRELIMINARY STATEMENT

Plaintiff Anu Allen ("Ms. Allen") respectfully submits this Memorandum of Law in opposition to Defendant, Chanel, Inc.'s ("Chanel's"), motion to amend its counterclaims and for sanctions. Initially, it is worth noting the court by Scheduling Order dated September 12, 2014 (ECF document "37") directed that Defendant's motion to quash be filed by September 26, 2014. The order is silent with respect to a motion to amend defendant's counterclaims and for sanctions. The basis for defendant's motion appears to be their belief that Plaintiff's counsel's statement his client obtained copies of her personnel file and that: "…none of these documents were obtained by any improper means but rather provide[d] to her in the normal course of business" cannot coexist with the testimony of Ms. Allen that her file was left on a copy machine and she made a copy. It is interesting that the declaration of Daniel Rosenberg an employee of Chanel with the title of Vice President – Counsel does not give any detail of the chain of custody of the documents in question, which document, if any, are designated "confidential" and or "privileged" nor does he deny the fact that my client was able to access the file when it was left on the copy machine at Chanel's property.

Moreover, upon review of the papers submitted in support of such amendment of the counterclaims, defendant merely argues for the amendment to include claims for "Breach of Contract" and "Conversion" both of which causes of action already exist in the previously filed "Defendant's Answer to Complaint, Affirmative and Other Defenses, and Counterclaims" (ECF document "23") dated June 18, 2013. The only other new cause of action asserted (as its seventh counterclaim) alleges a claim for "Trespass to Chattels" however, defendant fails to advise the Court how; the delay was reasonable under the circumstances, how plaintiff will not be unduly prejudiced or that the counterclaim for "Trespass to Chattels" is not futile. Moreover, the request for sanction is likewise unsupported. As such, it is respectfully submitted that the motion be **denied** in all respects.

1

## FACTUAL BACKGROUND

There is no dispute Ms. Allen was employed by Chanel from on or about May 10, 1993 to on or about February 29, 2012.

There is no dispute Ms. Allen signed an acknowledgement of Chanel's Policy on Employee Use of Confidential Information (Defendant Exhibit "B"). There is a dispute as to whether that acknowledgment has any bearing over the documents now at issue.

Additionally, there is a dispute over whether a binding "Separation and Release Agreement" exist between the parties and furthermore, whether the language at paragraph "5" of the "Separation and Release Agreement" which language is the same for both versions of the agreement has any binding effect on the documents produced by plaintiff (bates stamped "000001" to "000139")(Thompson Decl. Ex "A") during the course of this litigation. Although defendant does not specify which documents are in question it maintains that: "Specifically, the documents produced contained documents maintained by Mr. Rosenberg in a legal file regarding an internal sexual harassment complaint made by Plaintiff in or around December of 1988.

Although defendant already asserted claims for "Breach of Contract" and "Conversion" they now seek to add new language to their counterclaims and to add a seventh counterclaim for ""Trespass to Chattels". In their motion papers defendants argue that they conform to the legal standard for amending pleadings, suggest that any delay was reasonable, plaintiff will not be unduly prejudiced and that the amended counterclaims for "Breach of Contract" and "Conversion" will not be futile. No argument is made in support of the amendment for "Trespass to Chattels". Movant fails to remind the Court that discovery is closed and a trial date of August 18, 2014 has come and gone.

# ARGUMENT

## I. LEGAL STANDARDS

A motion to amend is generally governed by *Rule 15(a)* of the Federal Rules of Civil Procedure, which states that: "[t]he court should freely give leave when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. Notwithstanding the liberality of the general rule, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994); accord *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998). Regarding the use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be freely given.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (internal quotation marks omitted).

"Typically, the moving party's delay, standing alone, is not sufficient reason to foreclose amendment."). If, however, a motion to amend comes after a lengthy delay, "it is incumbent upon the movant to offer a valid explanation for the delay." *Deere v. Goodyear Tire and Rubber Co.*, 175 F.R.D. 157, 166 (N.D.N.Y. 1997). No valid explanation has been given in this case.

