UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANU ALLEN, Plaintiff, | : | **ECF CASE** |
| - against - | : | 12-CV-6758-RPP |
| CHANEL, INC., Defendant. | : | |

**CHANEL, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO AMEND ITS COUNTERCLAIMS AND FOR SANCTIONS**

Dated: New York, New York
October 20, 2014


Lorie E. Almon
Caitlin S. Ladd
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Chanel, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. LEAVE TO AMEND CHANEL'S COUNTERCLAIMS SHOULD BE GRANTED .......... 2

A. Chanel's Amended Counterclaims are Not Futile .......... 2

B. Any Delay Was Reasonable Under the Circumstances .......... 4

C. Plaintiff Failed to Establish That She Would Be Prejudiced By The Amendments .......... 5

II. SANCTIONS ARE WARRANTED UNDER THE CIRCUMSTANCES .......... 5

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)....................................................................................4

*Barber v. Hornbeck Offshore Operators, LLC*,
No. 11-cv-5520, 2014 WL 1010993 (E.D.N.Y. Mar. 17, 2014)..............................................4

*Carson Optical, Inc. v. Electro-Optix, Inc.*,
No. 09-cv-1625, 2012 WL 6720784 (E.D.N.Y. Dec. 21, 2012)..............................................4

*Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.*
282 F.R.D. 292 (E.D.N.Y. 2012)..............................................................................5

*Dominick v. Hospitality Valuation Servs., Inc.*,
No. 11-cv-3452, 2013 WL 5460654 (E.D.N.Y. Sept. 30, 2013)..............................................3

*Lucente v. IBM*,
310 F.3d 243 (2d Cir. 2002)....................................................................................3

*Nycomed U.S. Inc., v. Glenmark Generics, LTD.*,
08-cv-5023, 2010 U.S. Dist. LEXIS 29267 (E.D.N.Y. Mar. 26, 2010)...................................4

*Oneida Indian Nation of N. Y. State v. Cnty. of Oneida*,
199 F.R.D. 61 (N.D.N.Y. 2000)................................................................................5

*Slay v. Target Corp.*,
11 Civ. 2704, 2011 WL 3278918 (S.D.N.Y. July 20, 2011)...................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..........................................................................................3

Defendant Chanel, Inc. ("Chanel") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Amend its Counterclaims and for Sanctions.

## PRELIMINARY STATEMENT

During the course of discovery, Chanel came to learn that Plaintiff and her counsel are in possession of a privileged and confidential legal file maintained by the Vice President - Counsel for Chanel, Daniel Rosenberg ("Mr. Rosenberg") (bearing Bates stamp numbers 000078 through 000130). Despite initially claiming, through her counsel, that she was "provided" these documents during the normal course of her employment, during her subsequent deposition Plaintiff admitted that she was not given the file in the normal course of business, but rather took the legal file from a copy machine because she viewed it as a "gift from God." In response to Chanel's Motion to Amend Its Counterclaims and for Sanctions, Plaintiff attempts to distort the record by now claiming that she is entitled to these documents, which she, for the first time, claims are part of her personnel file. This is a direct contradiction to her prior sworn statements.

Given Plaintiff's possession, production, apparent intent to use this privileged and confidential file during the course of this litigation, and refusal to acknowledge either the applicable privilege or any impropriety on her behalf, Chanel properly seeks to amend its counterclaims to assert additional claims for breach of contract and conversion. Plaintiff, despite attempting to modify the factual record, has failed to demonstrate how these proposed amended counterclaims are futile. At best, Plaintiff has established issues of fact which only confirm that the new claims would withstand a motion to dismiss and thus should not be deemed futile for purposes of a motion to amend. Equally as critical is the fact that Plaintiff has utterly failed to identify the prejudice she would allegedly suffer should Chanel be permitted to pursue its proposed amended counterclaims.

In addition, given the circumstances surrounding Plaintiff's possession of Chanel's legal file, Plaintiff has failed to demonstrate why sanctions would not be warranted under the circumstances.

As set forth below and in Chanel's moving papers, in light of the facts surrounding Plaintiff's possession of a privileged and confidential legal file maintained by Chanel, allowing Chanel to amend its counterclaims and the issuance of sanctions would both be appropriate.

