UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANU ALLEN,  **ECF CASE**

    Plaintiff,  Civil Action No. 12-cv-6758 (RPP)

vs.

CHANEL, INC.,

    Defendants.

-----------------------------------------------------------------x

## DECLARATION OF STEPHANIE ZERNIK

I, STEPHANIE ZERNIK, declare under penalty of perjury:

1. I submit this Declaration, which is based upon personal knowledge and records maintained by Chanel, Inc. ("Chanel"), in support of Chanel's Motion for Summary Judgment.

2. I was employed as the Senior Vice President of Fashion Wholesale at Chanel from April 2011 through December 2012.

3. When I came to Chanel in April 2011, I began a review of Fashion Wholesale to determine the appropriate restructuring necessary to match the needs of Chanel's business at the time.

4. The first restructuring that occurred under my leadership was the transfer of Training out of Fashion Wholesale, which had been under the Executive Director of Ready to Wear & Wholesale Events & Training, Susanna Klein. This restructuring occurred in or about the summer of 2011.

5. After Training was removed from the Fashion - Ready to Wear department, it became clear in or about August of 2011 that we did not require a position that was one hundred percent dedicated to managing samples - *i.e.*, the Samples Coordinator position.

6. In addition to the removal of Training, which had involved the use of sample products, there was also a significant cut back on the sample budgets.

7. Further, while the previous focus of Fashion had been on point of sale trunk shows, it was determined that this focus was not "brand right" and the number of trunk shows was greatly reduced - *i.e.*, trunk shows declined from approximately one hundred to twenty a year. The new focus would be on events versus trunk shows.

8. The combination of these changes only further confirmed that a Samples Coordinator position was no longer necessary.

9. In eliminating the Samples Coordinator position, the department could focus its headcount on someone with the ability to take on heightened responsibilities.

10. Discussions concerning the need to eliminate the Samples Coordinator position began in the fall of 2011.

11. I discussed this restructuring with my direct superior, Barbara Cirkva, President of Fashion, Watches and Fine Jewelry, and Human Resources, and the decision was made to eliminate the Samples Coordinator position, which resulted in the termination of Anu Allen's employment.

12. The responsibilities previously handled by Ms. Allen, which were diminishing in light of the restructuring and business objectives, were absorbed by the account representatives and Events team in Fashion Wholesale.

13. As the Samples Coordinator position was eliminated entirely, Ms. Allen was never replaced.

14. Klein had exhibited difficulty in managing Ms. Allen and had a friendly relationship with Ms. Allen in the workplace. As a result, Klein was not involved in the ultimate decision to terminate Ms. Allen's employment and communication of that decision.

15. Ms. Allen had complained to me about working with Klein because she felt she was moody and difficult to work for. Ms. Allen never complained that Klein was discriminating against her and Ms. Allen never mentioned her race, age or sex.

Executed on November 12, 2014.

_Stephanie Zernik_
Stephanie Zernik