Christopher Thompson, ESQ.
33 Davison Lane East
West Islip, New York 11795
(631) 983-8830
Attorneys for Plaintiff:
Anu Allen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANU ALLEN,                                                              Civil Action No.: 12-CV-6758 (RPP)

                             Plaintiff,

  -against-

CHANEL, INC,

                            Defendant.
------------------------------------------------------------x

**PLAINTIFF, ANU ALLEN'S, STATEMENT OF DISPUTED MATERIAL FACTS REQUIRING A TRIAL ON THE MERITS PURSUANT TO LOCAL RULE 56.1(b)**

      Pursuant to Rule 56.1(b) of the Local Civil rules of this Court, plaintiff, ANU ALLEN ("ALLEN"), submits this statement of disputed material facts at to which Plaintiff contends there exists a genuine issue to be tried.

**The Parties**

1.     For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL") enumerated "1", "2" and "3".

2.     Plaintiff disputes paragraph "4" of Chanel's statement of undisputed material facts in which it is alleged: "Allen acknowledged receiving copies of Chanel's policies throughout her employment."

3.     In fact, Allen's testimony is: "If I signed it, I must have received it" (Allen Dep. 49: 14-15).

**Allen is Hired by Chanel, Promoted and Awarded Her Requested Transfer**

4.     For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated "5", "6", "7", "9", "10", "11", "12", "13", "14" and "15".

5.     Plaintiff disputes paragraph "8" of Chanel's statement of undisputed material facts in which it is alleged: "After working as a receptionist, Allen was promoted to the position of Office Services Coordinator effective January 2001. Allen was pleased with the promotion because she no longer found the receptionist role fulfilling."

6.     In fact, Allen's testimony is: "I considered it a promotion because I had a complaint about sexual harassment and I believe that they did what they thought was best to appease me." (Allen Dep. 49: 21-50: 2).

7.     There can be no dispute Allen had previously filed a complaint with Chanel that she was sexually harassed by Jacques Helleu (Thompson Decl. Ex A) (Allen Bates Stamp "000001- 000139). In addition, Allen testified to having been sexually assaulted by Jacques Helleu (Allen Dep. 83:8-84:8, 86:24-88:4 and 271: 20-275: 21).

**Demographics of the fashion Wholesale Division**

8.     For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated "17", "18", "19" and "20" with the exception that she was a minority in her division (Allen Dep. 122:12-24).

**Allen Has a Friendly Relationship with Klein, Yet Claims She and Everyone Else Felt She Was Extremely Difficult to Work With**

9. For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated "22", "23" "24", "25" and "26".

10. Plaintiff disputes paragraph "21" of Chanel's statement of undisputed material facts in which it is alleged: "Allen and Klein had a friendly relationship at work, during which they shared personal things about their lives".

11. In fact, after Klein left the employment of Plaintiff she had contact with nearly all of her co-worker's with the exception of Allen (Klein Dep. 13:9-14:4 and 14:23-15:2 and 73:16-20) and Allen was friendly toward her because she was afraid of her (Allen Dep. 174:13-175:3).

**The Fashion Division is Restructured Under Zernik**

12. For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "27".

13. Plaintiff disputes paragraph "21", "29" and "30" of Chanel's statement of undisputed material facts in which it is alleged: "Discussions regarding the restructuring of the Ready-to-Wear & Events Department began when Zernik got to Chanel and were ongoing for some time." and "The first restructuring that occurred under my [Zernik's] leadership was the transfer of Training out of Fashion Wholesale Events and Training" and "….there was a significant cut back on the samples budget".

14. In fact, Zernik joined Chanel in April of 2011 (Glickman Dep. 80: 25-81:4) and left Chanel in December 2012 (Glickman Dep. 81:14-17). In the time Zernik was employed by Chanel she only made one restructuring which was the transfer of training out of Fashion Wholesale Events and Training (Klein Dep.23:5-14). There is no competent evidence of the significant cut back on the samples budget.

15. Plaintiff disputes paragraph "31" of Chanel's statement of undisputed material facts in which it is alleged: "Further, while the previous focus of Fashion – Ready to Wear had been on point of sale trunk shows, it was determined that this focus was not "brand right" and the number of trunk shows was greatly reduced – i.e., trunk shows declined from approximately one hundred to twenty a year."

16. In fact, Allen states that the number was hardly reduced. (Allen Decl. Par. 3").

17. Plaintiff disputes paragraph "32", "33" and "34" of Chanel's statement of undisputed material facts in which it is alleged: "The combination of these changes only further confirmed that a Samples Coordinator position was no longer necessary." and "In August of 2011 it became clear to Zernik that they would no longer require a position that was one hundred percent dedicated to samples" and "Discussions concerning the need to eliminate the Samples Coordinator position began in the fall of 2011" and "In eliminating the Samples Coordinator position, the department could focus its headcount on someone with the ability to take on more executive level responsibilities."

