UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANU ALLEN,                                  :
                                            :
                Plaintiff,  :  **ECF CASE**
                                            :
  - against -                              :  12-CV-6758-RPP
                                            :
CHANEL, INC.,                               :
                                            :
                Defendant.  :
-----------------------------------------------------------------x

**CHANEL, INC.'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Dated: New York, New York
       December 22, 2014

                    Lorie E. Almon
                    Caitlin S. Ladd
               SEYFARTH SHAW LLP
       620 Eighth Avenue, 32nd Floor
        New York, New York 10018
                (212) 218-5500

        *Attorneys for Defendant Chanel, Inc.*

# TABLE OF CONTENTS

                                                  **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 2

A.     THE ASSERTIONS IN ALLEN'S OPPOSITION PAPERS ARE BASED UPON SPECULATION, MERE DENIALS AND CONTRADICTIONS ................................... 2

B.     ALLEN HAS NO EVIDENCE TO SHOW THAT CHANEL'S REASON FOR TERMINATING HER EMPLOYMENT WAS FALSE OR THAT THE TRUE REASON WAS INTENTIONAL DISCRIMINATION ..................................................... 5

        1.     Allen Has Not Shown That Chanel's Reasons Were False ................................... 6

        2.     Allen Did Not Demonstrate That Her Age, Race or Sex Were The Real Reasons For Her Termination ................................................................................ 7

C.     ALLEN FAILED TO RESPOND TO AND THUS CONCEDES CHANEL'S ARGUMENTS REGARDING RETALIATION ................................................................ 8

D.     ALLEN DID NOT RAISE FACTUAL ISSUES CONCERNING CHANEL'S CLAIM FOR UNJUST ENRICHMENT ........................................................................ 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).................................................................................................................2

*Atkins v. Cnty. of Orange*,
   251 F. Supp. 2d 1225 (S.D.N.Y. 2003)......................................................................................8

*Brandon v. City of New York*,
   705 F. Supp. 2d 261 (S.D.N.Y. 2010)........................................................................................8

*Britt v. Merrill Lynch & Co., Inc.*,
   No. 08CV5356, 2011 WL 4000992 (S.D.N.Y. Aug. 26, 2011) .................................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).................................................................................................................2

*Counihan v. Allstate Ins. Co.*,
   194 F.3d 357 (2d Cir. 1999)....................................................................................................10

*Goenaga v. March of Dimes Birth Defects Found.*,
   51 F.3d 14 (2d Cir. 1995).........................................................................................................4

*Kazukiewicz v. Kaleida Health*,
   No. 08-cv-341, 2010 WL 2998671 (W.D.N.Y. July 26, 2010) .................................................7

*Lizardo v. Denny's, Inc.*,
   270 F.3d 94 (2d Cir. 2001).......................................................................................................7

*Perma Research & Dev. Co. v. Singer Co.*,
   410 F.2d 572 (2d Cir. 1969).....................................................................................................4

*Sellers v. M.C. Floor Crafters, Inc.*,
   842 F.2d 639 (2d Cir. 1988).....................................................................................................4

*Turner v. NYU Hosps. Ctr.*,
   470 F. App'x 20 (2d Cir. 2012) ................................................................................................5

*West 79th St. Corp. v. Congregational Kahl Michas Chinuch*,
   No. 03 Civ. 8606, 2004 WL 2187069 (S.D.N.Y. Sept. 29, 2004) ............................................8

*Woroski v. Nashua Corp.*,
   90-CV-147, 1993 U.S. Dist. LEXIS 15189 (N.D.N.Y. Oct. 18, 1993),
   *aff'd*, 31 F.3d 105 (2d Cir. 1994) ............................................................................................4

**STATUTES**

COBRA ............................................................................................................................. 2, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56.1(b) ........................................................................................................ 2

Fed. R. Civ. P. 56(e) ....................................................................................................... 1, 6

