UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| ANU ALLEN, | : | **ECF CASE** |
| | : | |
| Plaintiff, | : | Civil Action No. 12-cv-6758 (RPP) |
| | : | |
| - against - | : | |
| | : | **DEFENDANT'S AMENDED** |
| CHANEL, INC., | : | **ANSWER TO COMPLAINT,** |
| | : | **AFFIRMATIVE AND OTHER** |
| | : | **DEFENSES, AND AMENDED** |
| Defendant. | : | **COUNTERCLAIMS** |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Chanel, Inc. ("Chanel"), by and through its attorneys, Seyfarth Shaw LLP, hereby files this amended answer, affirmative and other defenses, and amended counterclaims to Plaintiff Anu Allen's ("Plaintiff") Complaint:

## INTRODUCTION

**COMPLAINT ¶ 1:**

This action is brought by Plaintiff challenging acts committed by Defendant against Plaintiff amounting to violations of applicable law concerning employment discrimination, harassment and wrongful termination.

**ANSWER:**

The allegations contained in Paragraph 1 of the Complaint state conclusions of law only and thus no response is required. To the extent a response is required, Chanel denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to complain of the alleged conduct as stated therein. Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 2:**

Defendant committed violations of these laws by engaging in continuous and systemic actions of harassment and discrimination directed at the Plaintiff resulting in the unlawful retaliation of terminating her employment.

**ANSWER:**

The allegations contained in Paragraph 2 of the Complaint state conclusions of law only and thus no response is required.  To the extent a response is required, Chanel denies the allegations contained in Paragraph 2 of the Complaint, except admits that Plaintiff purports to complain of the alleged conduct as stated herein.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

## JURISDICTION AND VENUE

**COMPLAINT ¶ 3:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 *et seq.*

**ANSWER:**

The allegations contained in Paragraph 3 of the Complaint state conclusions of law only and thus no response is required.  To the extent a response is required, Chanel admits that Plaintiff purports to invoke this Court's jurisdiction as set forth in Paragraph 3.

19560246v.1

**COMPLAINT ¶ 4:**

The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**

The allegations contained in Paragraph 4 of the Complaint state conclusions of law only and thus no response is required. To the extent a response is required, Chanel admits that Plaintiff purports to invoke this Court's jurisdiction as set forth in Paragraph 4.

**COMPLAINT ¶ 5:**

Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that, and upon information and belief, Defendants [sic] maintain [sic] offices, conduct [sic] business and reside [sic] in this district.

**ANSWER:**

The allegations contained in Paragraph 5 of the Complaint state conclusions of law only and thus no response is required. To the extent a response is required, Chanel denies the allegations contained in Paragraph 5 of the Complaint, except admits that Plaintiff alleges that venue is proper as set forth in Paragraph 5.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 6:**

Additionally, on or about May 10, 2012, Plaintiff filed a timely charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"). On or about June

6, 2012, the EEOC issued a Dismissal and Notice of Rights to Sue Plaintiff. As a result, Plaintiff

has satisfied the statutory requirements for the filing of this action.

**ANSWER:**

Chanel denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in Paragraph 6 of the Complaint relating to the EEOC's Dismissal and

Notice of Rights to Sue and leaves Plaintiff to her proofs.  Chanel denies the remaining allegations

contained in Paragraph 6 of the Complaint, except admits that Plaintiff filed a Charge of

Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about

May 10, 2012.

**PARTIES**

**COMPLAINT ¶ 7:**

Plaintiff resides in Bronxville, New York. Plaintiff is a forty-three (43) year old female of

Asian/Indian descent. At all times hereinafter, Plaintiff was an "employee" of Defendant within the

meaning of 42 U.S.C. 2000e, *et seq.*, 42 U.S.C. § 1981, *et seq.*, 29 U.S.C. § 621, *et seq.*, and N.Y.

Exec. L. § 290, *et seq.*

**ANSWER:**

Chanel denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations regarding Plaintiff's residence, race and age.  The remaining allegations contained

in Paragraph 7 of the Complaint state conclusions of law only and thus no response is required.  To

the extent a response is required, Chanel denies the remaining allegations contained in Paragraph 7

of the Complaint.

