# SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5277

Writer's e-mail
mvadasz@seyfarth.com

WASHINGTON, D.C. | SYDNEY | SHANGHAI | SAN FRANCISCO | SACRAMENTO | NEW YORK | MELBOURNE | LOS ANGELES | LONDON | HOUSTON | CHICAGO | BOSTON | ATLANTA

February 7, 2017

**VIA ECF**

The Honorable Loretta A. Preska, Chief Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   *Allen v. Chanel, Inc.*
            Civil Docket No. 1:12-cv-06758-RPP

Dear Judge Preska:

    We represent defendant Chanel, Inc. ("Chanel") in the above-referenced matter.  We are writing to request a case management conference before Your Honor to set a discovery and motion schedule for Chanel's remaining counterclaims.  While it appeared that the parties had reached a mutually agreeable resolution of these pending claims, Plaintiff's counsel has failed to respond to any of our communications or otherwise make contact for several months, and we feel we have no choice but to seek the Court's assistance at this time.

    On September 6, 2012, Plaintiff filed the complaint in this action, alleging claims of discrimination and retaliation against Chanel, her former employer.  On June 18, 2013, Chanel filed its Answer and asserted a variety of affirmative defenses and counterclaims.  (ECF No. 23).  Based on facts known to Chanel at that time, Chanel asserted counterclaims for:  (1) fraud; (2) reformation of contract; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) unjust enrichment; (6) conversion; and (7) trespass to chattels.  *See id.*, ¶¶ 15-56.

    During the course of discovery, Chanel came to learn that Plaintiff and her counsel are in possession of a privileged and confidential legal file maintained by the then Vice President - Counsel for Chanel and, according to Plaintiff's own testimony, that Plaintiff had obtained the file by taking it from a copy machine at Chanel.  On September 26, 2014, Chanel sought to amend its counterclaims to assert additional claims for breach of contract and conversion, in that Plaintiff's possession of these documents runs afoul of the policies and procedures of Chanel, both the proposed settlement agreement provided to her at the time of her termination and the altered agreement returned to Chanel by Plaintiff, and the law.  (ECF No. 38.)  On March 19, 2015, Your Honor granted Chanel's request to amend its Answer, (ECF No. 70), and, on April 2, 2015, Chanel



filed its Amended Answer to Complaint, Affirmative and Other Defenses, and Counterclaims. (ECF No. 71.)

On November 13, 2014, Chanel filed a motion for summary judgment, seeking the dismissal of Plaintiff's claims of discrimination and retaliation and the granting of Chanel's counterclaim for unjust enrichment. (ECF No. 51.) On July 14, 2015, Your Honor entered an Order of Judgment in the Litigation dismissing all of Plaintiff's claims and granting Chanel's counterclaim for unjust enrichment. (ECF No. 74.) On September 2, 2015, a Satisfaction of Judgment was entered in the Litigation confirming that Plaintiff fully paid the amount owed to Chanel as set forth in the July 14, 2015 Order of Judgment (ECF No. 75.)

We advised opposing counsel that Chanel was willing to drop its remaining counterclaims in exchange for the return of all hard copy and/or electronic documents relating to Chanel, including the privileged and confidential file and all copies. Plaintiff's counsel confirmed that his client had accepted Chanel's proposal in early 2016 and promised to secure the privileged files that his client had taken from the company. On September 28, 2016, Plaintiff's counsel confirmed that he had secured all of the originals and copies of the privileged and confidential file at issue. Chanel prepared a settlement agreement and, since November 8, 2016, has attempted unsuccessfully to obtain an executed copy or to secure the documents, including the privileged files, from Plaintiff's counsel. Unfortunately, rather than returning the files, opposing counsel became fully unresponsive as of December 12, 2016. Our office has repeatedly called and sent correspondence, and simply cannot get a response from opposing counsel about how and when the documents will be returned.

As a result, Chanel believes that it has no choice but to request a case management conference before Your Honor to set a discovery and motion schedule as to Chanel's remaining counterclaims. If Plaintiff's counsel abides by the earlier agreement to return Chanel's documents, including the privileged file, prior to the conference date, Chanel will stand by its agreement to drop the pending counterclaims.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP

*s/ Mary Ahrens Vadasz*

Mary Ahrens Vadasz

cc: Christopher Thompson, Esq. (via ECF)
    Lorie E. Almon, Esq.

37026576v.1