LAW OFFICES OF
# CHRISTOPHER THOMPSON, ESQ.
33 DAVISON LANE EAST
WEST ISLIP, NEW YORK 11795

PH 1(631) 983-8830                                    FAX 1(631) 983-8831

SENT BY ECF FEBRUARY 8, 2017

Hon. Loretta A. Preska, Chief Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

RE: *Allen v. Chanel, Inc.* Civil Docket No.: 1:12-cv-06758-RPP

Dear Chief Judge Preska:

This office represents Anu Allen ("Allen") plaintiff in the above action. Defendant, Chanel, Inc. ("Chanel") has requested a case management conference before Your Honor to set a discovery and motion schedule for Chanel's remaining counterclaims. We are not opposed to the request, and, at the same time are compelled to state that we believe Defendant's counsel has overstated, or perhaps embellished upon its position.

There is no doubt this Court entered an Order of Judgment in the litigation dismissing all of Plaintiff's claims and granted Chanel's counterclaim for unjust enrichment. (ECF No. 74.), my client returned the monies Chanel paid her at the time of termination of her employment and a satisfaction of judgment was entered (ECF No. 75.). I believe the Courts decision determined there was no meeting of the minds with respect to a certain separation agreement and release offered to Allen upon her termination of employment at Chanel.

It was our belief the litigation ended at that point. Defendant's counsel contacted me seeking the return of a file they advised was maintained by Chanel's then Vice President – counsel. A discussion was had wherein I undertook to obtain any originals and/or copies of this file. At no time has the Court ruled this to be a "privileged and confidential file". My client has always maintained the file related to her and she obtained a copy of the file when it was left at a copy machine at Chanel. In any event, and although having no obligation to do so, my client agreed to return whatever copies she or this office have related to what Defendant's counsel is characterizing as a "privileged and confidential file". Unfortunately, instead of simply accepting the return of these documents Defendant's counsel insists upon my client's signature to a non-disclosure agreement and release calling for attorney fees and other penalties with respect to documents she has no control over. This office countered by requesting a mutual release and received a reply that no changes to their non-disclosure agreement and release were acceptable. In short, sign it or else – a theme repeated in its letter to Your Honor.

Finally, as the Court has already determined the issues upon which Federal jurisdiction was obtained does the Court wish to continue to administer jurisdiction over the ancillary claims of Defendant? Plaintiff and this office stand ready and willing to dispose of any documents characterized by Defendant as a "privileged and confidential file" and simply request the exchange of standard Blumberg form mutual general releases. I sincerely apologize to Your Honor for my inability to resolve what seems to be such a simple issue and recognize your time is better expended on more pressing matters. I remain,

Very truly yours,

Christopher Thompson, ESQ.

cc: Mary Ahrens Vadasz, ESQ. (via ECF)