UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SDNY PRO SE OFFICE
2020 JAN 10 AM 10: 08

/s/ Ann Allen
ANU ALLEN
Write the full name of each plaintiff or petitioner.

Case No. 12 cv 6758

-against-

Chanel, Inc
CHANEL, INC.
Write the full name of each defendant or respondent.

NOTICE OF MOTION

PLEASE TAKE NOTICE that ANU ALLEN     Ann Allen
                      plaintiff or defendant     name of party who is making the motion

requests that the Court:

Seal Hearing,

I would like To request to have Case 12CV6758 Sealed
Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law
☒ my own declaration, affirmation, or affidavit
☒ the following additional documents:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-10-20

January 10, 2020                    Ann Allen
Dated                               Signature

ANU ALLEN
Name                                Prison Identification # (if incarcerated)

755 BRONX RIVER RD.    BRONXVILLE    N.Y.    10708
Address                City          State    Zip Code

914.954.4411                        anu.allen@yahoo.com
Telephone Number (if available)     E-mail Address (if available)

SDNY Rev: 5/24/2016

Anu Allen
755 Bronx River Rd.
Bronxville, N.Y. 10708
anu.allen@yahoo.com

January 10, 2020

Honorable Judge Loretta A. Preska
US District Court, Southern District
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007-1312
212.805.0240

Re: **Request to have case #1:12-cv-06758 Allen vs. Chanel, Inc. sealed**

Dear Honorable Judge Loretta A. Preska,

I appreciate the opportunity to plead my case to you in order to request having case #1:12-cv-06758 Allen vs. Chanel, Inc. sealed.

I would like to clarify the chronological chain of events which lead me to file a formal complaint against my former attorney Christopher Thompson, Esq. On February 28, 2012, after almost 19 years of service, my position as Samples Coordinator with Chanel, Inc. had been eliminated. I was offered a severance package in the amount of $21,789.20 plus 5 months of paid Cobra. **(Exhibit A)**

I was not satisfied with the severance agreement nor did not I feel that my position was eliminated due to restructuring. In my opinion, it was discrimination. I contacted Christopher Thompson, Esq. for guidance. Mr. Thompson agreed that I had grounds to sue and that he would negotiate the Separation and Release Agreement with Chanel. He said this would allow me to move forward with a lawsuit as well as keep my severance package.

When Mr. Thompson received the agreement from Chanel, he made one change to the document. He changed the word *"including"* to *"excluding"* on page 3, number 4, line 13. He then sent the altered document to me by overnight mail. I was instructed to initial each page of the agreement, include a blank post-it note on page 3, and sign my signature on the last page. **(Exhibit B)** He then directed me to forward the altered document back to Chanel Inc. to the attention of Meghan Glickman. Around the first week of April 2012, Chanel received and approved the signed agreement. On or around April 15, 2012 I received my severance in the amount of $14,940.19. **(Exhibit C)**

I would like to make it clear that the changes to the Separation and Release Agreement were made by Mr. Thompson alone. I followed his legal directives every step of the way and I was never made aware that the change that he made was inappropriate, deceptive or contrary to the deal made with Chanel, Inc. I was never given any options to the best course of action. Had I understood what he was doing, I would not have had Mr. Thompson represent me. How he mishandled my case was unethical and not in my best interest. Mr. Thompson was dishonest and his only concern was protecting himself.

Mr. Thompson misrepresented the validity of the agreement and coerced me into signing a document falsely implicating me as the author, while assuring me that the change was appropriate. Mr. Thompson admits to doing so in his response to my formal complaint to the Grievance Committee filed on October 18, 2019. **(Exhibit D)** He concealed that the change was made without consent or acknowledgement of Chanel, Inc. Mr. Thompson prepared and directed me to sign an Affidavit even though he clearly knew it was not truthful. Not having any legal background I completely trusted his knowledge and put my complete faith in him. I was apprehensive but followed his directive. He assured me that there would not be any consequences because it was "only protocol." I did not realize at the time that this was actually perjury.

On Sept 6, 2012, Mr. Thompson filed the Employment Discrimination lawsuit against Chanel, Inc. Judge Patterson was the original Judge assigned to my case. On or around November 12, 2012 Judge Patterson denied defendants motion without

prejudice on the grounds that I had not knowingly, voluntarily or willfully waived my right to file a discrimination suit against Chanel. **(Exhibit E)**

On Dec 3, 2012 Mr. Thompson emailed me an Affidavit that he advised me that I had to sign. In the Affidavit, it stated that I was personally responsible for modifying the agreement and not the offices of Christopher Thompson, Esq. **(Exhibit F)** As stated in my complaint against Mr. Thompson, when I questioned him as to why it said my name instead of the Law Offices Christopher Thompson, Esq., I was told that legally it had to be written that way because it was all part of the legal negotiation process and it was the only way to proceed with the lawsuit. He assured me that the court understood that his firm was representing me and that he knew what he was doing. Although I felt pressured I trusted Mr. Thompson's expertise and signed the document.

