```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ANU ALLEN,<br><br>              Plaintiff<br><br>         -against-<br><br>CHANEL, INC.<br><br>              Defendant. | 12 Civ. 6758 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are submissions from interested non-parties and from Plaintiff Anu Allen regarding the Court's Order, dated August 21, 2020, that directed search engines and websites to remove materials discussing the above-captioned action following the Court's sealing of the docket in this case. (Order, dated Aug. 21, 2020 [dkt. no. 94] [Under Seal].)  Also before the Court is a motion to intervene filed by the Electronic Frontier Foundation, Inc. and Professor Eugene Volokh of UCLA School of Law (see Letter from Daniel L. Schmutter, dated Oct. 28, 2020 [Docketed Under Seal]).

Having reviewed these comments from non-parties and from Ms. Allen, the Court has reconsidered the August 21, 2020 Order as well as the March 10, 2020 Order that originally sealed this case's docket (see Order, dated Mar. 10, 2020 [dkt. no. 92]). For the reasons discussed herein, the Court hereby VACATES those orders.  The Court also DENIES as moot the motion to intervene

filed on behalf of the Electronic Frontier Foundation and Professor Volokh.

I. Background

In 2012, following termination of her employment, Plaintiff Anu Allen filed suit against her former employer, Chanel, Inc. ("Chanel"), asserting claims for, inter alia, employment discrimination. (See Complaint, dated Sept. 6, 2012 [dkt. no. 1].)[1] The Court later granted Chanel's motion for summary judgment as to each of Ms. Allen's claims and ruled in favor of Chanel on its counterclaim for unjust enrichment. (Opinion & Order, dated June 26, 2015 [dkt. no. 74].) As the Court recounted in its summary judgment opinion, in anticipation of making a severance payment to Ms. Allen, Chanel sent Ms. Allen an agreement that contained a provision by which Ms. Allen would waive her right to bring certain lawsuits against Chanel, "including" employment discrimination and harassment claims, in exchange for that payment. (Id. at 3.) When Ms. Allen returned the signed agreement to Chanel, the word "including" was revised to "excluding." (Id.) With respect to Chanel's counterclaim, the Court found that, because a material term was modified, the parties never achieved a meeting of the minds, and Ms. Allen was

---

[1] The Court assumes basic familiarity with the facts of the underlying dispute, which are recounted at length in the Court's order granting Chanel's motion for summary judgment (see Opinion & Order, dated June 26, 2015 [dkt. no. 74]).

2

thus required to return her severance payment to Chanel.  (Id. at 12-13.)  The Parties ultimately stipulated to dismissal of the case's remaining claims.  (See Stipulation of Dismissal with Prejudice, dated June 12, 2017 [dkt. no. 85]).

On January 10, 2020, Ms. Allen filed a motion to seal her case.  (Notice of Motion, dated Jan. 10, 2020 [dkt. no. 86].) Ms. Allen explained that at the time of her separation from Chanel, having no legal background, she had relied on her attorney's advice when she returned the revised separation agreement to Chanel with a Post-It note on the revised page. (Id. at 1.)  She also stated that her attorney had insisted that she submit an affidavit stating that she, rather than her attorney, had modified the agreement.  (Id. at 2-3.)  She also stated that the public availability of her case's docket through online search engines, and commentary on her case in online media, rendered difficult her attempts to gain new employment. (Id. at 4).

After considering Ms. Allen's submission,[2] the Court granted Ms. Allen's request to seal the docket in light of her difficulty finding employment.  (Order, dated Mar. 10, 2020 ("Sealing Order") [dkt. no. 92].)  On August 21, 2020, the Court also directed websites hosting filings from the now-sealed

---

[2] Chanel took no position on Ms. Allen's sealing request.

docket, and materials discussing those sealed filings, to remove those materials. (Order, dated Aug. 21, 2020 ("Takedown Order") [Docketed Under Seal].)

After receiving inquiries from non-parties following the August 21, 2020 Takedown Order, the Court invited comment from the non-parties who had submitted inquiries, as well as from Chanel. (Order, dated Sept. 30, 2020 [Docketed Under Seal]).

