LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º □
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

* * *

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

October 28, 2020

**Via Email (PreskaNYSDChambers@nysd.uscourts.gov)**
Hon. Loretta A. Preska
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: Allen v. Chanel, Inc., No. 12 Civ. 6758 (LAP)

**PRE-MOTION CONFERENCE REQUEST**

Dear Judge Preska:

  We represent nonparties and prospective intervenors Electronic Frontier Foundation, Inc. ("EFF") and Prof. Eugene Volokh of UCLA Law School. We write to request a pre-motion conference in accordance with Your Honor's Individual Practices. EFF and Professor Volokh wish to file a motion to intervene and unseal the record in this case and thus to vacate the March 10, 2020 sealing order.

  EFF routinely writes about First Amendment and access-to-courts questions on its website, as does Prof. Volokh on the *Reason* magazine website, and they would like to write about this case. The basis for the proposed motion to intervene and unseal will be as follows:

  1. News media have a right "to intervene in this Court to seek unsealing of documents filed in a court proceeding," *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019). This right extends to all members of the public as well as the media. EFF and Volokh are therefore members of the media—but even if they were not, they would be entitled to intervene.

  2. There is a common-law right of access to the orders in this case, to the complaint, to

Hon. Loretta A. Preska, U.S.D.J.
October 28, 2020
Page 2

dispositive motions, to the informal letter briefs submitted with regard to the deindexing/ takedown order, and to the sealing order itself. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

      3. This right of access cannot be overcome in this case, whether by Ms. Allen's reputational concerns, or more specifically by the desire to correct for any possible misconduct on the part of Ms. Allen's lawyer. *E.g.*, *Doe v. City of N.Y.*, 15-CV-117 (AJN), 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019).

      4. There is a First Amendment right of access to all the material discussed in item 2 above, as well as to the docket sheet in the case. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004).

      5. In any event, a court ought not seal information that has already long been available to the public in the court record. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

      By copy of this letter we are reminding Chanel and Ms. Allen, as per the Individual Practices, "of [their] obligation to submit a response letter to the Court." However, because we do not have contact information for Ms. Allen, we request that this Court convey this information to her, together with a copy of this letter.

      Respectfully submitted,

        Daniel L. Schmutter
      Daniel L. Schmutter
      Hartman & Winnicki, P.C.
      74 Passaic Street
      Ridgewood, NJ 07450
      (201) 967-8040
      dschmutter@hartmanwinnicki.com

DLS:srs
cc: Lorie Almon (via email)
    Mary Ahrens Vadasz (via email)