# BALLON STOLL P.C.

COUNSELLORS AT LAW        FOUNDED 1931                                         810 SEVENTH AVENUE
                                                                                        SUITE 405
                                                                              NEW YORK, NY 10019
                                                                                  Ph: 212-575-7900

                                                                                  www.ballonstoll.com

                                                                              MARSHALL B. BELLOVIN
                                                                                  212-575-7900 x 3270
                                                                              mbellovin@ballonstoll.com

October 30, 2020

**Via Email (PreskaNYSDChambers@nysduscourts.gov)**
Hon. Loretta A. Preska
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Allen v. Chanel Inc.,
      Docket No.  12-cv-6758

Dear Judge Preska:

This firm currently is representing Ms. Allen in her State Court malpractice claim against her former attorney, Mr. Chris Thompson.  We are writing in opposition to the Electronic Frontier Foundation, Inc. ("EFF'") and Professor Eugene Volokh's pre-motion conference request to file a motion to intervene and unseal the record/docket in this case.

Your Honor set down an order on or about March 10, 2020 sealing this case as Ms. Allen was unable to find employment since 2018, due to the damaging information (which Ms. Allen played no role in and was a victim of her attorney) that was contained in this docket.  As Your Honor stated, Ms. Allen has "been made to appear at best manipulative and at worst dishonest in the handling of her departure from Chanel...this situation has made it very difficult for Ms. Allen to obtain employment."  This hardship has continued for Ms. Allen due to the actions of various websites and internet search providers that continue to host the information relating to this case despite the Court Order from your Honor entered on or about August 21, 2020.  Specifically, counsel for Chanel, Inc., made no opposition to Ms. Allen's initial request to seal this case or either of the Orders entered by this Court.

Hon. Loretta Preska
October 30, 2020
Page 2

Ms. Allen has made a diligent effort to contact each of the internet search providers and various websites informing them of the above mentioned Court Orders. While many of these internet search providers and websites have complied, a few have decided to request the unsealing of this case and further request that the Court vacate both the March 10, 2020 and August 21, 2020 orders. Specifically, EFF and Prof. Volokh are requesting a pre-motion conference in relation to these orders. While Ms. Allen takes no position with regard to whether EFF and Prof. Volokh are considered members of the media, EFF and Volokh request this conference because news media outlets and the public in general have a right "to intervene in this Court to seek unsealing of documents filed in a court proceeding." Trump v. Deutsche Bank AG, 940 F.3d 146, 150 (2d Cir. 2019). EFF and Volkh further argue that there is a presumption and common-law right of access to the documents contained in this case.

The weight a court should give to the presumption of access to judicial documents, including summary judgment papers, depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Where a court did not rely on the documents, the presumption has less weight. See, e.g., Giuffre v. Maxwell, 325 F. Supp. 3d 428, 444 (S.D.N.Y. 2018); In re Accent Delight Int'l Ltd., Nos. 16-MC-125 (JMF), 18-MC-50 (JMF), 2018 WL 2849724, at 6 (S.D.N.Y. June 11, 2018) ("Although there is a presumption in favor of public access to judicial documents, in reaching its decisions above the Court did not need to reference or otherwise rely on the sealed exhibits or the redacted portions of Petitioners' application and memorandum of law. At best, therefore, the weight of any presumption is limited.").

Once the court decides how much weight to give the presumption of access, it must balance "competing considerations against it," which include "the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120. As the Second Circuit stated: [T]he crux of the weight-of-the-presumption analysis [is] balancing the value of public disclosure and "countervailing factors" such as "(i) the danger of impairing law enforcement or judicial efficiency and (ii) **the privacy interests of those resisting disclosure**." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 143 (2d Cir. 2016). Specifically, the Second Circuit has stated that the "Foremost among the competing concerns that a court weighing disclosure must consider is the privacy interest of the person resisting disclosure. Mirlis v. Greer, 952 F.3d 51 (2d Cir. 2020).

Here, Ms. Allen has already shown that she has suffered extreme harm from these documents and other materials being out in the public and readily available over the internet, as she has been unable to find steady employment since 2018, because a simple internet search brings up the details of this case. As your Honor may be aware, Ms. Allen has been specifically told by recruiters and

Hon. Loretta Preska
October 30, 2020
Page 3

other hiring decision makers, that the information available across the internet is significantly harming her chances of obtaining employment.

It is well established that courts have inherent equitable power to grant confidentiality orders. Courts have this power to seal both court filings and documents produced in order to protect the parties' privacy rights and property rights. Hunt v. Enzo Biochem, Inc., 904 F. Supp. 2d 337, 2012 U.S. Dist. LEXIS 151761, 2012 WL 5199247; Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785 (3d Cir. 1994); In re Zyprexa, 474 F. Supp. 2d 385, 414 (E.D.N.Y. 2007).

Finally, it appears quite convenient that EFF and Prof. Volokh would like to write articles about this case shortly after learning of the Takedown Order of August 21, 2020, given the fact that the case has been over for approximately five years.

Therefore, we respectfully request that your Honor deny EFF and Volkh's request for a pre-motion conference.

Respectfully submitted,

    *s/Marshall Bellovin*
MARSHALL B. BELLOVIN, ESQ.
Member of the Firm