LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

_____

* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

_____

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

November 2, 2020

**Via Email (PreskaNYSDChambers@nysd.uscourts.gov)**
Hon. Loretta A. Preska, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: Allen v. Chanel, Inc., No. 12 Civ. 6758 (LAP)

Dear Judge Preska:

  We represent nonparties and prospective intervenors Electronic Frontier Foundation, Inc. ("EFF") and Prof. Eugene Volokh of UCLA Law School. Please accept this reply letter in further support of the request of EFF and Professor Volokh for a pre-motion conference regarding a motion to intervene and unseal the record in this case.

  1. Ms. Allen's concern about this litigation having a possible "future adverse impact on [her] employment . . . is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) (citations omitted). "Neither the possibility of some harm to [a litigant's] . . . reputation nor to [her] employment prospects is a higher value sufficient to overcome the strong presumption in favor of access." *Doe v. City of N.Y.*, 15-CV-117 (AJN), 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) (cleaned up). "Protection against [the] possibility" that court records "may be read by future employers who may be less likely to hire [a litigant] as a result of" what they learn in the records "does not rise to the level of a higher value recognized in the Second Circuit." *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694 (LTS), 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011).

  Parties in a vast range of cases worry that things said—by the court, by an

Hon. Loretta A. Preska, U.S.D.J.
November 2, 2020
Page 2

adversary, or even in the party's own papers—will damage their reputations and future business or professional prospects. "Every lawsuit has the potential for creating some adverse or otherwise unwanted publicity for the parties involved." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 n.18 (3d Cir. 1994) (citation omitted). Likewise, in many cases, a litigant will claim she lost because of alleged misbehavior by her attorney.

But "ours is a common-law system based on the 'directive force' of precedents," and its "effective and efficient functioning demands wide dissemination of judicial decisions." *Lowenschuss v. West Pub. Co.*, 542 F.2d 180, 185 (3d Cir. 1976). More importantly, "the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (quotation marks and citation omitted). Sealing cases such as Ms. Allen's would shift to a system of secrecy rather than openness, thus undermining the public's "understanding of the judicial system" and the public's "perception of its fairness." *Id.* The normal remedy for alleged attorney misbehavior is a malpractice lawsuit or a sanctions award—not preventing innocent members of the public from accessing court documents and monitoring the judicial process.

2. EFF and Prof. Volokh want to write about this case now precisely because of the sealing order, and the deindexing/takedown order. The underlying litigation was by itself outside the area of EFF's and Volokh's particular expertise, though it was obviously of interest to other commentators. But the sealing and deindexing/takedown orders—which potentially violate the Free Speech Clause, the Due Process Clause, the First Amendment right of access to court records, and the common-law right of access—are exactly the sort of thing that EFF and Volokh routinely write about. And to write comprehensively and comprehensibly about those orders, EFF and Volokh also need to discuss and link to the original documents that those orders were trying to seal and to erase from the Internet.

            Respectfully submitted,

            _____Daniel L. Schmutter_____
            Daniel L. Schmutter
            Hartman & Winnicki, P.C.
            74 Passaic Street
            Ridgewood, NJ 07450
            (201) 967-8040
            dschmutter@hartmanwinnicki.com

DLS:srs
cc: Marshall Bellovin (via email)
    Lorie Almon (via email)
    Mary Ahrens Vadasz (via email)