Daniel L. Schmutter
Hartman & Winnicki, P.C.
74 Passaic Street
Ridgewood, NJ 07450
(201) 967-8040
dschmutter@hartmanwinnicki.com
(Counsel of Record)

Megan E. Gray[1]
General Counsel & Vice-President, Policy
DuckDuckGo
20 Paoli Pike
Paoli, PA 19301
(267) 690-7758
megan@duckduckgo.com

Eugene Volokh[1]
UCLA First Amendment Clinic
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

Counsel for Duck Duck Go, Inc.

**LETTER BRIEF REGARDING
DEINDEXING ORDER
OF AUGUST 21, 2020**

October 21, 2020

**Via Email (PreskaNYSDChambers@nysd.uscourts.gov)**
Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Allen v. Chanel, Inc.*, No. 12 Civ. 6758 (LAP).

Dear Judge Preska:

    We represent the search engine Duck Duck Go, Inc. ("DuckDuckGo"). Please accept this letter brief in connection with the Court's September 30, 2020 Order inviting comments regarding the

---

[1] Ms. Gray and Prof. Volokh have not been admitted *pro hac vice*, but have been informed by this Court that they may sign the letter alongside the counsel of record.

Court's August 21, 2020 search engine deindexing order ("August 21 Order").

The August 21 Order requires DuckDuckGo to deindex from its search results this Court's orders in *Allen v. Chanel, Inc.* and some related commentary.

DuckDuckGo (founded 2008) is a technology company that helps consumers protect their privacy online. It includes the fourth-largest search engine in the United States, which communicates search results for over twenty billion searches each year.

On September 26, 2020, DuckDuckGo received an email from Ms. Allen with the August 21 Order attached, and confirmed with the Court that the order had indeed been issued. DuckDuckGo asks that the order be vacated.

## INTRODUCTION

"Once the cat is out of the bag, the ball game is over." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004). *Gambale* so held in rejecting an attempt to seal a court order that erroneously revealed a previously confidential settlement. *Id.* at 144. Because the information had been made available on legal databases and "disseminated prominently elsewhere," the court held that it lacked the power "to make what has thus become public private again." *Id.*

Given that this is so even for federal courts retroactively sealing their own records, it is even more clear that a court cannot order *third parties* to hide widely accessible public records. "The genie is out of the bottle," and the courts "have not the means to put the genie back." *Id.*

Indeed, the August 21 Order violates:

Hon. Loretta A. Preska, U.S.D.J.
October 20, 2020
Page 3

1. Rule 65 of the Federal Rules of Civil Procedure, which prohibits courts from binding parties "who are acting independently of the enjoined party and whose own rights have not been adjudged." *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 195 (2d Cir. 2010).

2. The Due Process Clause, under which restraints on DuckDuckGo could not be imposed without "'notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

3. The First Amendment rights of DuckDuckGo, because entities are entitled to publish information disclosed by the government—even if the government wishes to retract the information. *Florida Star v. B.J.F.*, 491 U.S. 524, 538 (1999).

4. The First Amendment rights of the web sites to which DuckDuckGo would point its users, as well as the First Amendment rights of those users.

For these reasons, the August 21 Order should be reversed. (This letter brief does not address whether 47 U.S.C. § 230 and *Hassell v. Bird*, 5 Cal. 5th 522 (2016)—a case in which the court held a nonparty internet service provider could not be bound by an injunction ordering it to remove the defendant's defamatory third party content from its website—also preclude the order.)

**ARGUMENT**

I.   **The Deindexing Order Violates Rule 65 Because DuckDuckGo Has No Relationship With the Parties in This Case**

Under Rule 65, "no court can make a decree which will bind anyone but a party; . . . it cannot lawfully enjoin the world at large, no matter how broadly it words its decree." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (cleaned up). "The law is clear that a court may

Hon. Loretta A. Preska, U.S.D.J.
October 20, 2020
Page 4

not enforce an injunction against a nonparty 'who act[s] independently' of the enjoined party." *Blockowicz v. Williams*, 630 F.3d 563, 568 (7th Cir. 2010) (cleaned up).