The non-moving party bears the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 U.S. Dist. LEXIS 4931, 2014 WL 113728, at *3 (S.D.N.Y. Jan. 13, 2014) (internal quotation marks omitted). Whether a party had prior notice of a claim and whether the new claim arises from the same transaction as the claims in the original pleading are central to the determination of undue prejudice. See *Monahan v. New York City Department of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000). The procedural posture of a case is also a consideration. *Margel v. E.G.L. Gem Lab Ltd.*,

3

No. 04 Civ. 1514, 2010 U.S. Dist. LEXIS 10622, 2010 WL 445192, at *12 (Feb. 8, 2010).

Prejudice may be found, for example, when the amendment is sought after discovery has been closed . . . . Undue delay [and] bad faith . . . . are other reasons for denying a motion to amend.'" *Berman v. Parco*, 986 F. Supp. 195, 1997 WL 726414 at *22 (S.D.N.Y. 1997) (Peck, M.J.), quoting 1 M. Silverberg, *Civil Practice in the Southern District of New York* § 6.26, citing *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Bymoen v. Herzog, Heine, Geduld, Inc.*, 1991 U.S. Dist. LEXIS 7169, 88 Civ. 1796, 1991 WL 95387 at *1-2 (S.D.N.Y. May 28, 1991); *Priestley v. American Airlines, Inc.*, 1991 U.S. Dist. LEXIS 4804, *4, 89 Civ. 8265, 1991 WL 64459 at *2 (S.D.N.Y. April 12, 1991) ("Insofar as the proposed claim is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable. . . .". Here, discovery is closed and a trial date of August 18, 2014 has come and gone.

A motion to amend may be denied as futile if the amendment would not withstand a motion to dismiss pursuant to *Rule 12(b)(6)* of the Federal Rules of Civil Procedure. See *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010); *Slay v. Target Corp.*, No. 11 Civ. 2704, 2011 U.S. Dist. LEXIS 82515, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011) ("Futility generally turns on whether the proposed amended pleading states a viable claim.").

This Court has already determined in its Opinion and Order dated June 4, 2013, "defendant has failed to show that Plaintiff waived the claims she raises in her complaint" (Document "22").

The new question for the Court is whether to allow the amendment after discovery has closed on September 26, 2014, a trial date of August 18, 2014 has come and gone and where, as here, there has been undue delay, bad faith or dilatory motive on

4

the part of the movant. It is submitted that the Court must deny movants request for several reasons. First, and in addition to the points stated above, defendant has not demonstrated a valid explanation for the delay. Second, the proposed amendments are futile.

The language defendant seeks to add to its counterclaims is as follows:

"4. On or about May 11, 1993, Plaintiff signed and acknowledged Chanel's Policy on Employee Use of Confidential Information.

5. While employed by Chanel, Plaintiff took, allegedly from a copy machine, a copy of documents maintained in privileged and confidential legal file belonging to Daniel Rosenberg, Vice President – Counsel for Chanel, relating to an internal claim of sexual harassment she made in or around December of 1998.

6. The contents of the privileged and confidential file taken by Plaintiff are covered by the attorney-client privilege and/or work product doctrine.

7. Plaintiff did not obtain the privileged and confidential file through the normal course of her employment.

8. Plaintiff, and her attorney Christopher Thompson, are still in possession of the privileged and confidential legal file and have not returned them despite requests to do so.

### THIRD COUNTERCLAIM

**(For Breach of Contract)**

Count II

37. Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

38. If the Agreement or Altered Agreement is held to be valid, binding, or otherwise enforceable, Chanel fully performed its obligations under the contract.

39. In accordance with the Agreement and/or Altered Agreement, the privileged and confidential legal file in Plaintiff's possession constitutes "Confidential Information."

40. In the Agreement and/or Altered Agreement, Plaintiff acknowledged that Confidential Information is the sole and exclusive

5

property of Chanel and that she was required to return such property no later than her termination date.

41. Plaintiff breached the confidentiality and return of property provisions of the Agreement and/or Altered Agreement by knowingly and intentionally failing to return the privileged and confidential legal file in her possession and by producing and using it in this action.