## ARGUMENT

## I. LEAVE TO AMEND CHANEL'S COUNTERCLAIMS SHOULD BE GRANTED

As an initial matter, Plaintiff incorrectly contends that Chanel seeks to assert a new counterclaim for "Trespass to Chattels." (*See* Pl.'s Opp. at 2). Rather, Chanel asserted this claim in its Answer to Complaint, Affirmative and Other Defenses, and Counterclaims (ECF No. 23) filed on or about June 18, 2013. As set forth in Chanel's moving papers, Chanel seeks only to amend its counterclaims to assert additional claims for breach of contract and conversion. Plaintiff has failed to establish that these claims would be futile, that the delay was unreasonable or that she would be prejudiced in anyway.

### A. Chanel's Amended Counterclaims are Not Futile

Plaintiff claims that Chanel's amended counterclaims for breach of contract and conversion would be futile. (*See* Pl.'s Opp. at 5-10). In doing so, Plaintiff contends that Chanel's Policy on Employee Use of Confidential Information and the Release Agreement and/or Altered Release Agreement do not apply to the confidential and privileged documents in Plaintiff's possession. (*See* Pl. Opp. at 8-9). The documents in Plaintiff's possession -- privileged and confidential documents maintained in a legal file by Daniel Rosenberg, Vice President - Counsel for Chanel (*See* Rosenberg Decl.) -- are explicitly covered by the terms of

Chanel's policy and the Release Agreements in question and thus give rise to viable causes of action.

During Plaintiff's deposition, she readily testified that she was in possession of copies of a Chanel legal file relating to a claim of sexual harassment she made at least fifteen years ago. (*See* Almon Decl, Ex. I). Now, Plaintiff attempts to claim for the first time, in a self-serving affidavit, that she is in possession of documents maintained in her ***personnel file***. (*See* Declaration of Anu Allen ("Allen Decl."), ¶ 6) (emphasis added). In addition, Plaintiff contends that a request was never made to her to return the privileged and confidential documents in her possession and that she has not refused to return such documents (*See* Allen Decl., ¶¶ 7-8) and that, as such, an amended claim for conversion is futile. (*See* Pl.'s Opp. at 10). Counsel for Chanel has raised the possibility of returning the privileged and confidential documents with counsel for Plaintiff. (*See* Declaration of Caitlin S. Ladd ("Ladd Decl."), ¶ 4-5). Indeed, the concept was discussed before this Court on September 11, 2014. (*See* Ladd Decl., ¶ 6). To date, however, Plaintiff has made no indication of her willingness to return the privileged and confidential documents in her possession. (*See* Ladd Decl., ¶ 7). To the extent an affidavit contradicts the affiant's prior deposition testimony, as Plaintiff's does here, it should not be considered by the Court. *See Dominick v. Hospitality Valuation Servs., Inc.*, No. 11-cv-3452, 2013 WL 5460654, at *1 (E.D.N.Y. Sept. 30, 2013).

In the end, should the Court consider Plaintiff's affidavit, it at most, creates an issue of fact as to the nature of the documents in question and whether they are covered by the relevant policy and agreement language. It is well-settled that, an amendment is only futile if the proposed amended claim would not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002);

*Slay v. Target Corp.*, 11 Civ. 2704, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011) ("Futility generally turns on whether the proposed amended pleading states a viable claim"). Where issues of fact exist, a claim withstands a motion to dismiss. *See Carson Optical, Inc. v. Electro-Optix, Inc.*, No. 09-cv-1625, 2012 WL 6720784, at *2 (E.D.N.Y. Dec. 21, 2012) (granting motion to amend where new claims raise factual issues which would withstand a motion to dismiss); *see also, AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or *fails to raise triable issues of fact*.") (emphasis added). As such, the proposed amended counterclaims are not futile.

**B. Any Delay Was Reasonable Under the Circumstances**

Here, Chanel did not learn of the true circumstances surrounding Plaintiff's possession of the privileged and confidential legal file until her August 27, 2014 deposition. Prior to that date, Plaintiff's counsel had conveyed an inaccurate version of facts, saying that Plaintiff was "provided" the file in the normal course of employment, as opposed to secretly taking a copy of documents to which she knew she was not entitled. Chanel sought leave to make the instant motion at the September 11, 2014 court conference. Thus, to the extent a delay exists - which it does not, it was reasonable under the circumstances.