18. In fact, the Samples Coordinator position was not eliminated it was simply renamed. The job description of Allen's position was amended to indicate that it was an "existing position" not a "new position" and great care was taken to rename the position keeping all of the duties that Allen previously conducted and adding only four (4) minor new responsibilities. Furthermore, the "existing position" as amended was never filled but rather the work that Allen performed was being handled by the existing younger staff and interns and there was already around $85,000 in fees being paid to consultants for the

4

work described in the "existing position" plus travel (Thompson Decl. Ex. "B")(Chanel bates stamp 000687 – 0006930)(Klein Dep. 34:2-35:23 and 36:4-37:5).

19. Moreover, the testimony of Klein and the proposed amendment to Allen's existing job description was that the "existing position" as amended was not to give someone with the ability to take on more executive level responsibilities (Thompson Decl. Ex."C")

20. Plaintiff disputes paragraph "35" of Chanel's statement of undisputed material facts in which it is alleged: "Klein was aware of the restructuring and the possible elimination of Allen's position."

21. In fact, Klein specifically denied having any knowledge of the elimination of Allen's position until after Allen was terminated (Klein Dep. 18:24-19:12).

22. Plaintiff disputes paragraph "36" of Chanel's statement of undisputed material facts in which it is alleged: "Allen did not have the requisite presentation skills and training experience to fill this position as envisioned by Chanel" and "In fact, there were no available positions in the Fashion Division for which Allen was qualified."

23. In fact, no one at Chanel ever offered the new position or any other position to Allen. That Allen was not precluded from transferring to a different division but was told she would not be offered the new position or any other position because of the allegations she was selling Chanel product (Allen Decl. Par. "4") and Klein admitted the update of Allen's position was for a junior person (Thompson Decl. Ex. "B").

24. It is undisputed that while updating Allen's existing position Glickman and Klein discussed that them must drop "coordinator" from the description and it needs to be clear that this is a most junior person so I don't want the title to be too similar to another worker in the department. (Thompson Decl. Ex. "B").

25. It is undisputed that in the nineteen (19) years of Allen's employment with Chanel she only received one (1) written warning in 2009 (Thompson Decl. Ex. "D") (Chanel Bates Stamp 000253-000254) which Allen refused to sign and she gave a written response instead (Thompson Decl. Ex "E")(Chanel Bates Stamp 000255-000256). Allen had been told by her supervisor that Klein had made Porter give the written warning and Porter apologized for giving it (Allen Dep. 132:6-10 and 140:7-18).

**Chanel Decides to Eliminate the Samples Coordinator Position As Part of the Restructuring**

26. Plaintiff disputes paragraph "36" of Chanel's statement of undisputed material facts in which it is alleged: "The decision to eliminate the Samples Coordinator position and to terminate Allen's employment was made by Zernik, with final approval from the President of Fashion, Watches and Fine Jewelry and the Senior Vice President of Human Resources." and "This decision was reached in the fall of 2011" and "Klein had previously exhibited difficulty in managing Allen and had a friendly relationship in the workplace." and "As a result, Klein was not involved in ultimately making the decision to eliminate Allen's position and terminate her employment.

27. In fact, Klein's deposition, Glickman's deposition and the e-mail exchange between Klein, Glickman and Zernik implies that Klein was the catalyst for the decision to eliminate Allen's position and that decision was made in the beginning of 2012 (Thompson Decl. Ex. "F").

28. It is undisputed Klein amended the existing job description for Allen's position (Thompson Decl. Ex. "B").

29. It is undisputed the amended job description states that it is an "update" of an "existing position" (Thompson Decl. Ex. "B").

30. It is undisputed the amendment of Allen's job description took place within weeks of Klein contacting Glickman to discuss "past and future potential situations" about Allen (Thompson Decl. Ex. "F").

**Allen Discusses Her Concerns Regarding Klein to HR & Zernik, But Did Not Raise Specific Concerns of Discrimination**

31. For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "40", "42" and "47".

32. Plaintiff disputes paragraph "41" of Chanel's statement of undisputed material facts in which it is alleged: "Glickman was never aware of Allen's race, whether she was married or if she had children".

33. In fact, Glickman had many face-to-face interactions with Plaintiff and it would be impossible for Glickman to now realize Allen is non-white (Allen Decl. Par. "4").

34. Plaintiff disputes paragraph "43", "44", "45" and "46" of Chanel's statement of undisputed material facts in its entirety.

35. In fact, these allegations are contradicted by the testimony of Glickman wherein she states that Allen raised her concerns about discrimination. Furthermore, both Klein and Zernik deny having any knowledge of any claim of discrimination by Allen against them.

36. Other than a two (2) page document prepared by Glickman, Chanel maintained no file on the allegations made by Allen and Allen although she kept a notebook detailing these events that notebook was removed from her desk (Allen Dep. 279:19-280:17).