**PRELIMINARY STATEMENT**

Defendant Chanel, Inc. ("Chanel") respectfully submits this reply memorandum of law in further support of its motion for summary judgment, seeking the dismissal of plaintiff Anu Allen's ("Allen's") claims of discrimination and retaliation[1] and granting Chanel's counterclaim for unjust enrichment.[2]

Allen's opposition papers are ineffective, in that they fail to cite to the factual record and are overflowing with conclusory allegations, self-serving statements, contradictions of the record, unsubstantiated denials, and conspiracy theories. Moreover, they are devoid of any admissible evidence of discriminatory or retaliatory animus. Allen's memorandum also fails to refute the plethora of controlling case law cited in Chanel's moving brief. To the extent Allen contests any facts, her denials amount to subjective disagreements, misunderstandings of the clear factual record, and assertions of her own beliefs or opinions.

Allen has not satisfied her obligations under Second Circuit precedent and Fed. R. Civ. P. 56(e), which require a nonmoving party to come forward with *concrete evidence* of discrimination in order to withstand a motion for summary judgment. Allen cannot, however, avoid summary judgment by relying on her own conjecture, substituting the intentions of the Fashion Wholesale Division executives with her own suppositions. To permit Allen to obtain a

---

[1] Quixotically, Allen's opposition papers contend that Chanel made no argument in support of summary judgment concerning Allen's NYSHRL claims. (Pl.'s Mem. at 1). Chanel's moving papers, however, make clear that it is seeking a dismissal of *all* of discrimination and retaliation claims. (Def.'s Mem. at 1, 10-12). In fact, Chanel specifically observed that the NYSHRL follows the same evidentiary framework as Title VII and cited case law to that effect. (Def.'s Mem. at 11, n. 1). For the avoidance of any doubt, however, Chanel hereby asserts that it is moving for summary judgment on all claims pled by Allen.

[2] The abbreviated and capitalized terms used in this reply are defined in "Defendant's Memorandum of Law in Support of its Motion for Summary Judgment." ("Def.'s Mem."). "Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1" will be cited as "Def.'s 56.1;" "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and for Judgment on the Counterclaim for Unjust Enrichment" will be cited herein as "Pl.'s Mem.;" "Plaintiff, Anu Allen's Statement of Disputed Material Facts Requiring a Trial on the Merits Pursuant to Local Rule 56.1(b)" will be cited herein as "Pl.'s 56.1(b);" and "Declaration of Anu Allen in Opposition to Motion for Summary Judgment and Judgment on Counterclaim for Unjust Enrichment" will be cited herein as "Pl.'s Aff."

trial based solely on her own misguided and purely speculative notions that she was subjected to discrimination would flatly contradict the mandates of *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), which require the granting of summary judgment when, as here, the nonmoving party's position lacks a factual basis. As to her retaliation claim, Allen has failed to respond to Chanel's arguments and has thus effectively abandoned such claim. Finally, Allen has failed to produce admissible evidence that a contract exists between Allen and Chanel regarding her separation of employment or that she was not unjustly enriched by receiving a separation payment and five months of COBRA coverage at Chanel's expense.

For these reasons and those demonstrated in Chanel's moving papers, the Court should grant summary judgment dismissing Allen's Complaint in its entirety and finding in Chanel's favor with respect to its counterclaim for unjust enrichment.

**ARGUMENT**

**A. THE ASSERTIONS IN ALLEN'S OPPOSITION PAPERS ARE BASED UPON SPECULATION, MERE DENIALS AND CONTRADICTIONS**

Allen has taken extreme liberties with the record, contravening her responsibilities under the rules of this Court. The chart below highlights how many of the "factual" assertions in Allen's opposition papers and Rule 56.1(b) Statement of Disputed Material Facts are based on nothing more than speculation and misstatements or contradictions of the record.[3]

---

[3] Notably, Allen's opposition papers do not cite to the record in any way. Thus, it is often unclear the purported "evidence" upon which she relies in making her sweeping statements. For example, Plaintiff's opposition papers discuss a "sexual assault" that occurred in the "early years of her career." (Pl.'s Mem. at 1-2). As an initial matter, the statements concerning these alleged circumstances are not supported by citations to the factual record. Moreover, as noted in Chanel's moving papers, while Allen does not assert a claim in connection with her alleged sexual harassment in or around 1998, any such claim is clearly time-barred. (*See* Def.'s Mem. at 12, n. 3).