**COMPLAINT ¶ 8:**

Upon information and belief, Defendant, CHANEL is a corporation organized under the

laws of the State of New York and has a principal place of business within New York County, New

4

York. Upon information and belief, this Defendant employs over 200 individuals. Additionally, Defendant, CHANEL was and is an "employer" within the meaning of 42 U.S.C. 2000e, *et seq.*, 42 U.S.C. § 1981, *et seq.*, 29 U.S.C. § 621, *et seq.*, and N.Y. Exec. L. § 290, *et seq.*

**ANSWER:**

Chanel admits that it is a corporation organized under the laws of the State of New York, that it has a principal place of business within New York County, New York and that it employs over 200 individuals.  The remaining allegations contained in Paragraph 8 of the Complaint state conclusions of law only and thus no response is required.   To the extent a response is required, Chanel denies the remaining allegations contained in Paragraph 8 of the Complaint.

## BACKGROUND

**COMPLAINT ¶ 9:**

On or about May 10, 1993, plaintiff was hired by defendant as a full-time employee to work as the main executive receptionist at the corporate headquarters of defendant located on the 44th floor at Nine West 57th Street, New York, New York.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff was hired by Chanel as a full-time employee on or about May 10, 1993 and that she worked as a receptionist at Chanel's corporate headquarters located on the 44th floor at Nine West 57th Street, New York, New York.

**COMPLAINT ¶ 10:**

Upon information and belief, the main executive reception area was created to produce a perception of opulence, wealth, style and fashion with a young, beautiful and exotic appearing female receptionist as its centerpiece.

19560246v.1

**ANSWER:**

Chanel denies the allegations contained in Paragraph 10 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 11:**

After working in this position as the main executive receptionist for a period of over seven (7) years plaintiff was transferred out of public view into the mailroom area with the title of Office Services Coordinator. After protesting about the location of her new office plaintiff was moved into the sales area on the 44th floor but still outside of public view.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiff was employed as a receptionist from on or about May 10, 1993 to on or about January 2, 2001, and that she was then employed as a Coordinator - Office Services.

**COMPLAINT ¶ 12:**

After working in this position for approximately six (6) years plaintiff was once again transferred into a different building on the 7th floor at 15 East 57th Street, New York, New York with the title of Samples Coordinator for the Fashion Division of defendant. This position was held until February 29, 2012 when plaintiff was terminated by defendant.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff was employed as a Coordinator - Office Services from on or about January 2, 2001 to on or about July 30, 2007, that she was then employed as a Samples Coordinator for Chanel's Fashion Division at 15 East 57th Street, New York, New York, and that Chanel terminated Plaintiff's employment on or about February 29, 2012.

**COMPLAINT ¶ 13:**

Upon information and belief, defendant terminated plaintiff on the grounds that her position of Samples Coordinator for the Fashion Division had been eliminated and demanded that Plaintiff execute a general release agreement which Plaintiff refused to sign without making chances [sic] which changes were made specifically retaining to Plaintiff the right to seek redress in this Court for the outrageous actions exercised against Plaintiff by Defendant.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 13 of the Complaint, except admits that Chanel terminated Plaintiff's employment as a result of a reorganization and the elimination of her position and that Chanel provided Plaintiff with a hard copy of a "Settlement and Release Agreement." Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 14:**

Upon information and belief the Samples Coordinator for the Fashion Division is a position that still exists and the reason for the termination of plaintiffs termination was motivated by discriminatory practices routinely conducted within defendant's corporate governance.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 14 of the Complaint. Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 15:**

Upon information and belief, defendant has routinely practiced age, race and sex discrimination against its employees including the plaintiff as well as former employees; Aimee Trralba, Timothy Doran, Richard Bleaman and Dominic McNally.