By this time I had been recommended for a Showroom Manager position at Ermenegildo Zegna. I was hired in February of 2014. After a little more than 4 years, the company had downsized and in March 2018 I lost my position. It was not until April of 2018, when searching for new employment opportunities did I discover that not only was my case was not sealed as Mr. Thompson had promised but the ramifications of being coerced into signing an affidavit that I clearly did not understand. I have been publically humiliated and slandered on various online forums. **(Exhibit G)** The disturbing defamatory articles are extremely damaging to my livelihood as well as my confidence. From being called a "game playing employee" for changing a legal document to being accused of "chicanery". I have included an extensive Excel chart that I have put together for your reference. **(Exhibit H)** I have been successful in having several of the search engines remove the negative articles. However, the remaining sites require a court order stating the case has been sealed to have them taken down.

On November 13, 2014 the ruling of Allen vs. Chanel, Inc. was not in my favor. **(Exhibit I)** Moved for summary judgment, seeking dismissal of my claims of discrimination and approved Chanel's counterclaim. I was ordered to repay my severance in the amount of $14,940.19 plus interest, premium payments for 5 months COBRA plus interest, as well as returning all of the discriminating evidence I had against Chanel proving they were aware that I had been sexually harassed and not protected. Chanel had threatened to sue me for fraud for having my personal file in my possession. I discussed with Mr. Thompson of my concerns with the word "fraud" being used against me publically. **(Exhibit J)** I felt like it was another manipulation tactic from Chanel to try to intimidate someone who does not have the financial means to stand up for themselves.

I expressed to Mr. Thompson the importance of having this case sealed upon completion. Mr. Thompson always assured me that my case would be sealed and I had nothing to worry about. In my opinion, I lost my case as well as my right to appeal because of how Mr. Thompson altered the agreement and absolved himself from any responsibility. Instead he chose to blame me for the change. I was never seen in a positive light due to his actions.

On April 16, 2017, Mr. Thompson sent me a new Settlement Agreement and General Release to sign. Because I lost confidence in Mr. Thompson I felt it was necessary to have another attorney to review the agreement before signing. **(Exhibit K)**

On or around April 21, 2017 I contacted Peter Ginsberg, Esq., who reviewed the agreement and agreed that my entire case was mishandled. He suggested 2 minor adjustments to the agreement that would be in my best interest. On April 26, 2017 Beth Bilsborrow, Esq. of the offices of Mr. Ginsberg's reached out to Mr. Thompson regarding those changes. **(Exhibit L)** Mr. Thompson advised Ms. Bilsborrow, Esq. that he did not believe that Chanel would negotiate any further but agreed to forward the revised copy to Chanel. Mr. Thompson was clearly insulted that I contacted another attorney for advice and asked if they were willing to take my case over. Mr. Thompson did forward the revised copy to Chanel and they agreed to the terms. **(Exhibit M)** If Mr. Thompson was not negligent with my case I would not have had to involve another attorney for guidance. Mr. Thompson was always representing me so to try to pass the blame once again to someone else is just another example of his character and lack of responsibility.

Mr. Thompson contacted me on February 19, 2019. I made it clear that I was distraught that my case had not been sealed as he promised. Mr. Thompson acted shocked, stating "I'm surprised. I thought that it had been". He completely trivialized my despair. He said that it was not a big deal because it only makes Chanel look foolish for not reading their documents thoroughly. I informed him of the all of the negativity written online was about me and was a complete assassination of my character. The disparaging remarks are about me being a "game playing employee who changed a legal document and tried to pull a fast one. They clearly are NOT discussing how Chanel looks foolish for not reading a legal document thoroughly. They are blaming me for his actions. Mr. Thompson tried to appease me by saying that he would reach out to Chanel and see what he could do. I advised him that contacting Chanel is useless as they have nothing to do with sealing my case. He was once again placing the blame on someone else when in fact, it was his responsibility to have this taken care of.