Duck Duck Go, Inc. ("DuckDuckGo"), which operates the fourth-largest search engine in the United States, submitted a comment on October 21, 2020. (Letter from Daniel L. Schmutter, Megan E. Gray & Eugene Volokh ("DuckDuckGo Letter"), dated Oct. 21, 2020 [Filed Under Seal]). In its submission, DuckDuckGo argued that the Court's August 21 Takedown Order should be vacated on the basis that: (1) DuckDuckGo could not be bound by the order under Federal Rule of Civil Procedure 65; (2) DuckDuckGo did not have an opportunity to be heard; and (3) the First Amendment protected (i) DuckDuckGo's right to publish the information disclosed by the government, i.e., the docket entries in this case and (ii) the rights of websites to which DuckDuckGo would point its users. (Id.)

Free Law Project, which provides free, public, and permanent access to primary legal materials on the Internet for educational, charitable, and scientific purposes, also submitted

comment (Letter from Catherine Crump & Megan Graham, dated Oct. 21, 2020 [Filed Under Seal].)  Free Law Project submitted that it should not be bound by the Court's August 21, 2020 Order under F.R.C.P. 65 because it was a non-party that obtained the case materials independently and had no opportunity to be heard, and because the First Amendment protects Free Law Project's right to publish the information it lawfully obtained. (Id. at 2-5.)  Moreover, Free Law Project advocated that the submissions in response to the Court's September 30 Order should be docketed and that the entire docket in this case should be unsealed (Id. at 3, 6-10.)

Ms. Allen submitted by email responses to the non-parties' comments.  She reiterated her struggle finding employment because of the public access to the docket of her cases, which had been compounded by additional recent personal hardship (Email from Anu Allen, dated Oct. 26, 2020; Email from Anu Allen, dated Oct. 28, 2020.)  DuckDuckGo submitted a response letter acknowledging Ms. Allen's professional and personal difficulties but maintained that these interests were insufficient to overcome the due process and First Amendment rights of DuckDuckGo and those similarly situated and the Rule 65 limitations on the scope of injunctions (Letter from Daniel L. Schmutter, dated Nov. 3, 2020 [Docketed under Seal]).

Additionally, on October 28, 2020, counsel for the Electronic Frontier Foundation and Professor Eugene Volokh of UCLA School of Law filed a motion to intervene (see Letter from Daniel L. Schmutter, dated Oct. 28, 2020 [Filed Under Seal]; Letter from Daniel L Schmutter, dated Nov. 2, 2020 [Filed Under Seal]), which Ms. Allen opposed (Letter from Marshall Bellovin, dated Oct. 30, 2020 [Filed Under Seal]).

II. Discussion

1. The August 21, 2020 and March 10, 2020 Orders

"The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that 'have historically been open to the press and general public' and 'play a significant positive role in the functioning of the judicial process.'"  Next Caller Inc. v. Martire, 368 F. Supp. 3d 663, 666 (S.D.N.Y. 2019) (alterations in original) (quoting Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016)).  It is well-settled that "documents submitted to a court for its consideration in a summary judgment motion are--as a matter of law--judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."  Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019).  Although this presumption applies most strongly to materials such as those produced at trial or filed in support of

6

dispositive motions, such as the summary judgment motion here, id. at 50, it extends to "pretrial motions and written documents submitted in connection with them, and docket sheets." Newsday LLC v. County of Nassau, 730 F.3d 156, 164 (2d Cir. 2013).

Although this presumption in favor of public access is fundamental, private litigants can in some cases overcome it and shield docketed materials from the public eye.  Countervailing factors that may outweigh the presumption of public access include, inter alia, "the privacy interests of those who resist disclosure."  S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001).  For sealing to be justified on any basis, however, a court must make "specific, on-the-record findings that sealing is necessary to preserve higher values," Brown, 929 F.3d at 47 (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006)).  Moreover, the nature and extent of the sealing must be narrowly tailored to serve these interests.  Id.