Rule 65(d)(2) provides the only exception to this rule: courts may enjoin nonparties who are "in active concert or participation with the parties, their officers, agents, servants, employees or attorneys." *Eli Lilly*, 617 F.3d at 195 (cleaned up). This means that, "in order for a nonparty to be bound, that entity must either aid and abet the defendant or be legally identified with it." *Paramount Pictures Corp. v. Carol Pub. Group, Inc.*, 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998) (Scheindlin, J.). "A court's power to enjoin is limited to the conduct of a party; therefore, the scope of an injunction is defined by the relationship between the party enjoined and the nonparty in question." *ONE11 Imports Inc. v. NuOp LLC*, No. 16-CV-7197 (JPO), 2016 WL 7338422, at * 2 (S.D.N.Y. Dec. 19, 2016) (Oetken, J.); *see also Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 303 (2d Cir. 1999) (holding that an injunction "was not authorized by Rule 65(d)" because it barred "the nonparty appellants from prosecuting lawsuits that do not aid or abet the federal defendants in violating the injunctions entered against them"); *Blockowicz*, 630 F.3d at 569 (holding that Rule 65 prohibited an injunction requiring nonparty websites to remove defamatory content from their platforms because they were not aiding or abetting the defendants). Yet DuckDuckGo has no relationship with either Allen or Chanel, nor does it have any connection to the underlying litigation beyond providing a platform through which third party content—like court documents and commentary on them—can be accessed.

*Paramount Pictures* offers an apt analogy. In that case, the court issued an injunction enjoining the defendant publisher from distributing a copyrighted book. *Id.* at 373-74. The plaintiff then sought to clarify whether the injunction also bound retailers who were distributing the book—and had bought it from the defendant on a "returnable basis"—but were not parties to the litigation. *Id.*

Hon. Loretta A. Preska, U.S.D.J.
October 20, 2020
Page 5

The court held that, even though these nonparty retailers had previously contracted with the defendant, they were not "acting in concert" with the defendant simply by selling the book, and thus could not be bound by the injunction according to Rule 65. *Id.* at 376. In this case, DuckDuckGo has *never* engaged in any relationship with either Allen or Chanel, so it is even clearer here that it cannot be bound by the August 21 Order.

### II. The Deindexing Order Violates DuckDuckGo's Due Process Rights Because It Forces DuckDuckGo to Act Without Giving It an Opportunity to Be Heard

Nonparties to a lawsuit, who received "neither notice of, nor sufficient representation in" the proceedings, cannot be bound by the court's decision "as a matter of federal due process." *Richards v. Jefferson County*, 517 U.S. 793, 805 (1996). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (cleaned up). "The central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction." *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29, 37 (1st Cir. 1980). While Rule 65(d)(2) permits nonparties to be bound by an injunction if they aided or abetted the parties to the suit, even "before any person or entity is deemed to be 'in active concert or participation with'" a party, "notice and an opportunity for a hearing must be provided." *Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007).

And this principle is especially applicable to restrictions on speech. In *Carroll v. President & Com'rs of Princess Anne*, the Supreme Court held that even a "10-day restraining order . . ., issued

*ex parte*, without formal or informal notice to the petitioners or any effort to advise them of the proceeding, cannot be sustained." 393 U.S. 175, 181 (1968). It is even clearer here that a *permanent* injunction, issued without notice and the opportunity to be heard, is a violation of the First Amendment.

Indeed, in *Google v. Expunction Order*, the Texas Court of Appeals reversed an order that required Google, a nonparty to the suit, to expunge certain records from its search results. 441 S.W.3d 644, 645-646 (2014). The court explained that "Google was never named as a party to the suit, was never served with process, never waived or accepted process, and never made an appearance in the suit before the expunction order was entered." *Id.* at 647. Because of this, "the trial court lacked jurisdiction to enter orders against Google" and the order was deemed "void." *Id.* The same applies to DuckDuckGo here.

**III. The Deindexing Order Violates DuckDuckGo's First Amendment Rights**

Search engines, in crafting their results, are protected by "'the fundamental rule of protection under the First Amendment, that a speaker has the autonomy to choose the content of his own message.'" *Zhang v. Baidu.com, Inc.*, 10 F. Supp. 3d 433, 440 (S.D.N.Y. 2014) (Furman, J.) (quoting *Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*, 515 U.S. 557, 573 (1995), and applying it to search engine Baidu). "A search engine is akin to a publisher, whose judgments about what to publish and what not to publish are absolutely protected by the First Amendment." *e-ventures Worldwide, LLC v. Google, Inc.*, No. 2:14-cv-646-FtM-PAM-CM, 2017 WL 2210029, at * 4 (M.D. Fla. 2017); *see also Search King Inc. v. Google Technology, Inc.*, No. CIV-02-1457-M, 2003 WL 21144568, at *4 (W.D. Okla. 2003) (holding that search engine results

Hon. Loretta A. Preska, U.S.D.J.
October 20, 2020
Page 7

enjoy "full constitutional protection"); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 630 (D. Del. 2007) (holding that plaintiff's request for injunctive relief against Google, Yahoo, and Microsoft "contravene[d] [their] . . . First Amendment rights").

"Once the government has placed . . . information [about a person] in the public domain, reliance must rest upon the judgment of those who decide what to publish." *Florida Star*, 491 U.S. at 538 (cleaned up). In *Florida Star*, a newspaper was sued by a sexual assault victim for publishing her name after lawfully obtaining it from a publicly released police report. *Id.* at 526. The police violated a state non-disclosure statute by releasing the report with the victim's name. *Id.* at 526-27. The Supreme Court held that, despite this error on the part of the police, holding the newspaper liable for publishing the lawfully accessed information infringed the newspaper's First Amendment rights. *Id.* at 538.

Indeed, as the Supreme Court held in *Bartnicki v. Vopper*, even if a document on matters of public concern (and public court records would surely qualify) was originally *illegally* leaked, people who innocently obtained it are free to publish it. 532 U.S. 514, 535 (2001). That result is even clearer here. Like the newspaper in *Florida Star*, DuckDuckGo is being ordered to conceal information that was lawfully accessed from the public record. The First Amendment continues to protect DuckDuckGo's right to distribute the information it legally obtained before the sealing order.

IV. **The Deindexing Order Violates the First Amendment Rights of Publishers, Authors, and Readers**

The deindexing order also infringes the rights of the publishers and authors whose speech DuckDuckGo is being ordered to hide. In *Bantam Books, Inc. v. Sullivan*, the Supreme Court held

Hon. Loretta A. Preska, U.S.D.J.
October 20, 2020
Page 8

that pressuring booksellers to stop circulating certain books potentially violated the First Amendment rights of the book publishers. 372 U.S. 58, 64 (1963): The "direct and obviously intended result" of the policy imposed on the distributors "was to curtail the circulation . . . of books published by appellants." *Id.* at 64 n.6. "Liberty of circulating is as essential to [the freedom of speech] as liberty of publishing; indeed, without the circulation, the publication would be of little value." *Lovell v. City of Griffin*, 303 U.S. 444, 452 (1938). Likewise, attempts to restrict search engines from circulating CaseMine's and OhioEmployerLawBlog's material to users (to give just two examples) would violate those sites' First Amendment rights as well as DuckDuckGo's.

And "[a]n injunction against speech [also] harms not just the speakers but also the listeners (in this case the viewers and readers)." *McCarthy v. Fuller*, 810 F.3d 456, 462 (7th Cir. 2015). "[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw." *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978). The deindexing order thus violates DuckDuckGo users' rights as well.

Hon. Loretta A. Preska, U.S.D.J.
October 20, 2020
Page 9

## CONCLUSION

The August 21 Order violates DuckDuckGo's rights under Rule 65, the First Amendment, and the Due Process Clause. It should therefore be vacated.


Respectfully submitted,

/s Daniel L. Schmutter
Daniel L. Schmutter
Hartman & Winnicki, P.C.
74 Passaic Street
Ridgewood, NJ 07450
(201) 967-8040
dschmutter@hartmanwinnicki.com
(Counsel of Record)

Megan E. Gray
General Counsel & Vice-President, Policy
DuckDuckGo
20 Paoli Pike
Paoli, PA 19301
(267) 690-7758
megan@duckduckgo.com

Eugene Volokh
UCLA First Amendment Clinic
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

Counsel for Duck Duck Go, Inc.