42. Chanel suffered damages as a result of Plaintiff's breach, including, but not limited to, attorneys' fees and costs associated with recovering the privileged and confidential documents.

## **SIXTH COUNTERCLAIM**

### (For Conversion)

57. The funds specified in the severance check and deposited into Plaintiff's personal bank account are Chanel's specifically identifiable personal property.

58. Chanel owned and retained a right to possess the funds specified in that severance check.

59. Plaintiff is exercising dominion and control over Chanel's personal property.

60. Chanel's property is in the unauthorized possession of Plaintiff.

61. Plaintiff's actions have deprived Chanel of possession or use of its personal property.

62. Plaintiff has caused damage to Chanel in that Chanel has been deprived of specifically identifiable personal property.

63. Plaintiff is obligated to return Chanel's personal property.

Count II

64. Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

65. The privileged and confidential legal file in Plaintiff's possession is Chanel's specifically identifiable personal property.

66. Chanel owned and retained a right to possess all copies of the privileged and confidential legal file.

67. Plaintiff acknowledged Chanel's right to possess all copies of the privileged and confidential legal file by signing Chanel's Policy on Employee Use of Confidential Information, the Agreement, and/or Altered Agreement.

68. Plaintiff is exercising dominion and control over Chanel's personal property.

69. Chanel's property is in the unauthorized possession of Plaintiff.

70. Plaintiff's intentional actions have deprived Chanel of possession or use of its personal property.

71. Plaintiff has caused damage to Chanel, including but not limited to, attorneys' fees and costs associated with recovering the privileged and confidential documents.

72. Plaintiff is obligated to return Chanel's personal property.

## SEVENTH COUNTERCLAIM

### (For Trespass to Chattels)

73. Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

74. If the Agreement and/or its general release of claims is held to be invalid, non-binding, or otherwise unenforceable, Plaintiff obtained Chanel's personal property through fraud.

75. Plaintiff acted with intent to physically interfere with Chanel's lawful possession of its personal property.

76. Chanel, or Chanel's personal property, was harmed as a result of Plaintiff's interference.

## RESERVATION OF RIGHTS

Chanel reserves its right to conform the Counterclaims to the evidence produced in discovery and/or to seek to amend the pleading to interpose additional Counterclaims."

7

It appears that each of the proposed amendments to the counterclaims relate to the documents produced during discovery. In support of their position defendants rely upon the two (2) page "CHANEL, Inc. Policy On Employee Use of Confidential Information form (hereinafter "Confidential Information Form") and the "Separation and Release Agreement". Movant was well aware of these documents when they asserted their belief that the documents were "confidential" and/or "privileged" back in March 2014.

Additionally, for the reasons to follow, neither document supports their proposed claims. It is worth stating that movant was aware of these documents at the time of the commencement of the action and has made this motion now instead of making a motion to quash the alleged "confidential" and/or "privileged" documents. Clearly, a dilatory tactic designed to delay the trial of this matter which was previously scheduled for August 18, 2014.

First, the Confidential Information Form is not geared to prevent any employee from retaining a copy of their own personnel file. In fact, the language of the Confidential Information Form repeatedly states that it is related to:

> "all books, records, materials or notes and nay copies thereof, in whatever format that may be, containing lists of customers and addresses, served by the employee and assigned to the employee in any territory, all duplicate invoices or statements pertaining to such customers, their needs, the products of CHANEL or its affiliates, the schedules of sales calls upon them, code books, price lists, product manuals and equipment processing and compounding information or instruction data applicable to methods of manufacture, types, kinds, suppliers, financial records and any other information of a confidential or secret nature applicable to the business of CHANEL and its affiliates, its customers, and the manner of conducting its business."

Neither express or implied in such restriction is the inability of an employee to make a copy of their personnel file.

Next, defendants rely upon the language of paragraph "5" of the Separation and Release Agreement to support their new claims. Again, within the language of this

8

paragraph there is no prohibition against an employee maintaining a copy of their own personnel file. And, again, it appears the language is directed to: "the Company's confidential information, records, trade secrets and other information concerning the Company's business and operations and that of the other Releasees, as well as and including personal information concerning the Company and the releases".

In part (b) of paragraph "5" the agreement goes on to describe what needed to be returned to the Company and states: "all records, files and documents in your custody, possession and control that you have had access to, became acquainted with and/or created during the course and in the scope of your employment with the company. This portion of the agreement does not speak of the prohibition of keeping copies whereas the next sentence of this section of the agreement requires the return of: "all Confidential Information, and any copies thereof, in whatever form they may be in, as well as any and all other property or equipment of the Company or of any of the other Releasees in your custody, possession, or control, including but not limited to, Company vehicles, computers, laptops, PDAs, cellular phones, employee IDs, pass cards, keys, and Company products, samples and testers." A clear distinction is drawn as to the inclusion of copies in this portion of the agreement which was lacking in the first. Regardless, the information sought is not related to copies of an individual's own personnel file.

It is Plaintiff's position that, in addition to the fact that the language of neither the Confidential Information Form or the Separation and Release Agreement apply to the documents provided during discovery but additionally that the information provided during discovery are merely copies of documents related to her, contained in her personnel file at Chanel. They are not the originals and defendant has pointed to no contractual agreement that prohibited Plaintiff from making copies of documents related to her. There is the further question as to what makes the documents "confidential" and/or "privileged" in the first instance. A point which defendant has failed to discuss.

Regardless of the standard applied this Court can only reach the conclusion that plaintiff has not acted in good faith in making this request after discovery has closed, a previous trial date has been scheduled and the clear dilatory nature of their request and as such the within motion must be denied.

## II. THE AMENDMENT IS UNNECESSARY AND FUTILE

It is undisputed that defendant has already filed counterclaims for "Breach of Contract" and "Conversion". However, the proposed amendment of the counterclaims seeks to add new allegations.

Under New York law, "[t]o state a claim for conversion, [a] plaintiff must allege that '(1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another[,] (3) the rightful owner makes a demand for the property, and (4) the demand for the return is refused.'" *Sabilia v. Richmond*, 11 Civ. 739 (JPO) (MHD), 2011 U.S. Dist. LEXIS 152228, at *58-59 (S.D.N.Y. Oct. 26, 2011).

"When the original possession is lawful, 'conversion does not occur until the defendant refuses to return property after demand or until he sooner disposes of the property.'" *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 53 (2d Cir. 1993) (quoting *Johnson v. Gumer*, 94 A.D.2d 955, 464 N.Y.S.2d 318, 319 (4th Dep't 1983)). "Only the refusal to the demand makes the defendant a wrongdoer." 23 N.Y. Jur. *Conversion, and Action for Recovery of Chattel* § 47 (2011).

Here, in the proposed amendment there is no allegation that a demand for the property has been made or that the demand for the return has been refused.

In fact, if the Court were to look at the letter of defendants counsel (defendants Exhibit "G") there is no such demand.

## III. SANCTIONS AND/OR ATTORNEY FEES NOT WARRANTED

Defendant makes the bold assertion that my client knowingly took and possessed a copy of documents maintained in a privileged and confidential legal file belonging to Chanel. That these documents were to her attorney and not returned to Chanel has they should have been returned. Yet, Plaintiff maintains that these documents were from her own personnel file that they are not privileged or confidential as to her and that no demand for their return was ever made. Moreover, to this date defendant has yet to articulate which specific documents it believes to be privileged and/or confidential.

Here, Plaintiff has detailed her belief that she was entitled to copies of her own personnel file and nothing has been shown to the contrary. As such the claim for sanction must be denied.

## CONCLUSION

For the foregoing reasons, Chanel's motion must be denied and plaintiff should have such other and further relief as is just and proper.

Dated: West Islip, New York
October 10, 2014

Respectfully Submitted,
By: _____
Christopher Thompson, ESQ. (CT-9436)
ctalawman@aol.com
33 Davison Lane East
West Islip, New York 11795
1 (631) 983-8830
*Attorney for Plaintiff*