Plaintiff argues that "discovery has closed on September 26, 2014, a trial date of August 18, 2014 has come and gone and…there has been undue delay." (Pl.'s Opp. at 4-5). First, courts repeatedly grant motions to amend after the close of discovery. *See, e.g., Barber v. Hornbeck Offshore Operators, LLC,* No. 11-cv-5520, 2014 WL 1010993, at *3 (E.D.N.Y. Mar. 17, 2014) (granting motion to amend where "Defendants' proposed counterclaim was offered shortly after the close of discovery, once defendants had a good faith, particularized basis on which to assert it [and]…do not seek to reopen discovery"); *Nycomed U.S. Inc., v. Glenmark Generics, LTD.,* 08-

cv-5023, 2010 U.S. Dist. LEXIS 29267, at *30 (E.D.N.Y. Mar. 26, 2010) (granting motion to amend answer to add a new counterclaim, three months after close of discovery).

Moreover, Plaintiff's repeated reference to an August 18, 2014 trial date that "has come and gone" is misleading. It was Plaintiff who requested, with Chanel's consent, an extension of the December 11, 2013 Scheduling Order which included the August 18, 2014 trial date. (ECF No. 32). This extension was granted on or about June 9, 2014, at which time the August 18, 2014 trial date was no longer on the calendar. (ECF No. 33). Chanel's proposed amended counterclaims, which will not require any additional discovery, will have no impact on the current deadlines.

### C. Plaintiff Failed to Establish That She Would Be Prejudiced By The Amendments

The burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted" falls on Plaintiff. *See Oneida Indian Nation of N. Y. State v. Cnty. of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000). "[T]he Second Circuit has held it is an abuse of discretion to deny the motion [to amend] ***absent prejudice*** to the opposing party or futility of the amendment." *Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.* 282 F.R.D. 292, 297 (E.D.N.Y. 2012) (citation omitted) (emphasis added). Here, Plaintiff has simply failed to identify how she would be prejudiced by allowing Chanel to amend its counterclaims.

## II. SANCTIONS ARE WARRANTED UNDER THE CIRCUMSTANCES

Shockingly, Plaintiff now claims that she is entitled to copies of the privileged and confidential documents in her possession. In doing so, she appears to claim that she did not know that the documents in question were maintained in a privileged and confidential legal file and that rather, they were maintained in her personnel file. (*See* Pl.'s Opp. at 11). As discussed above, these statements are a direct contradiction to Plaintiff's deposition testimony regarding

her having taken a copy of Mr. Rosenberg's legal file because she viewed it as a "gift from God." (*See* Almon Decl, Ex. I). Plaintiff's argument that Chanel has failed to articulate which specific documents it believes to be privileged and/or confidential is also blatantly dishonest. From the outset, in its March 17, 2014 letter to Plaintiff's counsel, Chanel identified the privileged and confidential documents as being Bates stamp 000078 through 000130. (*See* Almon Decl., Ex. G; Ladd Decl., ¶ 3).

Plaintiff intentionally took a copy of privileged documents when she saw them on a copy machine, despite recognizing them to be a file maintained by the Legal Department and knowing that she had no entitlement to them. Plaintiff, through her counsel, has objected to the application of the privilege and has been unwilling to return and/or destroy the privileged and confidential documents in her possession. Plaintiff's attempt to now distort the facts and record only further warrant sanctions. As such, Chanel respectfully request that this Court award sanctions in one or all of the various forms: (1) dismissal of this action; (2) precluding use of the documents and confirming the return and destruction of same; (3) precluding testimony surrounding Plaintiff's 1998 sexual harassment complaint; (4) attorneys' fees or other penalties.

## CONCLUSION

For the foregoing reasons and all of those set forth in Chanel's moving papers, Chanel respectfully requests that the Court grant its motion to amend its counterclaims and for sanctions against Plaintiff.

Dated: New York, New York
October 20, 2014

SEYFARTH SHAW LLP

By: /s/ Caitlin S. Ladd

Lorie E. Almon
lalmon@seyfarth.com
Caitlin S. Ladd
cladd@seyfarth.com
620 Eighth Avenue, Suite 3200
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Chanel, Inc.*