37. It is undisputed that Allen referenced in documents disclosed to Defendant the prior existence of a book in which she documented anything that Klein said to her, Anything Allen did not feel comfortable with and the book disappeared from her desk at Chanel (Allen Dep. 280:10-17).

### Allen's Employment Is Terminated

38. For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "48". Although there is a disagreement as to if the actual date is February 28, 2012 or February 29, 2012 the one (1) day difference is immaterial.

39. For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "49", "50", "51" and "53".

40. Plaintiff disputes paragraph "52" of Chanel's statement of undisputed material facts in which it is alleged: "The Samples Coordinator position was eliminated and never refilled".

41. In fact, as stated earlier, the position was not eliminated but rather amended and Allen's positon was eliminated in retaliation for her having reported the discriminatory conduct (Thompson Decl. Ex. "B" and "F").

### Allen is Provided A Separation Package at the Time of her Termination, Which She Unilaterally Modified Without Chanel's Knowledge or Agreement

42. For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68" and "69".

43. Plaintiff disputes paragraph "70" of Chanel's statement of undisputed material facts in which it is alleged: "Had Chanel been aware that the Release Agreement had been changed, it never would have authorized the separation payment".

44.	In fact, such a statement is inadmissible and is speculative, self-serving and conclusive.

45.	It is undisputed Allen did not think it was strange that Chanel was still willing to pay her compensation for her separation from Chanel because Allen was employed for 19 years and she felt like it was owed to her (Allen Dep. 231:21-232:22).

46.	It is undisputed Allen did not think it was possible that Chanel didn't realize she made a change to the Separation Agreement and Release because she thought Chanel was intelligent enough to read the documents when they came back to them (Allen Dep. 232:23-233:9).

47.	It is undisputed Chanel had a policy for severance benefits during Allen's employment that did not require a release (Thompson Decl. Ex. "G" and Ex. "H")(Chanel Bates Stamp 000417-000420 and 000522-000528).

48.	It is undisputed Allen deposited the check she received as a result of executing a Separation and Release Agreement with Chanel that she deposited with the restrictive covenant: "With Reservation of Right" (Thompson Decl. Ex. "I").

49.	It is undisputed Chanel held the Separation and Release Agreement for fifteen (15) days before releasing the settlement check (Glickman Dep. 99:15-18).

50.	It is undisputed the Separation and Release Agreement was forwarded to Chanel's legal department (Glickman Dep. 109:6-110:4).

**Allen Lacks Any Evidence of Discrimination And Asserts Conclusory Claims Concerning Her Treatment and the Elimination of Her Position.**

51.     For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "71", "72" and "73".

52.     It is undisputed Allen complained to Glickman about inappropriate and discriminatory behavior by both Klein and Zernik (Allen Dep. 178:24-179:8)(Glickman Dep. 44:18-45:11 and 51:3-7 and 51:20-52:6).

53.     It is undisputed Allen heard Klein state that she would be a single mother because of her age (Allen Dep. 120:4- 121:5 and 121:15-22).

54.     It is undisputed Allen heard Zernik tell Klein Chanel needed more white Jewish employees like themselves (Allen Dep. 161:9-162:18 and 162:22-163:2).


**Aimee Trralba, Timothy Doran, Richard Bleaman and Dominic McNally Are Not Similarly-Situated to Allen and Allen Has No Personal Knowledge Concerning Their Employment With or Departures from Chanel.**

55.     For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "75" and "76".


**Allen's EEOC Charge and Lawsuit**

56.     For purposes of this motion for Summary Judgment only, Plaintiff concedes the statement of undisputed material facts submitted by defendant, CHANEL, INC. ("CHANEL"), enumerated Plaintiff disputes paragraph "77" and "78".

**Defendant's Answer**

57. It is undisputed Defendant's original answer to complaint, affirmative defenses and other defenses, and counterclaims include counterclaims for; fraud, reformation of contract, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, conversion and trespass to chattels (Thompson Decl. Ex. "J").

58. Plaintiff has attached for the Court's convenience copies of the full transcripts of the Allen deposition (Thompson Decl. Ex. "K"), Glickman deposition (Thompson Decl. Ex. "L") and Klein deposition (Thompson Decl. Ex. "M").

Dated: West Islip, New York
December 15, 2014

LAW OFFICES OF CHRISTOPHER THOMPSON

By: _____
Christopher Thompson, ESQ.
*Attorney for Plaintiff, Anu Allen*
33 Davison Lane East
West Islip, New York 11795
Tel: (631) 983-8830
Fax: (631) 983-8831
ctalawman@aol.com

TO:

Lorle E. Almon, ESQ.
Caitlin S. Ladd, ESQ.
SEYFARTH SHAW, LLP
620 Eighth Avenue
New York, New York 10018
*Attorneys for Defendant:*
*Chanel, Inc.*
Lalmon@seyfarth.com
Cladd@seyfarth.com