2

| **Allen's Factual Assertions** | **Undisputed Facts in Record** |
|---|---|
| "[T]he changes to the existing position were made as a cover-up of the pretextual reasons for the elimination of Allen's job not Allen's position." (Pl.'s Mem. at 8). | As part of the restructuring discussions, the Samples Coordinator position description was revised to reflect a possible new position. (Def.'s 56.1, ¶ 35). The new position, however, was never implemented. (Def.'s 56.1, ¶ 37). |
| "Klein was the catalyst for the decision to eliminate Allen's position and that decision was made in the beginning of 2012." (Pl.'s 56.1(b), ¶ 27). | Klein was not involved in making the decision to eliminate Allen's position and terminate her employment. (Def.'s 56.1, ¶ 39). Indeed, Klein denied having any knowledge of the elimination of Allen's position until after Allen was terminated. (Pl.'s 56.1(b), ¶ 21). |
| "My recollection after training was moved out of our department is the number of shows I participated in were not drastically reduced." (Pl. Aff., ¶ 3). | The previous focus of Fashion - Ready to Wear shifted and the number of trunk shows was being greatly reduced moving forward. (Def.'s 56.1, ¶ 31). Zernik was employed through December of 2012, well beyond Allen's termination. (Zernik Decl., ¶ 2). |
| "The Samples Coordinator position was not eliminated it was simply renamed." (Pl.'s 56.1(b), ¶¶ 18, 41). | As part of the restructuring discussions, the Samples Coordinator position description was revised to reflect a possible new position. (Def.'s 56.1, ¶ 35). The new position, however, was never implemented. (Def.'s 56.1, ¶ 37). The Samples Coordinator position was eliminated and never refilled. (Def.'s 56.1, ¶ 52). |
| "[A] corporate restructure that never took place." (Pl.'s Mem. at 1). | The Samples Coordinator position was eliminated and never refilled. (Def.'s 56.1, ¶ 52). |
| "It is undisputed that Chanel replaced the duties performed by Allen, then forty-four (44) years old, with an intern substantially younger than Allen." (Pl.'s Mem. at 5). | The responsibilities previously handled by Allen as the Samples Coordinator were absorbed by the account representatives and Events team in Fashion Wholesale. (Def.'s 56.1, ¶ 53; Pl.'s 56.1(b), ¶ 39). |

| "[T]estimony of Glickman wherein she states that Allen raised her concerns about discrimination." (Pl.'s 56.1(b), ¶ 35). | During the week of January 30, 2012, Glickman and Allen spoke about Allen's working relationship with Klein. (Def.'s 56.1, ¶ 43). Specifically, Allen explained to Glickman that she was uncomfortable working with Klein and that she felt she treated her poorly and differently from others because she was not well educated, blonde or from money. (*Id.*) Allen never complained that she was being discriminated against. (*Id.*) |

The self-serving, conclusory and contradictory statements contained in Allen's opposition papers and 56.1(b) are insufficient to defeat a motion for summary judgment and should be stricken. *See e.g., Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (a plaintiff cannot defeat a motion for summary judgment by ignoring or misstating the record or by relying on "unsupported [factual] assertions ... conjecture or surmise" or "'upon the mere allegations or denials of the adverse party's pleadings'") (citations omitted); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) (affidavits must be based on personal knowledge); *Woroski v. Nashua Corp.*, 90-CV-147, 1993 U.S. Dist. LEXIS 15189, at *40, (N.D.N.Y. Oct. 18, 1993) ("conclusory statements in [56.1] statements, unsupported by any admissible affirmative evidence, do not create genuine issues of material fact"), *aff'd*, 31 F.3d 105 (2d Cir. 1994); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (a party cannot contradict prior sworn testimony to avoid summary judgment).

In opposition to Chanel's moving papers, Allen has set forth a conspiracy theory in which Klein and Zernik, with Glickman's assistance, sought to secretly amend the Samples Coordinator position under the guise of a corporate restructuring so that they could terminate Allen's employment. (Pl.'s Mem at 1-2;7-9). In reality, however, the record is clear that the job description for the Samples Coordinator position was amended, in draft form, as part of the ongoing restructuring discussions. (Def.'s 56.1, ¶ 35). An amended position, however, was

4

never implemented. (Def.'s 56.1, ¶ 37). Ultimately, the decision was made to eliminate the Samples Coordinator position entirely. (Def.'s 56.1, ¶ 39). This decision did not involve Klein; indeed, Klein did not have any knowledge of Allen's termination until the day it occurred. (Pl.'s 56.1(b), ¶ 21). Once the Samples Coordinator position was refilled, the responsibilities were dispersed amongst the account representatives and Events team in Fashion Wholesale. (Def.'s 56.1, ¶ 53; Pl.'s 56.1(b), ¶ 39). Allen's contention otherwise is nothing more than pure speculation unsupported by concrete evidence.

In the end, Allen's 56.1(b) and opposition papers are overrun with denials, contradictions and assertions based on nothing more than her own speculation, and she cannot prove discrimination simply by pointing to the fact that she is a member of a protected class and disagreeing with Chanel's decision to eliminate the Samples Coordinator position. *See Turner v. NYU Hosps. Ctr.*, 470 F. App'x 20, 23 (2d Cir. 2012) (Summary Order; disagreement with defendant did not amount to evidence of qualifications required to defeat summary judgment on grounds of pretext); *Britt v. Merrill Lynch & Co., Inc.*, No. 08CV5356, 2011 WL 4000992, at *10 (S.D.N.Y. Aug. 26, 2011) (plaintiff's disagreement, absent evidence of discriminatory animus, was insufficient to survive summary judgment, even if defendant was "unwise, unreasonable, or wrong").

**B.     ALLEN HAS NO EVIDENCE TO SHOW THAT CHANEL'S REASON FOR TERMINATING HER EMPLOYMENT WAS FALSE AND THAT THE TRUE REASON WAS INTENTIONAL DISCRIMINATION**

As Chanel demonstrated in its moving brief, to survive a motion for summary judgment in this Circuit, Allen was required to produce competent evidence from which a jury could find *both* that (1) Chanel's reason for terminated her employment - a simple position elimination based on the needs of the business - was false *and* (2) her age, race and sex were the true reasons for the decision. (Def.'s Mem. at 12-14). Allen has failed to present any concrete evidence as to

5

either of the above and therefore has failed to satisfy her obligations under Second Circuit precedent and Fed. R. Civ. P. 56(e).

### 1. **<u>Allen Has Not Shown That Chanel's Reasons Were False</u>**

Nowhere in Allen's opposition papers does she set forth any particular facts from which a jury could find that Chanel's reasons for eliminating the Samples Coordinator position and terminating her employment are unworthy of credence. Instead, she merely speculates based on her subjective conspiracy theory that the position elimination was a complete fabrication. (Pl.'s Mem. at 1-2;7-9). Indeed, Allen admitted at her deposition that the Samples Coordinator position was eliminated; in essence, admitting that the reason for her termination were true. (Def.'s 56.1, ¶ 51). Now, however, Allen attempts to claim - as her only evidence in support of establishing a *prima facie* case of [age] discrimination - that her position was refilled by a substantially younger unnamed intern. (Pl.'s Mem. at 4-5). In doing so, however, Allen fails to identify the factual record to support her contention, perhaps because the factual record is clear otherwise. (Def.'s 56.1, ¶ 53; Pl.'s 56.1(b), ¶ 39). Absent admissible evidence to support her claim, she has given the Court no choice but to dismiss her claim. In addition, Allen fails to address and has effectively conceded Chanel's arguments which negate any inference of discrimination - that other employees of the same protected classes were not adversely affected, that Allen is younger than and the same sex as the decision-makers, and that allegations concerning former Chanel employees are wholly unsupported. (Def.'s Mem. at 14-17). Therefore, summary judgment should be granted to Chanel on Allen's discrimination claims.

## 2. Allen Did Not Demonstrate That Her Age, Race or Sex Were The Real Reasons For Her Termination

Despite Allen's unsupported attempts to poke holes in Chanel's legitimate reason, nothing she offers constitutes evidence of age, race or sex discrimination.[4] She has not come forward with a shred of factually supported admissible evidence contradicting the sworn statements of the decision-makers. Allen's subjective opinion of the various decision-makers' motives is irrelevant. *Kazukiewicz v. Kaleida Health*, No. 08-cv-341, 2010 WL 2998671, at *5 (W.D.N.Y. July 26, 2010) ("[C]ourts have uniformly rejected the notion that a plaintiff's subjective belief about facially neutral evidence, in the absence of any other indication of discriminatory animus, is sufficient to create a genuine issue of fact.").

Even accepting Allen's contention that a cat's paw theory implicates Klein in the decision-making process - a theory that is entirely unsupported by the undisputed record (Def.'s 56.1, ¶ 39; Pl.'s 56.1(b), ¶ 21) - such alleged involvement or influence does not undermine the fact that the Samples Coordinator position was eliminated by Zernik and Cirkva because of the needs of Chanel's business at the time. (*See* Def.'s 56.1, ¶¶ 27-34; 38).

In the end, Allen's arguments concerning pretext are based on her own speculative and conclusory opinion that Chanel engaged in a vast conspiracy theory to terminate her employment. (Pl.'s Mem. at 7-9). This conjecture, however, is insufficient to establish pretext, create an issue of fact, or survive summary judgment. *See*, *e.g.*, *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001) ("Plaintiffs have done little more than cite to their mistreatment and ask the court to conclude that it must have been related to their race. This is not sufficient.").

---

[4] While Allen contends that she was discriminated against on the basis of her age, race and sex, throughout her opposition papers she repeatedly references only age and race discrimination. *See* Pl.'s Mem. at 1 ("Allen's termination was actually the result of age and race discrimination."); 5 ("Allen's termination occurred under circumstances giving rise to an inference of discrimination - both age and race."); 7 ("Klein and Zernik's age and race bias.")

7

C.  **ALLEN FAILED TO RESPOND TO AND THUS CONCEDES CHANEL'S ARGUMENTS REGARDING RETALIATION**

As a preliminary matter, Plaintiff's opposition papers focus entirely on her claims of discrimination and fail to oppose Chanel's arguments concerning the insufficiency of Allen's retaliation claim. (*See* Def.'s Mem. at 19-22). For this reason alone, Allen's retaliation claim should be dismissed with prejudice. *See, e.g., Brandon v. City of New York*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (because plaintiff "did not raise any arguments opposing Defendants' motion regarding these two claims . . . the Court deems [plaintiff's] first and third claims abandoned"); *West 79th St. Corp. v. Congregational Kahl Michas Chinuch*, No. 03 Civ. 8606, 2004 WL 2187069, at *4 (S.D.N.Y. Sept. 29, 2004) (plaintiff deemed to have abandoned claim it did not mention in papers submitted in opposition to motion to dismiss); *Atkins v. Cnty. of Orange*, 251 F. Supp. 2d 1225, 1230 n.3 (S.D.N.Y. 2003) (plaintiffs' failure to address some claims in their opposition papers enabled court to conclude they abandoned them).

Moreover, even construing Allen's contentions concerning discrimination to somehow encompass her retaliation claims, there are no undisputed issues of fact to revive Allen's unmeritorious retaliation claim. First, Allen did not engage in protected activity. (*See* Def.'s Mem. at 20). In an apparent effort to combat this argument, Allen distorts the factual record to contend that Glickman concedes that Allen complained of discrimination. (*See* Pl.'s 56.1(b), ¶ 35). Glickman, however, testified that she did not believe Allen's complaint to be one of discrimination at the time, but rather, that Allen explained to Glickman that she was uncomfortable working with Klein and that she felt she treated her poorly and differently from others because she was not well educated, blonde or from money. (*See* Def.'s 56.1, ¶ 43). Moreover, it is clearly undisputed that Cirkva, a decision-maker, had no knowledge of Allen's complaints to Zernik and Human Resources concerning Klein's or Zernik's managerial styles or

8

otherwise. (*See* Def's Mem. at 20-21).

Finally, Allen has failed to prove a causal connection between her purported activity and the legitimate reasoning behind Chanel's decision to terminate her employment. (*See* Def's Mem. at 21). Nor has she demonstrated that the articulated reason was a pretext for retaliation. (*See* Def's Mem. at 21-22). Accordingly, summary judgment should be awarded to Chanel on Allen's retaliation claim.

**D.  ALLEN DID NOT RAISE FACTUAL ISSUES CONCERNING CHANEL'S CLAIM FOR UNJUST ENRICHMENT[5]**

Allen does not dispute the circumstances surrounding her unilateral modification of the pre-signed Release Agreement presented to her at the time of her termination. (Def.'s 56.1, ¶¶ 54-69; Pl.'s 56.1(b), ¶ 42). More precisely, she does not contend the fact that she completely lacks knowledge as to whether anyone at Chanel ever became aware of the changes she made to the Release Agreement. (Def.'s 56.1, ¶ 67; Pl.'s 56.1(b), ¶ 42). Thus, Allen is unable to demonstrate that a binding contract between she and Chanel was ever formed because there was no meeting of the minds. (*See* Def.'s Mem. at 23-24).

Similarly, Allen does not dispute the fact that Chanel authorized the separation payment, which she cashed, and that she was provided five months of COBRA coverage at Chanel's expense. (Def.'s 56.1, ¶ 69; Pl.'s 56.1(b), ¶ 42). Allen's disbelief that Chanel did not discover the surreptitious modifications (Pl.'s 56.1(b), ¶ 46) or opinion that she should have been entitled to the compensation because she was employed for 19 years (Pl.'s 56.1(b), ¶ 45) does not alter the undisputed facts that Allen received a benefit at Chanel's expense for which there was no underlying contractual obligation.[6]

---

[5] Chanel reserves the right to proceed on all of its counterclaims, some of which were pled in the alternative.
[6] Allen claims that the modified Release Agreement did release Chanel from numerous claims. (*See* Pl.'s Mem. at 10). Putting aside the fact that no contract exists because there is no meeting of the minds, the record is clear that

Given these circumstances, equity and good conscience require restitution and, contrary to Plaintiff's contention (Pl.'s Mem. at 10), this Court is positioned to make that determination. *See Counihan v. Allstate Ins. Co.*, 194 F.3d 357 (2d Cir. 1999) (affirming District Court conclusion that in order to prevent unjust enrichment, equity and good conscience dictated the remedy); *see also*, Def.'s Mem. at 23-25.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Chanel's moving brief, the Court should grant summary judgment dismissing Allen's Complaint in its entirety and finding in Chanel's favor with respect to its counterclaim for unjust enrichment.

Dated: New York, New York
December 22, 2014

SEYFARTH SHAW LLP

By: */s/ Lorie E. Almon*
Lorie E. Almon
lalmon@seyfarth.com
Caitlin S. Ladd
cladd@seyfarth.com
620 Eighth Avenue, Suite 3200
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant Chanel, Inc.*

---

the changes made by Allen to the general release resulted in language that excluded all claims from being released against Chanel. (*See* Def.'s 56.1, ¶ 63).