7

**ANSWER:**

Chanel denies the allegations contained in Paragraph 15 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 16:**

In addition to the wrongful termination of the plaintiff based upon her age, race and sex defendant intentionally terminated plaintiff in retaliation for her complaint in December 2011 to supervisor Stephanie Zernik about repeated discriminatory comments made to plaintiff by her boss, Suzanne Klein.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 16 of the Complaint, except Chanel denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint relating to Plaintiff's alleged conversation with Stephanie Zernik.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 17:**

Specifically, and among other statements, on or about September 8, 2011, Suzanne Klein told plaintiff that it was clear; since she was not white, not married and getting old that she would be just another single-mother like all of the other minorities.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 17 of the Complaint.

**COMPLAINT ¶ 18:**

This comment followed another incident days earlier when in the presence of plaintiff Stephanie Zernik commented to Suzanne Klein that the company had too many Asian and minority

workers and not enough Jewish Girls like them. The implication "like them" meaning white with husbands and personal wealth and not dependent upon the income derived from their employment.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 18 of the Complaint.

**COMPLAINT ¶ 19:**

At all relevant times Plaintiff was qualified for her position with Defendant and performed her job duties in a most satisfactory manner.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶ 20:**

During Plaintiff's employment with Defendant, Stephanie Zurnik, Suzanne Klien [sic] and other employees, agents and/or representatives of Defendant discriminated against Plaintiff regarding the terms, conditions and privileges of employment, and employment opportunities because of her race, age and sex. Moreover, Defendant harassed Plaintiff regarding her age, race and sexual orientation.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 20 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 21:**

During Plaintiffs [sic] employment with Defendant, Plaintiff opposed objected to and/or complained of unlawful employment discrimination and harassment based on race, sex, age and unlawful employment practices.

9

**ANSWER:**

Chanel denies the allegations contained in Paragraph 21 of the Complaint, except admits that, more than a decade ago, Plaintiff complained of improper conduct, which was investigated and in response to which Chanel took appropriate and effective remedial action.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 22:**

Upon information and belief, Defendant did not investigate, nor did they [sic] take any remedial action in response to Plaintiff's opposition to, objection to and/or complaints about Defendant's unlawful discrimination and harassment.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 22 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 23:**

Defendant ignored Plaintiff's opposition to, objections to and/or complaints about Defendants' [sic] unlawful discrimination and harassment, and continued to discriminate and harass Plaintiff.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 23 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 24:**

Defendant unlawfully retaliated against Plaintiff opposing, objecting and/or complaining of unlawful discrimination and harassment, regarding terms, conditions and privileges of employment and employment opportunities. Ultimately, Defendant discharged Plaintiff because she engaged in such protected conduct.

19560246v.1

**ANSWER:**

Chanel denies the allegations contained in Paragraph 24 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 25:**

Plaintiff advised Defendant of the discriminatory and harassing conduct on numerous occasions, the last being on or about December 2011. Upon information and belief, due to reporting the unlawful discrimination and harassment, Plaintiff was terminated from her employment.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 25 of the Complaint, except admits that Chanel terminated Plaintiff's employment on or about February 29, 2012.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 26:**

Defendant knew or should have known of the unlawful discrimination and unlawful retaliation by Defendant and/or Defendants' [sic] employees against Plaintiff, yet Defendant took no action to stop or remedy such unlawful misconduct.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 26 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 27:**

Upon information and belief, Defendant authorized their [sic] employees, either explicitly or impliedly, to engage in unlawful discrimination, workplace harassment and unlawful retaliation against Plaintiff.

19560246v.1

**ANSWER:**

Chanel denies the allegations contained in Paragraph 27 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 28:**

Upon information and belief, Defendant's reason for terminating Plaintiff was a pretext to the unlawful discrimination and workplace harassment and constitutes unlawful retaliation for the within stated actions of Plaintiff.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 28 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 29:**

Upon information and belief, Defendant intentionally discriminated against Plaintiff because of her race, sex and age with respect to compensation, terms, conditions and privileges of employment, and employment opportunities.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 29 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 30:**

Upon information and belief, Defendant unlawfully retaliated against Plaintiff regarding compensation, terms, conditions and privileges of employment, resulting in her unlawful termination, due to Plaintiff engaging in protected activity.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 30 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

12

**COMPLAINT ¶ 31:**

Upon information and belief, Defendant failed to exercise reasonable care to prevent and/or correct Defendants' [sic] and/or Defendants' [sic] employees or agents unlawful discrimination and unlawful retaliation against Plaintiff.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 31 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 32:**

Upon information and belief, Defendant have [sic] engaged in a pattern and practice of unlawful discrimination based on race, sex, age, unlawful employment practices and unlawful harassment and retaliation.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 32 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 33:**

Upon information and belief, Defendants' [sic] unlawful discrimination, harassment and retaliation was carried out with malice or reckless indifference to Plaintiff and her protected rights to be free from discrimination, harassment and retaliation in the workplace.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 33 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

19560246v.1

## AS AND FOR A FIRST CAUSE OF ACTION
### (For Violation of 42 U.S.C. 2000e, *et seq.*)

**COMPLAINT ¶ 34:**

Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding [sic] paragraphs with the same force and effect as though fully set forth herein.

**ANSWER:**

Chanel repeats and re-alleges each and every response to the preceding paragraphs of the Complaint.

**COMPLAINT ¶ 35:**

Defendants' [sic] conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination and harassment in violation of 42 U.S.C. § 2000e, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 35 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 36:**

In direct retaliation for Plaintiffs complaints of the aforementioned conduct, Defendants [sic] terminated Plaintiff's employment in violation of 42 U.S.C. § 2000e, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 36 of the Complaint, except admits that Chanel terminated Plaintiff's employment on or about February 29, 2012.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 37:**

Defendants' [sic] conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff protected rights to be free from discrimination and retaliation.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 37 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 38:**

As a result of Defendants' [sic] unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his [sic] good name and personal reputation, impairment and damage to his [sic] good name and professional reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 38 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(For Violation of 42 U.S.C. § 1981, *et seq.*)**

**COMPLAINT ¶ 39:**

Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding [sic] paragraphs with the same force and effect as though fully set forth herein.

**ANSWER:**

Chanel repeats and re-alleges each and every response to the preceding paragraphs of the Complaint.

**COMPLAINT ¶ 40:**

Defendants' [sic] conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination and harassment in violation of 42 U.S.C. § 1981, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 40 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 41:**

In direct retaliation for Plaintiffs [sic] complaints of the aforementioned conduct, Defendants [sic] terminated Plaintiff's employment in violation of 42 U.S.C. § 1981, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 41 of the Complaint, except admits that Chanel terminated Plaintiff's employment on or about February 29, 2012.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 42:**

Defendants' [sic] conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff [sic] protected rights to be free from discrimination and retaliation.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 42 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 43:**

As a result of Defendants' [sic] unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost

interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his [sic] good name and personal reputation, impairment and damage to his [sic] good name and professional reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 43 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(For Violation of 29 U.S.C. § 621, *et seq.*)**

**COMPLAINT ¶ 44:**

Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding [sic] paragraphs with the same force and effect as though fully set forth herein.

**ANSWER:**

Chanel repeats and re-alleges each and every response to the preceding paragraphs of the Complaint.

**COMPLAINT ¶ 45:**

Defendants' [sic] conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination, harassment and retaliation in violation of 29 U.S.C. § 621, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 45 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 46:**

In direct retaliation for Plaintiffs [sic] complaints of the aforementioned conduct, Defendants [sic] terminated Plaintiff's employment in violation of 29 U.S.C. § 621, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 46 of the Complaint, except admits that Chanel terminated Plaintiff's employment on or about February 29, 2012.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 47:**

Defendants' [sic] conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff [sic] protected rights to be free from discrimination and retaliation.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 47 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 48:**

As a result of Defendants' [sic] unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his [sic] good name and personal reputation, impairment and damage to his [sic] good name and professional reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 48 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

19560246v.1

## AS AND FOR A FOURTH CAUSE OF ACTION
### (For Violation of N.Y. Exec. L. 290, *et seq.*)

**COMPLAINT ¶ 49:**

Plaintiff re-alleges and incorporates by reference all allegations contained within the proceeding [sic] paragraphs with the same force and effect as though fully set forth herein.

**ANSWER:**

Chanel repeats and re-alleges each and every response to the preceding paragraphs of the Complaint.

**COMPLAINT ¶ 50:**

Defendants'[sic] conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination, harassment and retaliation in violation of N.Y. Exec. L. § 290, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 50 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 51:**

In direct retaliation for Plaintiffs [sic] complaints of the aforementioned conduct, Defendants [sic] terminated Plaintiff's employment in violation of N.Y. Exec. L. § 290, *et seq.*

**ANSWER:**

Chanel denies the allegations contained in Paragraph 51 of the Complaint, except admits that Chanel terminated Plaintiff's employment on or about February 29, 2012.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

19560246v.1

**COMPLAINT ¶ 52:**

Defendants' [sic] conduct, as alleged herein, was, upon information and belief, carried out with malice or reckless disregard for Plaintiff [sic] protected rights to be free from discrimination and retaliation.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 52 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

**COMPLAINT ¶ 53:**

As a result of Defendants' [sic] unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorney's fees and costs. Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his [sic] good name and personal reputation, impairment and damage to his [sic] good name and professional reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries.

**ANSWER:**

Chanel denies the allegations contained in Paragraph 53 of the Complaint.  Chanel further denies that it engaged in any discriminatory, retaliatory or other unlawful conduct.

19560246v.1

## PRAYER FOR RELIEF

Chanel denies that Plaintiff is entitled to any relief requested in the PRAYER FOR RELIEF

or to any other relief.

## CHANEL'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it otherwise does not have as a matter of law,

Chanel asserts the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Chanel did not discriminate against Plaintiff on the basis her age, race, sex, or any other

protected category and did not unlawfully retaliate against Plaintiff.

## THIRD DEFENSE

To the extent that Plaintiff's claims are based upon allegations not asserted in her complaint

before the EEOC, she is barred, in whole or in part, from asserting such claims.

## FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Chanel promulgated firm policies

against discrimination and retaliation and otherwise exercised reasonable care to prevent and correct

promptly any alleged discrimination and retaliation, and Plaintiff unreasonably failed to promptly

take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

## SIXTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the

doctrine of unclean hands.

**SEVENTH DEFENSE**

Subject to proof through discovery, all or part of Plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence.

**EIGHTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or laches.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable and legal doctrine of waiver.

**TENTH DEFENSE**

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference, nor can she impute liability for punitive or liquidated damages to Chanel, because of its good faith efforts to comply with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*; and the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq*.

**ELEVENTH DEFENSE**

Subject to proof through discovery, Plaintiff has failed to mitigate adequately her purported damages.

**TWELFTH DEFENSE**

Plaintiff's claims for compensatory and/or punitive damages and/or attorney's fees are barred or limited, in whole or in part, by the United States Constitution, the New York State Constitution and/or by the statutes under which this action purportedly is brought.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her election of remedies.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statutes and/or common law doctrines under which they are asserted.

## FIFTEENTH DEFENSE

Chanel has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices as required by law.

## SIXTEENTH DEFENSE

Chanel did not know, nor should it have known, of any alleged unlawful retaliation or unlawful discrimination against Plaintiff based upon age, race, sex, or any other protected category.

## SEVENTEENTH DEFENSE

Chanel, at all times and in all manners, acted in accordance with any and all duties and obligations that it may have had under the laws and regulations of the United States and the State of New York.

## EIGHTEENTH DEFENSE

With respect to any employment action taken by Chanel, as challenged herein, Plaintiff's claims are barred because Chanel would have taken the same legitimate, non-discriminatory employment action irrespective of Plaintiff's alleged actions.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her federal, state or local administrative remedies.

## TWENTIETH DEFENSE

Plaintiff cannot set forth a *prima facie* case of discrimination or retaliation.

19560246v.1

## TWENTY-FIRST DEFENSE

Plaintiff cannot establish that Chanel's legitimate reasons for any employment decisions that she challenges were a pretext for discrimination.

## TWENTY-SECOND DEFENSE

Plaintiff is barred from seeking punitive damages or attorney's fees with regard to her claims under the New York State Human Rights Law.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the equitable doctrine of reformation applies.

## RESERVATION OF RIGHTS

Chanel reserves its right to further amend its answer and to assert any additional affirmative or other defenses as may become available or apparent at a future date.

## CHANEL'S AMENDED COUNTERCLAIMS

1.      Chanel repeats and realleges each and every previous response to the Complaint as though set forth in full herein.

2.      Chanel hired Plaintiff on or about May 10, 1993.

3.      Plaintiff did not perform her job duties satisfactorily at all times during her employment.

4.      On or about May 11, 1993, Plaintiff signed and acknowledged Chanel's Policy on Employee Use of Confidential Information.

5.      While employed by Chanel, Plaintiff took, allegedly from a copy machine, a copy of documents maintained in privileged and confidential legal file belonging to Daniel Rosenberg, Vice President - Counsel for Chanel, relating to an internal claim of sexual harassment she made in or around December of 1998.

6.      The contents of the privileged and confidential file taken by Plaintiff are covered by the attorney-client privilege and/or work product doctrine.

7.      Plaintiff did not obtain the privileged and confidential file through the normal course of her employment.

8.      Plaintiff, and her attorney Christopher Thompson, are still in possession of the privileged and confidential legal file and have not returned them despite requests to do so.

9.      On or about February 29, 2012, Chanel terminated Plaintiff's employment.

10.     In connection with her termination, Chanel presented Plaintiff with a non-modifiable, hard copy letter agreement entitled "Separation and Release Agreement" (the "Agreement"), signed by Megan Glickman, Chanel's Director of Human Resources.

11.     The Agreement set forth the terms regarding Plaintiff's separation from Chanel. Among other things, the Agreement stated that Chanel would provide Plaintiff with an additional payment and benefits to which she otherwise would not be entitled in exchange for a general release of claims.

12.     The Agreement provided that it could only be modified in a writing signed by both parties.

13.     Before signing the Agreement, Plaintiff re-typed the entire third page of the Agreement in the same font, made a modification to the Agreement's general release of claims, and surreptitiously substituted the modified page into the Agreement.

14.     Specifically, Plaintiff modified the third page of the Agreement so that the paragraph entitled "General Release of Claims" stated that Plaintiff releases all claims against Chanel "*excluding*, but not limited to, [the identified claims]," rather than "*including*, but not limited to [the identified claims]," thus eviscerating the purpose of the release.

15.     Through the surreptitious modification, Plaintiff purports to have materially altered the terms of the Agreement's general release of claims.

16.     Plaintiff intentionally failed to notify Chanel that she had modified the Agreement and instead presented the modified agreement (the "Altered Agreement") dated March 19, 2012 to Chanel as if it were the original.

17.     Relying on the signed agreement, and not knowing that Plaintiff had made any changes to it, Chanel carried out all of its obligations under the Agreement.

18.     Specifically, Chanel provided Plaintiff with a severance payment in the amount of $14,940.19, constituting nineteen weeks of severance, less applicable taxes and withholdings; Chanel paid for the continuation of Plaintiff's health insurance coverage for five additional months; and Chanel provided Plaintiff with the opportunity to receive outplacement services.

19.     Plaintiff intentionally tricked Chanel into providing her this severance payment and other benefits with the explicit intent of receiving benefits to which she otherwise was not entitled.

## FIRST COUNTERCLAIM
### (For Fraud)

20.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

21.     Plaintiff made a material misrepresentation or omission of fact when, without notifying Chanel, she modified Page 3 of the Agreement so the paragraph entitled "General Release of Claims" stated that Plaintiff releases all claims against Chanel "***excluding***, but not limited to, [the identified claims]," rather than "***including***, but not limited to [the identified claims]."

22.     Plaintiff had knowledge of the falsity of her material misrepresentation or knowingly omitted this fact.

23.     Plaintiff misrepresented or omitted this fact with the intent to defraud Chanel.

24.     Chanel reasonably relied on this misrepresentation or omission of fact.

26

25.     Chanel suffered damage by providing Plaintiff with benefits to which she otherwise would not have been entitled had she not signed the agreement.  Specifically, Chanel provided Plaintiff with a severance payment in the amount of $14,940.19, constituting nineteen weeks of severance, less applicable taxes and withholdings; Chanel paid for the continuation of Plaintiff's health insurance coverage for five additional months; and Chanel provided Plaintiff with the opportunity to receive outplacement services.

26.     Chanel suffered further damages including, but not limited to, the cost of defending this action.

**SECOND COUNTERCLAIM**
**(For Reformation of Contract)**

27.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

28.     Plaintiff committed fraud by unilaterally modifying the Agreement between her and Chanel and failing to notify Chanel of the purported modification.

29.     Plaintiff's fraudulent actions led Chanel to mistakenly believe that Plaintiff had signed the original Agreement.

30.     The Altered Agreement does not reflect the parties' true agreement because Plaintiff engaged in fraud.

31.     Chanel is entitled to relief in the form of reformation of the Agreement to reflect the true agreement between the parties.  Specifically, the Agreement should be reformed to include the original release of claims provision.

19560246v.1

## THIRD COUNTERCLAIM
### (For Breach of Contract)

Count I

32.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

33.     If the Agreement is held to be valid, binding, or otherwise enforceable, Chanel fully performed its obligations under the contract.

34.     The Agreement provided that Chanel would provide Plaintiff with additional benefits and payments to which she otherwise was not entitled in exchange for a general release of claims.

35.     Plaintiff breached the Agreement by bringing the present action against Chanel.

36.     Chanel suffered damages as a result of Plaintiff's breach, including, but not limited to, the cost of defending this action.

Count II

37.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

38.     If the Agreement or Altered Agreement is held to be valid, binding, or otherwise enforceable, Chanel fully performed its obligations under the contract.

39.     In accordance with the Agreement and/or Altered Agreement, the privileged and confidential legal file in Plaintiff's possession constitutes "Confidential Information."

40.     In the Agreement and/or Altered Agreement, Plaintiff acknowledged that Confidential Information is the sole and exclusive property of Chanel and that she was required to return such property no later than her termination date.

41.     Plaintiff breached the confidentiality and return of property provisions of the Agreement and/or Altered Agreement by knowingly and intentionally failing to return the privileged and confidential legal file in her possession and by producing and using it in this action.

19560246v.1

42.     Chanel suffered damages as a result of Plaintiff's breach, including, but not limited to, attorneys' fees and costs associated with recovering the privileged and confidential documents.

### FOURTH COUNTERCLAIM
**(For Breach of Implied Covenant of Good Faith and Fair Dealing)**

43.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

44.     Every contract carries with it an implied covenant of good faith and fair dealing.

45.     If the Agreement is held to be valid, binding, or otherwise enforceable, Plaintiff violated her contractual relationship with Chanel by, among other things:  (i) modifying the terms of the agreement without notifying Chanel of the modification; and (ii) failing to honor the Agreement by bringing the present action against Chanel.

46.     Plaintiff's actions have destroyed or injured Chanel's right to receive the fruits of the parties' contract.

47.     As a result of Plaintiff's breach, Chanel has suffered damages in an amount to be determined at trial.

### FIFTH COUNTERCLAIM
**(In the Alternative, For Unjust Enrichment)**

48.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

49.     If the Agreement is held to be invalid, non-binding, or otherwise unenforceable, Plaintiff will have received "something for nothing."  She will have obtained all the benefits that the Agreement and its general release of claims provided her, without sacrificing the legal rights the Agreement and its general release of claims called for her to waive.

50.     Consequently, Plaintiff has been unjustly enriched by the value of the benefits the Agreement provided to her.  This consideration includes: (i) the severance payment in the amount

of $14,940.19, constituting nineteen weeks of severance, less applicable taxes and withholdings; (ii) the value of the continuation of her health insurance coverage; and (iii) the value of any outplacement services provided to Plaintiff.

51.     As such, if the Agreement is held to be invalid, non-binding, or otherwise unenforceable, Chanel is entitled to recover the total value of these benefits from Plaintiff.

52.     Chanel is further entitled to prejudgment interest on any unjust enrichment of Plaintiff, at the New York statutory rate of 9% per annum.

## SIXTH COUNTERCLAIM
### (For Conversion)

<u>Count I</u>

53.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

54.     In exchange for Plaintiff's execution of a general release of any and all claims against Chanel, Chanel provided Plaintiff with, among other things, a severance check in the amount of $14,940.19.

55.     If the Agreement and/or its general release of claims is held to be invalid, non-binding, or otherwise unenforceable, Plaintiff obtained Chanel's personal property through fraud.

56.     Plaintiff deposited the funds specified in the severance check into her personal bank account.

57.     The funds specified in the severance check and deposited into Plaintiff's personal bank account are Chanel's specifically identifiable personal property.

58.     Chanel owned and retained a right to possess the funds specified in that severance check.

59.     Plaintiff is exercising dominion and control over Chanel's personal property.

60.     Chanel's property is in the unauthorized possession of Plaintiff.

30

61.     Plaintiff's actions have deprived Chanel of possession or use of its personal property.

62.     Plaintiff has caused damage to Chanel in that Chanel has been deprived of specifically identifiable personal property.

63.     Plaintiff is obligated to return Chanel's personal property.

Count II

64.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

65.     The privileged and confidential legal file in Plaintiff's possession is Chanel's specifically identifiable personal property.

66.     Chanel owned and retained a right to possess all copies of the privileged and confidential legal file.

67.     Plaintiff acknowledged Chanel's right to possess all copies of the privileged and confidential legal file by signing Chanel's Policy on Employee Use of Confidential Information, the Agreement, and/or Altered Agreement.

68.     Plaintiff is exercising dominion and control over Chanel's personal property.

69.     Chanel's property is in the unauthorized possession of Plaintiff.

70.     Plaintiff's intentional actions have deprived Chanel of possession or use of its personal property.

71.     Plaintiff has caused damage to Chanel, including but not limited to, attorneys' fees and costs associated with recovering the privileged and confidential documents.

72.     Plaintiff is obligated to return Chanel's personal property.

**SEVENTH COUNTERCLAIM**
**(For Trespass to Chattels)**

73.     Chanel repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

31

74.     If the Agreement and/or its general release of claims is held to be invalid, non-binding, or otherwise unenforceable, Plaintiff obtained Chanel's personal property through fraud.

75.     Plaintiff acted with intent to physically interfere with Chanel's lawful possession of its personal property.

76.     Chanel, or Chanel's personal property, was harmed as a result of Plaintiff's interference.

## RESERVATION OF RIGHTS

Chanel reserves its right to conform the Counterclaims to the evidence produced in discovery and/or to seek to amend the pleading further to interpose additional Counterclaims.


**WHEREFORE,** Chanel prays that the Court enter a judgment:

1.     dismissing the Complaint in its entirety;

2.     awarding Chanel compensatory, exemplary and punitive damages in an amount to be determined at trial;

3.     awarding Chanel a judgment against Plaintiff and reforming the Agreement to reflect the true agreement between the parties;

4.     awarding Chanel a judgment against Plaintiff in the amount of Plaintiff's unjust enrichment, plus prejudgment interest at the New York statutory rate;

5.     awarding Chanel damages for breach of contract, in an amount to be determined at trial;

6.     granting Chanel its costs, including attorneys' fees, incurred in this action; and

7.     granting Chanel such other and further relief as the Court may deem just and proper.

19560246v.1

Date:   April 1, 2015
        New York, New York

                                SEYFARTH SHAW LLP


                                By   /s/ Lorie E. Almon
                                    Lorie E. Almon
                                    lalmon@seyfarth.com
                                    Caitlin S. Ladd
                                    cladd@seyfarth.com
                                    620 Eighth Avenue, 32nd Floor
                                    New York, New York 10018-1405
                                    (212) 218-5500

                                    *Attorneys for Defendant Chanel, Inc.*

19560246v.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2015, I electronically filed the foregoing Defendant's Amended Answer to Complaint, Affirmative and Other Defenses, and Amended Counterclaims, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> Christopher H. Thompson
> The Law Offices of Christopher Thompson
> 33 Davison Lane East
> West Islip, NY 11795
> (631) 983-8830
> Fax: (631) 983-8831
> Email: ctalawman@aol.com

> \_\_\_\_/s/ Lorie E. Almon_____
> Lorie E. Almon

19560246v.1