I informed Mr. Thompson that I had contacted the United States District Court Southern District of New York and was advised that an Order to Show Cause would need to be filled out and presented to the Judge on the bench at the time of the trial explaining the situation. During our conversation I also advised Mr. Thompson that I have researched a company that can bury negative online information however, I was told that it would cost close to $10,000.00 dollars to do so. Which I cannot afford nor would I be responsible to pay for. I explained that clearing my name and repairing my reputation which has been damaged due negligence is priority.

At that point the tone in the conversation had changed. This is when Mr. Thompson became agitated. He was extremely curt and disrespectful. I was in mid sentence when he rudely hung up on me. I left Mr. Thompson phone messages on Feb 19, March 5, March 11 and again on March 18 **(Exhibit N)** along with two emails on February 26, and March 5, 2019. **(Exhibit O)** He did not respond to any of them. This is where I saw Mr. Thompson's true colors. For Mr. Thompson to say that he thought I had found a solution is absurd. He never had any intention on finding a resolution or contacting me again. On August 13, 2019 I sent Mr. Thompson a letter by certified mail inquiring on whether or not he had answer for me. **(Exhibit P)** This too was ignored leaving me with no other choice but to file a formal complaint with The Grievance Committee of the 10th Judicial District of New York to report his negligence. **(Exhibit Q)**

On Oct 20, 2019 I contacted Karen Gallagher of C2 Staffing. I wanted to explain to Karen the challenge that I have been having in regard to the negative online articles. Karen informed me that she actually knew about the legal issue with Chanel, Inc. She was notified by Mrs. Pat Stewart who is the former head of Ermenegildo Zegna's Human Recourses department. Mrs. Stewart had brought it to her attention after I had already been permanently hired. Mrs. Stewart was inquiring whether or not Karen knew of the legal issue or the articles that were written about me. Mrs. Gallagher informed her that she was unaware however, she knew of my character and work ethic and did not see the need to research my online profile. Mrs. Stewart then stated that had she known beforehand about the articles, I would not have been hired. Mrs. Gallagher suggested having the negative information removed as soon as possible and cleaning up my online reputation.

I also had a conversation with employment recruiter, Pam Moutis of the Bachrach Group, Ltd. who was kind enough to provide me with a reference letter. Mrs. Moutis also suggested cleaning up the online negativity immediately and confirmed that researching an applicant's online reputation is common practice during the employment placement process. **(Exhibit R)**

In this day and age with the many social media outlets, many employers do their research online when reviewing potential candidates. I personally do not have a Facebook, Instagram or any other social media account. The only information online about me is this case with Chanel followed by the incorrect and defamatory comments from other attorneys judging my character. All of this was caused by the negligence of how Mr. Thompson chose to handle my case. This is a case that I am not at liberty to discuss if questioned. How am I to defend myself when I am asked, why I changed a legal document or why am I being described as a "Game playing employee being accused of "Chicanery"?

I am a single 50 year old independent woman seeking employment in today's job market. Dealing with this issue has been very challenging for me and is affecting my livelihood and well being. I have been physically ill over this matter. Because of this complete defamation of character, I am suffering from depression, extreme anxiety and panic attacks on a daily basis. It is becoming a challenge to financially support myself.

In addition, I would like to respectfully request that my case be sealed so I can have the remaining search engines remove their articles and hopefully find gainful employment. By sealing this case it will do no harm or injury to anyone associated with this matter, however it will greatly benefit me, as I have not been able to find employment since I lost my position at Ermenegildo Zegna on March 18, 2018.

I thank you for your time and consideration in this matter. Please contact me should you require any additional information.

Sincerely,

Anu Allen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ann Allen

Fill in above the full name of each plaintiff or petitioner.

Case No. 12 cv 6758

-against-

Chanel, Inc.

Fill in above the full name of each defendant or respondent.

## DECLARATION

Request to have case 12cv6758 Ann Allen / Chanel, Inc sealed.

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, Ann Allen, declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

My apologies for the extensive letter & exhibits. My case may seem convoluted so all exhibits are necessary. Thank you in advance for your understanding.

Ann Allen

Rev. 6/30/16

Please see attached letter and exhibits.

Thank you,

Ann Allen

All attachments upon request.

Thank you,

Attach additional pages and documents if necessary.

January 10, 2020
Executed on (date)

Ann Allen
Signature

Ann Allen
Name

Prison Identification # (if incarcerated)

755 Bronx River Rd    Bronxville, N.Y. 10708
Address           City         State     Zip Code

914.954.4411
Telephone Number (if available)

anu.allen@yahoo.com
E-mail Address (if available)

Page 2