Upon reconsideration, the Court finds that Ms. Allen's interest in sealing her case cannot defeat the presumption of public access that attaches to this case's docket and its filings.  Ms. Allen proffers her reasons in support of sealing the docket in both her original sealing request and in response to comments from the non-parties.  She articulates that the public availability of the docket continued to create enormous

challenges in her employment search and has affected her livelihood and wellbeing.  (Notice of Motion, dated Jan. 10, 2020 [dkt. no. 86].)  She also notes for the Court that the modification of the contract with Chanel recounted in the Court's motion for summary judgment, actions which some online commentators have attributed to her, was done on account of the advice of her attorney and led her to file a formal grievance against him.  (Id. at 4.)  Ms. Allen's concerns are evident and undoubtedly significant.  As the prospective interveners point out, however, a private litigant's general concerns about reputational harm or negative impact to her employment prospects are not sufficient to counteract the public's First Amendment right to these court filings.  Under Seal v. Under Seal, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) ("A possibility of future adverse impact on employment . . . is not a 'higher value' sufficient to overcome the presumption of access to judicial documents) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006)).

Moreover, the fact that the docket sheet in this case and its filings have been public for years prior to the unsealing request is further dispositive of this issue.  Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("This is generally so when information that is supposed to be confidential—whether it be settlement terms of a discrimination

8

lawsuit or the secret to making the hydrogen bomb—is publicly disclosed.  Once it is public, it necessarily remains public."). Although the Court sympathizes with Ms. Allen's plight, in light of the recognized First Amendment rights of the press and the public, it cannot make the requisite, on the record finding that sealing is proper here.[3]

As the prospective intervenors point out, however, Ms. Allen may not be completely without recourse.  (Letter from Daniel J. Scmutter, dated Nov. 2, 2020, at 2 ("The normal remedy for alleged attorney misbehavior is a malpractice lawsuit or a sanctions award . . .").)  Although the First Amendment prohibits Ms. Allen from sealing the public record, it gives her the opportunity to correct it.

Accordingly, the Court must vacate the March 10, 2020 Order that originally sealed this case's docket.  Moreover, because the Court's August 21, 2020 Takedown Order was issued on the basis of the March 10, 2020 sealing order, the Court also vacates the August 21, 2020 order.

2. Motion to Intervene

Just as "'[r]epresentatives of the press . . . must be given an opportunity to be heard on the question of their

---

[3] Sealing the case's docket also would not be a sufficiently narrowly tailored solution under these circumstances.

9

exclusion' from a court proceeding," Trump v. Deutsche Bank AG, 940 F.3d 146, 150 (2d Cir. 2019) (quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 n.25 (1982)), the Court of Appeals has "recognized a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding." Id.  Here, the Court has afforded non-parties an opportunity to comment without formal intervention, however, and has vacated its March 10, 2020 order sealing the docket in this case (and thus there are no materials left to be unsealed) and the August 21, 2020 Takedown Order.  Accordingly, the Court denies as moot the prospective intervenors' motion to intervene (see Letter from Daniel L. Schmutter, dated Oct. 28, 2020 [Docketed Under Seal]).

   III. Conclusion

   For the reasons described above, the Court VACATES its August 21, 2020 Order (Order, dated Aug. 21, 2020 [dkt. no. 94] [Docketed Under Seal]) and its March 10, 2020 Order (Order, dated Mar. 10, 2020 [dkt. no. 92]).  The Court DENIES as moot the motion to intervene filed by the Electronic Frontier Foundation and Professor Volokh (Letter from Daniel L. Schmutter, dated Oct. 28, 2020 [Docketed Under Seal]).

   The Clerk of Court is respectfully directed to unseal this case, including docket entries 93, 94, 95, 96, 97, and 98.  The

Clerk of Court is also directed to mail a copy of this order to Ms. Allen.

Ms. Allen shall transmit a copy of this order to any search engine, news outlet, or other domain to which she sent a copy of this Court's March 10, 2020 Order or August 21, 2020 Takedown Order.

**SO ORDERED.**

Dated:   New York, New York
         December 28, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge